IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : 3:18-CR-00097 |
| | : |
| v. | : (Judge Mariani) |
| | : |
| **ROSS ROGGIO** | : (Electronically Filed) |

<u>ORDER</u>

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case was designated as a complex case.

Counsel requests additional time to file pretrial motions due to part of the pretrial motions that the Defendant intends to file involve challenges to the legality of the searches of his residence and the taking of statements that he allegedly made to law enforcement. The proper filing of these motions requires the review of the search warrants executed and affidavits that were used to obtain the warrant.

Additionally, there are numerous FBI reports that the defense believes are critical in filing a motion to suppress *statements*. Some of these FBI reports were believed to have been generated by Agents not assigned to the instant investigation and prosecution, and were created as the result of allegations by the defendant that he was kidnapped while working in Iraq.

Discovery provided in this case has been exceedingly voluminous, and the Government continues to provide discovery in accord with its obligations under the

Federal Rules of Criminal Procedure. The Defense has made a specific requests for documents it needs in order to properly evaluate potential pre-trial motions. Government counsel has agreed to provide all discoverable materials, and is in the process of locating the same. The government will then evaluate the same, and disclose to the defense in accord with its obligations.

Additionally, the Government has offered a "discovery conference" involving Defense Counsel, the Defendant, case agents and Government counsel. While not yet scheduled, the parties anticipate that the same will occur sometime in March, noting the Government's Counsel is scheduled for both a trial and training in South Carolina during the month. Motions prior to this conference would be premature.

Failure to grant a continuance would likely result in a miscarriage of justice.

The ends of justice served by the granting of the extension outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, IT IS ORDERED THAT:

1. The deadline for filing pretrial motions is extended until 3/29/19.

2. The period of delay resulting from this continuance is excluded under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

BY THE COURT

_____ 3/14/19
**Robert D. Mariani**
**United States District Judge**