# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| --- | --- | --- |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

## ROGGIO'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENSE MOTION TO SUPPRESS EVIDENCE

### Procedural History

On May 4, 2021, the Government filed a brief entitled Government's Supplemental Response to Defense Motion to Suppress Evidence. This brief is filed in reply.

A suppression hearing is scheduled in this matter for May 27, 2021.

### Argument

**I. The decision in *Alasaad* underscores the Circuit Courts conflicting rules on the permissible bounds of Border Searches of Electronic Devices.**

Since the Supreme Court's 2014 decision in Riley v. California, 573 U.S. 403 (2014) which held that cell phone searches incident to an arrest require a warrant, the lower courts have struggled with how the border search exception

applies to search of electronic devices. The First, Fourth, Ninth, and Eleventh Circuits have each addressed this issue and none of them are in agreement.

A. The First Circuit

In the <u>Alasaad v. Mayorkas</u>, 988 F.3d 8 (1st Cir. 2021) decision[1], the First Circuit held that neither a warrant nor probable cause is required for the search of an electronic device at the border. Further, the <u>Alasaad</u> court also held that the warrantless search of electronic devices at the border need not be limited to searches for digital contraband, but can extend to evidence of any violation of the laws enforced or administered by Customs and Homeland Security, border-related crime, cross-border crime, or any other crime at international borders. Id at 21.

B. The Ninth Circuit

The Ninth Circuit permits "manual" searches of electronic devices without individualized suspicion but requires reasonable suspicion for "forensic" border search of such devices. A forensic search is a search that uses separate equipment to search the device. <u>United States v. Cano</u>, 934 F.3d 1002 (9th Cir. 2019), *petition for certiorari pending* (filed Jan. 29, 2021). The *Cano* decision also held that cell phone searches at the border, whether manual or forensic, must be limited in scope

---

[1] The Appellees in *Alasaad* have, on April 24, 2021, filed a Petiton for Writ of Certiorari. The petition is viewable at https://www.eff.org/document/petition-writ-certiorari-3. The arguments presented herein are largely based on those presented in the *Alasaad* Petition for Writ of Certiorari.

to a search for digital contraband, and that forensic searches require reasonable suspicion that the cell phone contains digital contraband. Id. at 1007.

C. The Fourth Circuit

The Fourth Circuit, in <u>United States v. Kolsuz</u>, 890 F.3d 133 (4th Cir. 2018), held that an individualized suspicion is required for the forensic search of electronic devices at the border. Relative to the permissible scope of a warrantless border search of an electronic device, the court in <u>Kolsuz</u> determined that there must be a direct link between the predicate for the search and the rational for the border exception. Id. at 143.

D. The Eleventh Circuit

In <u>United States v. Touset</u>, 890 F.3d 1227, 1229 (11th Cir. 2018), the Eleventh Circuit has held that no suspicion is necessary to manually or forensically search electronic devices at the border. Further, the court in *Touset* did not impose any limit on the permissible scope of a border search of electronic devices.

As the above summary illustrates, the courts of appeals are divided along the two principles axis regarding border searches of electronic devices, first, whether and what level of individualized suspicion is required to justify the search and, second, what is the permissible scope of the warrantless border search.

## II. The decision in *Alasaad* underestimates the significance of the Supreme Court's decision in *Riley*.

Although *Riley* dealt with the search incident to arrest exception to the warrant exception and not border searches, it is the Supreme Court's *analysis* of cell phone searches incident to arrest that is particularly instructive and carries persuasive weight in the border search context.

In *Riley*, the Supreme Court considered the nature of the cell phone and the individual's privacy interest in the data stored therein *against* the governmental interest in officer protection and preservation of evidence and how that governmental interest is furthered by the warrant exception. The lack of a significant nexus between permitting a warrantless search of the cell phone and officer safety while effectuating an arrest compelled the requirement of a warrant.

As noted in *Riley*, the privacy interests in cell phones and other electronic devices are substantial. The information routinely stored on electronic devices differs qualitatively and quantitatively from that found in luggage and other items typically carried across the border by travelers. *See Riley*, 573 U.S. at 393-94. The data on these devices reveal a detailed account of an individuals thoughts, associations, and interests, whether political, religious, sexual, or romantic. They contain data pertaining to one's financial status, health condition, and family, professional, and other relationships. In short, the contents of these electronic

devices can reveal the sum of an individual's private life.  *See Riley*, 573 U.S. at 386, 395-96.

The Governmental interest behind the border search exception has always been tied to regulating the collection of duties and interdicting contraband and individuals not entitled to enter the United States.  United States v. Montoya de Hernandez, 473 U.S. 531, 537 (1985).

On balance, traveler's have an extraordinary privacy interest in their electronic devices while the nexus between the warrantless searches of those devices and the governmental interest in collecting duties, interdicting contraband and preventing the entry of inadmissible individuals is attenuated.  In sum, the warrantless searches of electronic devices at the border are not sufficiently tethered to the purpose justifying the border search exception, to wit, preventing the entry of inadmissible goods and persons.  Much like the search incident to arrest exception, the border search exception may strike the appropriate balance in the context of physical objects such as luggage, packages, and vehicles, but its underlying rational lacks much force with respect to digital content on cell phone or other electronic devices.  See, *Riley*, 573 U.S. at 386.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully requests that this Honorable Court issue an Order Suppressing the Evidence.

Respectfully submitted,

Date: May 11, 2021

s/Gino Bartolai
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Reply to Government's Supplemental Response to Defendant's Motion to Suppress Evidence,** to the following

> Todd. K. Hinkley, Esquire
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

> Ross Roggio

Date: May 11, 2021							s/Gino Bartolai
												**Gino Bartolai, Esquire**