IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

## MOTION TO CONTINUE SUPPRESSION HEARING

AND NOW comes the Defendant, Ross Roggio, by his attorney, Gino Bartolai, Esquire, and files the following Motion to Continue the Suppression Hearing, and in support thereof avers the following:

1. On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

2. On March 23, 2018, Roggio appeared before Magistrate Judge Karoline Mehalchick for an initial appearance and arraignment and entered a plea of not guilty to the charges.

3. On January 22, 2021, this Honorable Court issued an Order continuing the suppression hearing until May 27, 2021.

4. On February 9, 2021, the United States Court of Appeals for the First Circuit issued an opinion in Alasaad v. Mayorkas, 98 F.3d 8 (First Circuit 2021) which determined that neither a warrant nor probable cause is required for an electronic device search at the border. Further, the court found that warrantless border device searches need not be limited in scope to searches for digital contraband, but can search for any violation of the laws enforced or administered by Customs Border Protection and/or Homeland Security Investigations.

5. On May 4, 2021, the Government filed a brief entitled Government's Supplemental Response to Defense Motion to Suppress Evidence, Doc 96, wherein the Government urges this Honorable Court to deny Roggio's suppression motion on the basis of the First Circuit Court of Appeals ruling in *Alasaad*.

6. On May 11, 2021, Roggio filed a response to the Government's brief entitled Roggio's Reply to Government's Supplemental Response to Defense Motion to Suppress Evidence, Doc 97, wherein Roggio brings to the Court's attention the fact that a Petition for Writ of Certiorari has been filed in the *Alasaad*

case.[1] Roggio, in his response highlights some of the arguments being made to the Supreme Court, to wit, a four way Split among the Courts of Appeals, and the importance of the federal question presented, specifically;

> Does the Fourth Amendment require that searches of electronic devices at the U.S. border be conducted pursuant to a warrant based on probable cause, or at least pursuant to an officer's determination of reasonable suspicion that the device contains digital contraband?

7. As set forth in the *Alasaad* Petition for Writ of Certiorari, the resolution of this question is of great importance to millions of travelers whose privacy rights are at stake every time they cross the border, as well as for the border officers who conduct the searches. Today, four different constitutional legal standards govern federal border officials in four different circuits. Device searches at the border are on the rise and advancing technology increasing enables individuals to store more personal information on their electronic devices, while empowering government agents to conduct increasingly more intrusive searches of those devices. See, Petition for Writ of Certiorari, page. 17.

8. In light of pendency of this important constitutional question and the division among the courts of appeals with respect to both the standard of suspicion required for electronic devices searches and the permissible scope of those

---

[1] Petition for Certiorari docketed on April 28, 2021, at number 20-1505; Zainab Merchant, Et. Al. V Alejandro N. Mayorkas, Secretary of Homeland Security, Et. Al.

searches, Roggio requests that the Suppression Hearing be continued until the *Alasaad* Petition for Writ of Certiorari is resolved.

    9. Assistant United States Attorney Todd K. Hinkley has been contacted about the substance of this motion and stated that he does not concur in it.

    10. The delay occasioned by this motion is excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(8)(A).

    WHEREFORE, the Defendant, Ross Roggio, respectfully requests that this Honorable Court issue an Order continuing the Suppression Hearing for a period of at least 90 days.

Respectfully submitted,

Date: May 20, 2021

s/Gino Bartolai
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

## **CERTIFICATE OF NON-CONCURRENCE**

I, Gino Bartolai, Esquire, certify that on this date I contacted Todd K. Hinkley, Assistant United States Attorney, who advised that he does not concur in the within **Motion to Continue Suppression Hearing.**

Date: May 20, 2021                                   s/Gino Bartolai
                                                              **Gino Bartolai, Esquire**

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Motion to Continue Suppression Hearing,** to the following

>Todd. K. Hinkley, Esquire
>
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

>Ross Roggio

Date: May 20, 2021                               s/Gino Bartolai
                                                       **Gino Bartolai, Esquire**