THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : 3:CR-18-0097 |
| | : (JUDGE MARIANI) |
| ROSS ROGGIO, | : |
| Defendant | : |

## MEMORANDUM OPINION

Defendant Ross Roggio's Motion for Early Disclosure of Jencks Act Material (Doc. 48) is pending before the Court. With the motion, Roggio requests that all Jencks Act material be disclosed to him two weeks before jury selection. (*Id.* ¶ 6.) In his supporting brief, Roggio requests that the material be turned over forty-five days before jury selection. (Doc. 49 at 8.)

Roggio does not contest the Government's detailed statement of the relevant legal framework:[1]

> Disclosure of grand jury material is covered by the Jencks Act, 18 U.S.C. § 3500. The Act states, in pertinent part:
>
> > (a) In any criminal prosecution brought by the United States, no statement or report in the Government witness (other than the defendant) shall be the subject of a subpoena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case.

---

[1] Defendant did not file a reply brief.

> (b) After a witness called by the United States has testified on direct examination, the court motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.
> . . .
>
> . . . .
>
> (e) The term "statement," as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—
>
> . . . .
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

    Federal Rule of Criminal Procedure 26.2 incorporates the Jencks Act into the federal discovery rules, and likewise limits discovery until after the witness has testified on direct examination. See Fed. R. Crim. P. 26.2. Likewise, Rules 16(a)(2) & (3) specifically exclude statements made by prospective government witnesses, including grand jury testimony, from pretrial discovery except as provided under the Jencks Act. See Fed. R. Crim. P. 16. Thus, as this Court has stated, "with respect to prior statements of witnesses that the Government intends to call at the time of trial, both the Jencks Act and the Federal Rules of Criminal Procedure make clear that the Government does not need to turn over the information requested by Defendant in this case until the witness whose statement is at issue has testified on direct examination at trial." *United States v. Delacruz*, No. 3:17-CR-00201, 2019 U.S. Dist. LEXIS 67018, at *32 (M.D. Pa. Apr. 19, 2019) (Mariani, J.). See *United States v. Merlino*, 349 F.3d 144, 155 (3d Cir. 2003) ("[Jencks] disclosures must be made after each witness testifies on direct examination") (emphasis added); *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978) ("[T]he Jencks Act flatly states that disclosure of prior statements by government witnesses may not be compelled until said witness has testified on direct examination in the trial of the case.") (emphasis in original; internal quotation omitted).

(Doc. 55 at 6-8.)

The Government asserts that, in this case, "[c]onsistent with the practice of the U.S. Attorney's Office for the Middle District of Pennsylvania, all Jencks material will likely be turned over to the defendants in the week prior to the commencement of trial." (*Id.* at 8.)

Here, Roggio seeks to invoke an exception to the Jencks Act's pretrial prohibitions, asserting that "the Jencks Act does not limit a court's authority to order witnesses under the particularized need test." (Doc. 49 at 5 (citing Fed. R. Crim. P. 6(e)(3)(E)(i)).) Roggio states that

> [i]n the instant matter, the particularized need is tied to the complexity of the case and the severity of the possible punishment. Mr. Roggio requires an opportunity prior to the Friday before the empaneling of the jury to analyze the information that will be submitted through testimony at trial. This matter will involve witnesses from literally all over the world and it will be impossible to investigate and summon potential witnesses half the world away at the eleventh hour. Disclosure of grand jury transcripts and witness statements well in advance of trial is absolutely necessary for Mr. Roggio to have a fair opportunity to prepare an adequate defense.

(Doc. 49 at 5-6.)

As stated by the Government, a party seeking disclosure of grand jury material under Federal Rules of Criminal Procedure 6(e) must demonstrate a "particularized need" that overrides the secrecy afforded to the grand jury process. (Doc. 55 at 8 (*United States v. Salerno*, 2011 U.S. Dist. LEXIS 141655 at *29-30 (M.D. Pa. Dec. 9, 2011) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)).) The Government adds that

> [t]he Supreme Court's view on grand jury secrecy is clear:
>
>> [It is a] long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts. . . . This

3

> 'indispensable secrecy of grand jury proceedings' . . . must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity.
>
> *Proctor & Gamble Co.*, 356 U.S. at 681-82 (internal citations omitted)). A "vague allegation" of wrongdoing does not constitute a particularized need. *United States v. Minerd*, 299 Fed. App'x 110, 111-12 (3d Cir. 2008). *See also United States v. Donahue*, 2012 U.S. Dist. LEXIS 96613, *7 (M.D. Pa. Jul. 12, 2012) ("[A] conclusory allegation alone . . . does not demonstrate a particularized need for disclosure.") With respect to grand jury transcripts, while impeachment purposes may satisfy the particularized need requirement, the court cannot make that determination until trial, so early disclosure is unwarranted. *See In re Grand Jury Matter*, 682 F.2d 61, 66 (3d Cir. 1982).
>
> "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *Proctor & Gamble Co.*, 356 U.S. at 682. In order to obtain grand jury material under Federal Rule of Criminal Procedure 6(e), a party "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need to disclose is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Ca. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

(Doc. 55 at 9-10.)

Applying these principles to the case at bar, the Government asserts that Roggio has failed to show a particularized need for advanced disclosure of Jencks materials. (*See* Doc. 55 at 10-13.) Specifically, the Government asserts that the crimes are not rare when considered from a circuit perspective (*id.* at 11 (citing *United States v. Amirnazmi*, 645 F.3d 564 (3d Cir. 2011)); the legal theory is not particularly complex (*id.*); and "nearly every potential witnesses' knowledge of, or activity related to, the crimes charged has been disclosed during discovery" (*id.* at 12).

4

As noted previously, *see supra* p.1 n.1, Roggio did not file a reply brief, and, therefore, he has not refuted the Government's arguments against early disclosure which undermine the bases upon which Roggio's assertion of particularity rests. Nor has Roggio contested the legal authority upon which the Government's position is based. Therefore, the Court cannot conclude that Roggio has shown a particularized need for early disclosure of Jencks material.

Further, the Court finds Roggio's additional arguments to be without merit. First, Roggio does not show the relevance of an adverse party's entitlement to information at a proceeding pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, "to determine whether the court should detain the defendant prior to trial." (*See* Doc. 49 at 5.) Roggio is not detained and no proceeding pursuant to the Bail Reform Act is at issue at this time.

Second, with his assertion regarding production of witness statements pursuant to Federal Rule of Evidence 807, Roggio provides no indication that the Government will not comply with Rule 807(b)'s notice requirements and the Court assumes compliance with all relevant rules. (*See* Doc. 49 at 6.) Should this not be the case, Roggio may file a motion asserting the specific grounds for alleged noncompliance.

Finally, Roggio's conclusory assertion that the Court has inherent supervisory authority to order early disclosure of Jencks material (Doc. 49 at 6-7 (citations omitted)) does not demonstrate the propriety of early disclosure in this case.

## CONCLUSION

For the foregoing reasons, Defendant Ross Roggio's Motion for Early Disclosure of Jencks Act Material (Doc. 48) will be denied. A separate Order is filed with this Memorandum Opinion.

_____
Robert D. Mariani
United States District Judge