IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18-CR-97 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | |
| Defendant | : | (electronically filed) |

# BRIEF IN SUPPORT OF
# MOTION FOR REVOCATION OF DETENTION ORDER

## Procedural History

On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

On March 23, 2018, Roggio appeared before Magistrate Judge Karoline Mehalchick for an initial appearance and arraignment and entered a plea of not

guilty to the charges. At that time Roggio was detained pending an inspection of the home location and consideration of the viability of electronic monitoring by pretrial services. (Doc. 10)

On April 2, 2018, Magistrate Judge Karoline Mehalchick issued an Order Setting Conditions of Release. (Doc. 13) On April 3, 2018, Roggio was released subject to Home Detention and Location Monitoring. On May 25, 2018, This Honorable Court granted Roggio's unopposed Motion to Modify the Conditions of Release and eliminated the conditions of Home Detention and Location Monitoring. (Doc. 26).

On February 15, 2022, Roggio was charged in a Superseding Indictment with two additional charges; Conspiracy to Commit Torture in violation of Title 18, U.S.C. Sections 2340 and 2340A ( c), and Torture in violation of Title 18, U.S.C. Sections 2340, 2340(A)(a) and 2.

On February 17, 2022, Roggio was arraigned before Magistrate Judge Joseph F. Saporito on the Superseding Indictment and entered a plea of not guilty. Trial is scheduled in the matter for June 27, 2022.

On February 17, 2022, a detention hearing was held before Magistrate Judge Joseph F. Saporito at the conclusion of which Roggio was ordered detained. (Doc. 134).

On February 27, 2022, Roggio filed a Motion for Revocation of the

Detention Order.  This brief is submitted in support of that motion.

## Statement of the Case

Roggio is 53 year old United States Citizen.

Roggio is a veteran, having served in the United States Army and received a General Discharge under Honorable Conditions.

Roggio is a High School Graduate and has attended several colleges and universities.

Roggio has no prior criminal record.

Roggio has two minor children who live with their mother. Roggio maintains regular contact with these children.

Roggio lives with, and cares for, his elderly parents at the family residence in Stroudsburg, Pennsylvania.  Roggio's mother, Soon Roggio, is willing to act as a Third-Party Custodian for her son.

Roggio has strong ties to the Middle District of Pennsylvania, having lived here for the past 12 years.  Attached to Roggio's Motion to Revoke the Detention Order as Exhibits 1-4 are letters from members of the community which attest to Roggio's character.

Roggio has previously surrendered his passport to Pretrial Services.

Roggio has been released on pretrial services for the past 46 months and has always abided by the conditions of his release and appeared for Court as directed. Indeed, on February 17, 2022, Roggio was arrested on the sealed Superseding Indictment when he appeared, in person, as directed, to the United States Probation Office in Scranton.

The charges contained in the Superseding Indictment, while serious, allegedly occurred prior to Roggio being released on conditions on the first Indictment which also contained serious charges. According to a press release issued by the Department of Justice, Roggio faced 705 years imprisonment if convicted on the first Indictment.

Roggio is presumed innocent. He has no history of violence or failure to appear for Court. Roggio is amenable to the imposition of any conditions of release that this Honorable Court or Pretrial Services deems appropriate, including house arrest with location monitoring.

**Question Presented**

Whether there are any conditions, or combination of conditions, that will reasonably assure the appearance of Roggio as required and the safety of the community?

**Argument**

1. **Roggio should be released pending trial subject to conditions that will reasonably assure his appearance and the safety of the community.**

The Bail Reform Act of 1984 governs the issue of pretrial release in federal court proceedings. United States v. Epstein, 155 F. Supp.2d 323 (E. D. Pa. 2001).

The law requires a hearing on the issue of pretrial detention. United States v. Suppa, 799 F.2d 115 (3rd Cir. 1986). At this hearing, the rules of evidence do not apply to the same extent as at a criminal trial.[1] The Defendant does, however, have the right to counsel, the right to testify, to present witnesses, to cross-examine witnesses, and to present information by proffer or otherwise. 18 U.S.C. §3142(f), United States v. Perry, 788 f.2d 100 (3rd. Cir. 1986).

Pursuant to the Bail Reform Act, a defendant is either to be (1) released on personal recognizance or upon execution of an unsecured bond; (2) released upon a condition or combination of conditions; (3) temporarily detained to allow revocation of conditional release, deportation or exclusion; or (4) detained. 18 U. S. C. § 3142(a). United States v. Epstein, 155 F. Supp at 325 (E.D. Pa

---

[1] "Pretrial detention implicates a liberty interest and thus may not be imposed contrary to the mandates of procedural due process." United States v. Delker, 757 F.2d 1390 (3rd. Cir. 1985).

2001). Where the court finds that release on personal recognizance or unsecured bond provides the necessary assurances release is required. 18 U.S.C. § 3142(b). Where the court finds that such a release will not provide the necessary assurances of appearance and safety the court must impose the "least restrictive" conditions necessary to assure appearance and safety. 18 U.S.C. § 3142© In narrowly-drawn sections, the act authorizes the court to consider whether in certain specified cases no conditions of release will assure the appearance of the defendant or the safety of the community and whether the defendant must then be detained pending trial.[2] 18 U.S.C. § 3142(d) and (e). United States v. Himler, 797 F.2d 156 (3rd. Cir. 1986).

Individuals charged with non-violent and non-drug related charges may only be detained if, after a hearing, "the judicial officer finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community..." 18 U.S.C. §3142(e). In these types of cases, the burden of production and persuasion rests squarely on the government. The government must demonstrate that no condition or combination of conditions will reasonably assure the appearance of the person as required by a preponderance of the evidence. United States v. Himler, 797 F.2d

---

[2] Pursuant to Title 18, U.S.C. § 3145(b), an order of detention issued by a United States Magistrate Judge is reviewable by the United States District Court upon motion of the defendant.

156 (3rd. Cir. 1986).³  The government must demonstrate that no condition or combination of conditions will reasonably assure the safety of any other person or the community by clear and convincing evidence.  18 U. S. C. § 3142(f).

Pursuant to Title 18, U.S.C. Section 3142(e)(3)( C), under certain circumstances the government may utilize an evidentiary presumption, to wit;

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed...an offense listed in section 2332b(g)(5)(B)for which the maximum term of imprisonment of ten years or more is prescribed.

18 U. S. C. §3142(e)(3)©

Pursuant to Section 3142(e), a probable cause finding in a case alleging torture⁴ creates a rebuttable presumption against release and shifts the burden of production onto the defendant to produce a necessary quantum of evidence tending to show that he will appear and\or not pose a threat to the community. United States v. Carbone, 793 F.2d 559, 560 (3rd. Cir. 1986).  If the defendant

---

³ But see United States v. Giampa, 755 F. Supp. 665, 668 n.3(W.D.Pa.1990)(government must prove risk of flight or dangerousness by clear and convincing evidence), *aff'd*, 947 F.2d 938 (3rd. Cir. 1991), *cert. denied*, 112 S. Ct. 1238 (1992).

⁴ Torture, 18 U.S.C. Section 2340A, is an offense listed in Title 18, U.S.C. Section 2332b(g)(5)(B).

meets this burden of production, the burden then shifts back to the government to prove a risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. United States v. Lopez, 827 F.Supp. 1107 (D.N.J. 1993), *aff'd* 124 F.3d 189 (3rd. Cir 1997)  In all cases, despite the presumption, the ultimate burden of persuasion on nonappearance and dangerousness remains with the government. United States v. Suppa, 799 F.2d 115 (3rd. Cir. 1986).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court shall take into account the following factors:

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, terrorism, or involves a narcotic drug;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including-
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)

The Third Circuit Court of Appeals and District Courts have applied the factors set forth in 18 U.S.C. § 3142(g) in determining whether the defendant has rebutted the presumption of non-appearance and dangerousness. In <u>United States v Carbone</u>, 793 F.2d 559 (3rd. Cir. 1986), the defendant was charged with a drug offense to which the presumption applied. The Third Circuit Court of Appeals found that the defendant had put forth sufficient evidence relating to character, family ties, employment, and length of residence in the community to rebut the presumption that he posed a danger to the community. In <u>United States v. Lopez</u>, 827 F.Supp. 1107 (D.N.J. 1993), the District Court for the District of New Jersey relied upon the defendant's family and community connections, along with a strict home detention plan, to rule that the presumption had been rebutted in favor of the defendant's release. In <u>United States v. Giampa</u>, 755 F. Supp. 665 (W.D.Pa 1990), the District Court for the Western District of Pennsylvania found that the defendant had rebutted the presumption of detention by offering evidence going towards his lack of criminal history, strong family ties and work history, and length of residence in the district.

Turning now to the instant case, Roggio respectfully submits that he should be afforded pretrial released on conditions.

Initially, Roggio acknowledges the applicability of the presumption under 18 U.S.C. §3142(e).  See, United States v. Suppa, 799 F.2d 115 (3rd. Cir. 1986). Roggio maintains however that he can rebut the presumption against release by relying on the factors enumerated in Title 18 U.S.C. § 3142(g).

Roggio is 53 year old United States Citizen.

Roggio is a veteran, having served in the United States Army and received a General Discharge under Honorable Conditions.

Roggio is a High School Graduate and has attended several colleges and universities.

Roggio has no prior criminal record.

Roggio has two minor children who live with their mother. Roggio maintains regular contact with these children.

Roggio lives with, and cares for, his elderly parents at the family residence in Stroudsburg, Pennsylvania.  Roggio's mother, Soon Roggio, is willing to act as a Third-Party Custodian for her son.

Roggio has strong ties to the Middle District of Pennsylvania, having lived here for the past 12 years.  Attached to Roggio's Motion to Revoke the Detention Order as Exhibits 1-4 are letters from members of the community which

attest to Roggio's character.

Roggio has previously surrendered his passport to Pretrial Services.

Roggio has been released on pretrial services for the past 46 months and has always abided by the conditions of his release and appeared for Court as directed. Indeed, on February 17, 2022, Roggio was arrested on the sealed Superseding Indictment when he appeared, in person, as directed, to the United States Probation Office in Scranton.

The charges contained in the Superseding Indictment, while serious, allegedly occurred prior to Roggio being released on conditions on the first Indictment which also contained serious charges. According to a press release issued by the Department of Justice, Roggio faced 705 years imprisonment if convicted on the first Indictment.

Roggio is presumed innocent. He has no history of violence or failure to appear for Court. Roggio is amenable to the imposition of any conditions of release that this Honorable Court or Pretrial Services deems appropriate, including house arrest with location monitoring.

Accordingly, Roggio submits that he has rebutted the presumption against release and should be released subject to the above-mentioned conditions and any other conditions that this Honorable Court deems necessary.

## Conclusion

Based upon the foregoing argument, the Defendant respectfully submits that this Honorable Court should schedule a detention hearing to consider his release pending trial subject to whatever conditions the Court deems appropriate.

                                                Respectfully submitted,

Date: February 27, 2022        s/Gino Bartolai
                                                  **Gino Bartolai, Esquire**
                                                  **Attorney ID# PA 56642**

                                                  238 William Street
                                                  Pittston, Pennsylvania 18640
                                                  (570) 654-3572
                                                  E-mail: Bartolai@ptd.net
                                                  Attorney for Ross Roggio

# **CERTIFICATE OF SERVICE**

      I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Brief in Support of Motion for Revocation of Detention Order,** to the following

      Todd K. Hinkley, Esquire

      Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

      Ross Roggio


Date: February 27, 2022            s/Gino Bartolai
                                                 **Gino Bartolai, Esquire**