IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18-CR-97 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | |
| Defendant | : | (electronically filed) |

## ROGGIO'S REPLY TO THE GOVERNMENT'S BRIEF OPPOSING HIS MOTION TO REVOKE THE DETENTION ORDER

On February 27, 2022, Roggio filed a Motion to Revoke the Detention Order with supporting brief. (Docs 135, 136)  On March 2, 2022, the Government filed Government's Brief in Opposition to Appeal of Magistrate Judge's Release Order. (Doc 137).  This brief is a reply to the Government's filing.

### Argument

In the opening paragraph of the Government's brief the Government suggests that the Magistrate Judge's Detention Order should be affirmed. (Doc. 137, page 1).

Roggio submits that this Honorable Court should conduct an evidentiary hearing and make an independent de novo determination of his eligibility for release.  *See,* United States v. Delker, 757 F.2d 1390 (3rd Cir. 1985), United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990)

Roggio, a U.S. Citizen and Veteran, has no prior criminal history.  He was arrested without incident on the first Indictment on March 23, 2018.  He had been released on pretrial service supervision for in excess of 46 months when he was directed to report to his probation officer in Scranton on February 17, 2022.  When he did report in person he was arrested on a sealed Second Superseding Indictment .  Roggio had an Initial Appearance on February 17, 2022, where he pled not guilty to the charges and, after a detention hearing he was ordered detained.

The Government, in its brief, cites the Pretrial Services Report as supportive of the position to detain Roggio.  It should be noted that Roggio was not interviewed by Pretrial Services after his arrest on February 17, 2022.  The report states that Roggio was interviewed on March 23, 2018.  The report also mistakenly states that Roggio reported that he has never traveled outside of the United States.  Roggio's never denied the fact that he has traveled to Iraq.  In fact, the Pretrial Service Report indicates that he told the pretrial services officer that, while in Iraq, he was taken hostage, detained, and tortured himself in 2016 for approximately four months.

The government claims that the "assessments of nonappearance/danger" set forth in the Pretrial Services Report notes the following: (1) the nature of the offense charged; (2) the defendant's mental health history; (3) the defendant's substance abuse history; (4) the defendant's ties to a foreign country; (5) safety concerns for the community or a specific individual; (6) the defendant's violent behavior history; (7) the charge involving violence; and (8) the defendant's history of weapons use.

Roggio submits that, with the exception of his being charged with a violent crime, the "assessment of nonappearance/danger" factors favor his being released.

Regarding mental health history, Roggio has been on pretrial service supervision for in excess of 46 months. The only instance of any mental health issue set forth in the Pretrial Services Report is when, back in 2018, he advised the pretrial services officer that he sought therapy for an issue that he had after being kidnaped and tortured in Iraq, and fortunately he has not been experiencing any active symptoms resulting therefrom.

Regarding substance abuse, the Pretrial Services Report indicates that Roggio, back in 2018, was candid with the pretrial services officer and advised that he had, in the past, occasionally used marijuana. Again, Roggio has been subject to pretrial services supervision for the past 46 months.

Regarding ties to a foreign country, sure Roggio has a girlfriend who is a

Greek citizen. Other than that he has no ties to Greece or anywhere else other than his home in the Middle District of Pennsylvania and his two children in the Carolinas. Our Country is a nation of immigrants, its citizens having family and friends worldwide. Imagine detaining U.S. Citizens because they have family in the Old Country. Roggio submits that too much emphasis was placed upon the fact that his girlfriend is from Greece.

As for the safety of the community or a specific individual, Roggio has been on pretrial services supervision for in excess of 46 months and the community has never been at risk or endangered. He has lived a clean and heathy life, taken care of his elderly parents, maintained contact with his minor children, and reported to his probation officer as directed. He hasn't threatened anyone.

Turning now to his violent behavior history and history of weapons use assessment, Roggio simply has no history of violence or weapons use. He has no criminal record. Any firearms that he had prior to his arrest he possessed and used lawfully. All firearms in his possession were seized when he was arrested in March 2018. There is simply no basis, ***other than the charge***, to even suggest that Roggio has a history of violence or weapons use.

Indeed, the only two assessment factors mentioned by the Pretrial Services Officer were, 1) the nature of the offense, and 2) Defendant's girlfriend who lives in Greece. Roggio submits that for the reasons mentioned these factors do no

justify his continued detention.

Turning now to the Government's treatment of the Detention Order, the Government acknowledges that the Order contains incorrect findings of facts and law relative to the application of the presumptions under 18, U.S.C. Section 3142(e).  As first pointed out in Roggio's brief this is a case where, due to the nature of the charges, the presumptions apply.  (Doc. 136, page 7).  Roggio submits that he has proffered sufficient evidence, at the detention hearing, and through his subsequent filings to rebut the presumption.

At the detention hearing, the Magistrate Judge did not find that Roggio was a risk of flight.  Instead, the Magistrate Judge's conclusion was that no condition or combination of conditions of release will reasonable assure the safety of any other person and the community.  The Magistrate Judge's conclusions were based upon his findings that:

> The charges in the Superseding Indictment, conspiracy to commit torture and torture, are crimes of violence which, if proven, are extremely troubling to the Court. The weight of the evidence against defendant is very strong, and it includes recorded statements made by the defendant at the time of the alleged torture.

(Doc. 134, page 2)

Roggio submits that the Magistrate Judge's decision relied excessively upon the violent nature of the charge.

Roggio will make no effort to minimize the serious nature of the charge. Obviously, the offense of torture revolts the senses of dignity and humanity, but as it stands presently Roggio is presumed to be innocent no matter how serious, or troubling the charge.  Nothing has been proven at this point.  Roggio submits that the Magistrate Judge consideration of the charges, "if proven", raises the allegations to the level of convictions and thereby discounts  Roggio's presumption of innocence.  As for Roggio's exposure to a lengthy sentence, his first indictment carried a maximum sentence of 705 years.  The sentencing guidelines have yet to be determined and in any event are advisory.  None of the charges against Roggio carry a mandatory minimum sentence.

Roggio submits that the Magistrate Court did not properly consider the weight of the evidence.  Roggio submits, and the trial will prove, that this case is not as one sided as the Government suggests.  For instance, the issue of kidnaping and torture has been raised before in this case, and not by the Government, but by Roggio himself.

When Roggio was referred for a secondary inspection at JFK International Airport on February 26, 2017, he told the Customs Protection Officer that he himself had been kidnaped and extorted while he was in Iraq.  (Attached hereto as Exhibit 5 is a redacted copy of the U. S. Customs and Border Protection Secondary Inspection Report).  According to the Pretrial Services Report, when

arrested on the first Indictment on March 23, 2018, Roggio told the pretrial services officer that while in Iraq, he was taken hostage, detained, and tortured for approximately four months.  In fact, several of the potential government witnesses themselves, the Talibani Brothers, have themselves been accused with kidnaping and extortion.  (Attached hereto as Exhibit 6 is a copy of the Ekurd Daily published on August 3, 2021).

   Also, the detention order mis-characterizes the Government's proffered evidence when it states that "it includes recorded statements made by the defendant at the time of the alleged torture."  Roggio submits that the recorded statement was not "made by the defendant" but was surreptitiously made by another individual without Roggio's consent and in violation of his right to privacy.  As such, Roggio submits that the statement should not be admissible at trial.  Roggio also submits the statement was not made "at the time" of the alleged torture but at a later point of time.

   Lastly, the Government expresses its concern that Roggio's finances are suspect.  (Doc 137. Page 14).  Here the Government claims that large sums of money were paid directly into Roggio's bank accounts but acknowledges that it has seized these accounts along with Roggio's sports cars, watches, and firearms.  Roggio submits that the Government has seized all of Roggio's assets and had obtained all his financial records regarding these bank accounts.  The money has

been accounted for. The Government has the records. Instead, the Government posits the question as to how Roggio can get by with just his handyman business, "Renovatr". The truth is that Roggio just gets by living with, and taking care, or his elderly parents. Roggio is represented by Counsel pursuant to the Criminal Justice Act. Roggio has been on pretrial service supervision for in excess of 46 months and has never been directed to obtain employment.

## CONCLUSION

Based upon the foregoing argument, the Defendant, Ross Roggio, respectfully submits that this Honorable Court schedule a Detention Hearing to consider his release pending trial subject to whatever conditions the Court deems appropriate.

Respectfully submitted,

Date: March 3, 2022

s/Gino Bartolai, Esquire
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

## CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Roggio's Brief in Reply to Government's opposition to Revocation of the Detention Order,** to the following

   Todd K. Hinkley, Esquire
   Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

   Ross Roggio


Date: March 3, 2022          s/Gino Bartolai
                   **Gino Bartolai, Esquire**