UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | :    3:CR-18-0097) |
| | :    **(JUDGE MARIANI)** |
| **ROSS ROGGIO,** | : |
| | : |
| Defendant. | : |

## ORDER

The background of this Order is as follows:

Defendant's Motion for Revocation of the Detention Order (Doc. 135) is pending before the Court. Defendant alternatively seeks release from detention (Doc. 135 at 5) or that a hearing be held to consider his release (Doc. 136 at 12; Doc. 138 at 8). Defendant is detained pursuant to the Order of Detention Pending Trial (Doc. 134) issued by Magistrate Judge Joseph F. Saporito on February 17, 2022. On that date, a detention hearing was held following Defendant's entry of a plea of not guilty on charges contained in the Superseding Indictment (Doc. 122) issued on February 15, 2022. The Superseding Indictment added two charges to the March 20, 2018, Indictment (Doc. 1): Conspiracy to Commit Torture in violation of 18 U.S.C. §§ 2340 and 2340A(c) and Torture in violation of 18 U.S.C. §§ 2340 and 2340A(a). (Doc. 122 at 1-10.)

At the conclusion of the the February 17, 2022, hearing, Magistrate Judge Saporito

ordered that Defendant be detained. (Hr'g Tr. 38:6-8 (Doc. 143 at 38).) The Order of Detention indicates that,

> after consideration of the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the court concludes that defendant must be detained pending trial because the government has proven [b]y clear and convincing evidence that no condition of release will reasonably assure the safety of any other person and the community. . . . In addition to any findings made on the record at the hearing, the reasons for detention include the following: Weight of evidence against Defendant is strong[;] and Subject to lengthy period of incarceration.

(Doc. 134 at 2-3.) By way of further explanation, Magistrate Judge Saporito stated that

> [t]he charges in the Superseding Indictment, conspiracy to commit torture and torture, are crimes of violence which, if proven, are extremely troubling to the Court. The weight of the evidence against defendant with respect to the newly charged offenses is very strong, and it includes recorded statements made by the defendant at the time of the alleged torture.

(*Id.* at 3.)

Review of a detention order is governed by 18 U.S.C. § 3145(b) which provides as follows:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C.A. § 3145(b). As summarized in *United States v. Rizzo*, Crim. No. 2:20-CR-0377, 2021 WL 409838 (W.D. Pa. Feb. 5, 2021),

> [a] district judge exercises de novo review over a detention order entered by a magistrate judge. *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985). "De novo review does not require an additional evidentiary hearing[,]"

2

and the district court "may make its independent determination based solely upon the evidence introduced at the prior hearing." *United States v. Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (citations omitted). A district court may further incorporate the transcript of the hearing before the magistrate judge, including any exhibits admitted therein. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). The district court "may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings." *Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (quoting *United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008)).

2021 WL 409838, at *2.

The transcript of the Detention Hearing held on February 17, 2022, was filed on March 31, 2022. (Doc. 143.) Therefore, the Court now promptly determines the disposition of Defendant's motion exercising the requisite de novo standard of review.

Upon consideration of the evidence before Magistrate Judge Saporito, the Court agrees with his findings and concurs with Magistrate Judge Saporito's determination that detention is appropriate in the circumstances of this case. Review of the February 17, 2022, Hearing Transcript (Doc. 143) demonstrates a thorough consideration of factors relevant to detention and the satisfaction of the Government's burden to show "[b]y clear and convincing evidence that no conditions would reasonably assure the safety of any other person and the community." (Doc. 134 at 2.)

Defendant's subsequent briefing does not alter this conclusion. To the extent Magistrate Judge Saporito did not apply 18 U.S.C. § 3142(e)'s rebuttable presumption of detention (*see* Doc. 135, 138 at 5), the omission is harmless because he assigned the appropriate burden of persuasion to the Government and found that the Government had

3

satisfied its burden under the appropriate clear and convincing evidence standard.[1] (*See* Doc. 134 at 3.)

As to the reasons for detention, Defendant points out that Magistrate Judge Saporito did not find that he was a risk of flight. (Doc. 138 at 5.) Subsequent briefing includes information which strengthens the Government's argument that Defendant is a flight risk. Defendant was required to surrender "any passport" at the time of his original Indictment in 2018 and properly surrendered his passport book. (Doc. 137 at 15.) However, he did not surrender his passport card which was found in his wallet when he was arrested on the superseding Indictment. (*Id.*) The Government asserts that the passport card can be used to enter Canada, Mexico, the Caribbean, and Bermuda and should have been surrendered with his passport book in 2018. (*Id.* at 5-6.) Defendant does not refute these assertions in his reply brief. (*See* Doc. 138.) Because Defendant improperly withheld a document which would have allowed him to leave the country, the Court finds this indicative of flight risk,

---

[1] Noting that Torture, 18 U.S.C. § 2340A is an offense listed in 18 U.S.C. § 2332b(g)(5)B), Defendant states that

> [p]ursuant to Section 3142(e), a probable cause finding in a case alleging torture creates a rebuttable presumption against release and shifts the burden of production onto the defendant to produce a necessary quantum of evidence tending to show that he will appear and\or not pose a threat to the community. *United States v. Carbone*, 793 F.2d 559, 560 (3rd. Cir. 1986). If the defendant meets this burden of production, the burden then shifts back to the government to prove a risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. *United States v. Lopez*, 827 F. Supp. 1107 (D.N.J. 1993), aff'd 124 F.3d 189 (3rd. Cir. 1997) In all cases, despite the presumption, the ultimate burden of persuasion on nonappearance and dangerousness remains with the government. *United States v. Suppa*, 799 F.2d 115 (3rd . Cir. 1986).

(Doc. 136 at 7-8.)

particularly in light of the fact that Defendant's ties to individuals in foreign countries are supported by the record. This assessment is bolstered by assertions made by Defendant's counsel at the hearing and numerous previous assertions to the Court that the surrender of Defendant's passport in 2018 diminished his flight risk. (*See, e.g.*, Hr'g Tr. 24:21-24 (Doc. 143 at 24).)

Based on these findings, the Court concludes that a hearing is not necessary to determine the appropriate disposition of Defendant's Motion for Revocation of the Detention Order (Doc. 135) and the Motion is properly denied.

**ACCORDINGLY, THIS** 8th **DAY OF APRIL 2022**, upon consideration of Defendant's Motion for Revocation of the Detention Order (Doc. 135) and all relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Defendant's request for a hearing is **DENIED**;

2. Defendant's Motion for Revocation of the Detention Order (Doc. 135) is **DENIED**.

Robert D. Mariani
United States District Judge