UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    3:18-CR-00097 |
| vs. | : |
| | :    (JUDGE MARIANI) |
| ROSS ROGGIO, | : |
| ROGGIO CONSULTING CO, LLC. | : |
| | : |
| Defendants | : |

## JOINT MOTION TO CONTINUE TRIAL

The United States of America, by Assistant U.S. Attorney Todd K. Hinkley, and Department of Justice Trial Attorney Patrick Jasperse, and counsel for the defendant, Gino A. Bartolai, Jr., Esquire, jointly and respectfully move the Court to continue the trial in this case until early 2023 and for a specially-set trial date in late January 2023 or thereafter. In support of this request the following is submitted:

1.    On March 20, 2018, a grand jury in the Middle District of Pennsylvania returned an indictment that charged the defendants with 37 counts related to the illegal export of weapons parts and defense services to Iraq without the required approvals of the United States Departments of State and Commerce. Doc. 1.

1

2. On October 12, 2018, this Court designated this case as complex. Doc. 39.

3. On February 2, 2022, the Court granted the defendants' unopposed motion for a continuance and set a new trial date of June 27, 2022. Doc. 121.

4. On February 15, 2022, a grand jury returned a superseding indictment that added to the original indictment one count of conspiracy to commit torture, 18 U.S.C. §§ 2340 and 2340A(c), and one count of torture, 18 U.S.C. §§ 2340, 2340A(a), and 2, against defendant Ross Roggio. Doc. 122. The addition of the torture allegations to the serious charges that Roggio already was facing significantly increased Roggio's potential sentence if he is convicted.

5. On February 17, 2022, Roggio was arrested, the superseding indictment was unsealed, and Magistrate Judge Saporito ordered Roggio to be detained pending trial. Doc. 134. On April 8, 2022, this Court denied Roggio's motion for revocation of the detention order. Doc. 144. On May 9, 2022, the Third Circuit Court of Appeals affirmed this Court's decision. Doc. 148.

6. The parties have been in continuous negotiations attempting

to resolve this matter by plea agreement. These negotiations are continuing.

7. On May 17, 2022, the government was scheduled to meet with Roggio and his counsel for a reverse proffer and to discuss possible resolution of this matter through a plea agreement. Two days before that meeting, however, Roggio's counsel learned that Roggio was planning to hire new counsel. As a result, the meeting was canceled. Since then, the potential new counsel whom Roggio had identified informed the government that he does not intend to represent Roggio. The government and Roggio's current counsel are now trying to reschedule the reverse proffer.

8. Defense counsel needs additional time to investigate the serious allegations against Roggio for conduct that occurred in the Kurdistan region of Iraq. Counsel for the defendant is in the process of engaging investigators to conduct investigation and interviews of foreign witnesses. Counsel for the defendant advises that he needs additional time to complete investigative inquires and to adequately prepare for trial and is requesting a continuance until late January or February of 2023.

9. The government needs adequate advance time to make

arrangements for multiple witnesses from throughout the United States and the world to be present for the trial. Most of the government's likely witnesses are from outside the Middle District of Pennsylvania. The direct victim of the alleged torture and the ancillary victims who Roggio allegedly forced to watch portions of the alleged torture are all from a foreign country. A specially-set, firm trial date is needed so that these foreign witnesses can plan their schedules and the government can make the arrangements necessary for these witnesses to travel to the United States. A series of last-minute continuances would be a burden, particularly for the witnesses from overseas.

10. Most of the foreign witnesses speak excellent English, but as a precaution to avoid delays during trial, arrangements will also need to be made to have a translator available.

11. A continuance of at least eight months, until late January 2023 or thereafter, is intended to provide sufficient time for defense counsel to prepare, the government to make travel arrangements for its witnesses, and to avoid pre-existing conflicts this summer and fall for trial counsel.

12. The parties anticipate that the trial will last two to three

weeks.

13. It is respectfully submitted that the ends of justice will be served by a continuance of the trial, and that a continuance for the above reasons outweigh the interest of the public and the defendant in a speedy trial. The delay occasioned by this motion is excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7).

Dated: May 31, 2022

          Respectfully submitted,

          JOHN C. GURGANUS
          United States Attorney

          /s/ Todd K. Hinkley
          Todd K. Hinkley
          Assistant United States Attorney
          PA 79643
          235 North Washington Ave., Suite 311
          Scranton, PA 18503
          Phone: (570) 348-2800
          Todd.Hinkley@usdoj.gov

          KENNETH A. POLITE, JR.
          Assistant Attorney General
          Criminal Division
          U.S. Department of Justice

By:  /s/ Patrick Jasperse
      Patrick Jasperse
      Christian Levesque
      Trial Attorneys

Human Rights and Special Prosecutions Section


/s/ Gino A. Bartolai, Jr.
Gino A. Barolai, Jr., Esquire
238 William Street
Pittston, PA 18640
Phone: 570-654-3572
Bartolai@ptd.net

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 3:18-CR-00097 |
| vs. | : | |
| | : | (JUDGE MARIANI) |
| ROSS ROGGIO, | : | |
| ROGGIO CONSULTING CO, LLC. | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF CONCURRENCE

I, Todd K. Hinkley, hereby certify that Gino A. Bartolia, Esquire, counsel for the defendant concurs and joins in the within Joint Motion to ContinueTrial.

/s/ Todd K. Hinkley
———————————————
TODD K. HINKLEY
Assistant United States Attorney

Date: May 27, 2022

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    3:18-CR-00097 |
| vs. | : |
| | :    (JUDGE MARIANI) |
| ROSS ROGGIO, | : |
| ROGGIO CONSULTING CO, LLC. | : |
| | : |
| Defendants | : |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 27, 2022, he served a copy of the attached:

## JOINT MOTION TO CONTINUE TRIAL

by electronic filing on the following:

Gino A. Bartolai, Jr., Esquire

/s/ Todd K. Hinkley
Todd K. Hinkley

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 3:18-CR-00097 |
| vs. | : | |
| | : | (JUDGE MARIANI) |
| ROSS ROGGIO, | : | |
| ROGGIO CONSULTING CO, LLC. | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, THIS _____ DAY OF JUNE, 2022, upon consideration of the parties joint Motion for Continuance, **IT IS HEREBY ORDERED THAT:**

1. The parties Motion is Granted.

2. Jury selection and trial, scheduled to commence in this matter on June 27, 2022, are RESCHEDULED and shall commence on _____, _____, 2023, at 9:30 a.m. in the William J. Nealon Federal Building, Scranton, PA., in a courtroom to be designated by the Clerk of Court. Counsel can obtain information on courtroom assignments by contacting the Clerk's office the Friday before the scheduled appearance.

3. The final Pretrial Conference in this matter will be held on _____, _____, 2023, at 12:00 p.m. in the William J. Nealon Federal Building, Scranton, PA., in a courtroom to be designated by the Clerk of Court.  Counsel for both the Government and the Defendant shall attend the conference in person.  The purpose of the pretrial conference is to address issues pertaining to jury selection, evidentiary and substantive issues reasonably likely to arise during the course of trial, scheduling of witnesses, and other matters related to the conduct of the trial. A Court Reporter shall be present for the pretrial conference.

4. Counsel for the Government and the Defendant shall electronically file the following materials via CM/ECF no later than three (3) business days prior to the final Pretrial Conference:

    a. Trial briefs;

    b. Proposed voir dire questions;

    c. A proposed verdict form; and

    d. Proposed points of charge.

5. Before filing the proposed verdict form and proposed points for charge required by the preceding paragraph, the parties shall

follow the following procedure:

a. No later than fourteen (14) calendar days before trial, counsel shall meet and prepare a joint statement of the law that they agree is applicable to the matters at trial, in the form of instructions to the jury. Counsel shall likewise prepare a proposed verdict form that incorporates their proposed jury instructions in a manner that facilitates the jury's determinations of all relevant issues of fact consistent with the proposed instructions.

b. In all cases, parties shall follow the Model Criminal Jury Instructions for the District Courts of the Third Circuit. In cases where the Third Circuit has not promulgated instructions, the parties may base their instructions upon the most recent edition of (1) LEONARD SAND, JOHN SIFFERT, WALTER LOUGHLIN, STEVEN REISS & NANCY BATTERMAN, MODERN FEDERAL JURY INSTRUCTIONS, (2) KEVIN O'MALLEY, JAY GRENIG & WILLIAM LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS, and/or (3) jury instructions for the

Commonwealth of Pennsylvania, in such areas where Pennsylvania law applies.

  c. Only when the publications listed above do not provide sufficient guidance to the law at issue may the instructions of other Circuit Courts and/or relevant case law be used.

6. Unless otherwise ordered by the Court, the following trial schedule will be maintained: Each morning session will commence at 9:30 a.m. and end at 12:30 p.m. Each afternoon session will commence at 1:30 p.m. and end at 5:30 p.m.

7. Counsel desiring a side bar conference prior to the commencement of trial at 9:30 a.m. shall notify the Court before 9:00 a.m. Side bar conferences will be held between 9:00 and 9:30 a.m. before the jury is brought into the courtroom.

8. If a plea agreement or plea has been agreed upon by counsel and the Defendant after 5:00 p.m. on the last business day or on the weekend preceding the commencement of trial, counsel should notify the Courtroom Deputy, Judith Malave, at [judith_malave@pamd.uscourts.gov](judith_malave@pamd.uscourts.gov), and thereafter file a letter with the Court on CM-ECF.

9. Any request to have the jury polled must be made before the Court enters judgement and excuses the jury.

10. Because the Court finds that the ends of justice will be served by continuing trial and that such a continuation outweighs the best interests of the public and the Defendant in a speedy trial, and in particular that the failure to grant a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and delay occasioned by the continuance of this trial shall be excluded from the speed trial calculation pursuant to 18 U.S.C. § 3161(h)(7).

_____
Robert D. Mariani
United States District Judge