UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:18-CR-00097 |
| | : | (Judge Mariani) |
| Vs. | : | |
| ROSS ROGGIO | : | (Electronically Filed |

### GOVERNMENT'S REPORT PURSUANT TO COURT ORDER

AND NOW comes the United States of America, by and through the undersigned counsel and states:

1. This Honorable Court issued an Order on September 16, 2022, directing the Government to provide a statement to the Court that explains its reasons for concurring in the Defendant's motions for extension of time and reconsideration and provides an update on the status of discovery.

2. The Government has complied with the Federal Rules of Criminal Procedure, Rule 16 discovery obligations by disclosure to Roggio's original counsel. The Government has agreed to and is in the process of providing a courtesy copy of discovery to current counsel (which is nearly complete). As more fully described below, while discovery in this complex case is voluminous, the additional discovery related to the conspiracy and torture charges in the Superseding Indictment are quite limited – in other words, most of the discovery relates to the charges in the original Indictment and was produced four years ago to the previous defense counsel (with limited exceptions noted below).

3. As background the Government notes that this matter was initiated when a Grand Jury sitting in Scranton, Pennsylvania, returned an Indictment on March 20, 2018. (Doc. 1). The Defendant was initially provided counsel from the Federal Public Defender's Office. (Doc. 8).

4. On April 3, 2018, the Government filed a "status report" with the Court noting that defense counsel and Government's counsel had met at the United States Attorney's Office on March 29, 2018, to discuss pretrial matters and to review discovery. (Doc. 14).

5. On September 21, 2018, the Defendant filed a motion to have the instant matter Designated as Complex Case. (Doc. 39). The Motion was granted by the Court on October 12, 2018. (Doc. 37).

6. Thereafter, Leo A. Latella, Esquire entered an appearance to represent the Defendant. (Doc. 41).

7. On March 29, 2019, Attorney Latella filed a motion to suppress evidence seized in violation of the United States Constitution. (Doc. 46) and early disclosure of Jencks Act Materials. (Doc. 48).

8. On April 1, 2019, Attorney Latella moved the Court to be allowed to withdraw as counsel. (Doc. 50). The Court granted the motion to withdraw, and appointed Gino A. Bartolai, Jr. to represent the defendant on April 3, 2019. (Doc. 52).

9. Briefs were filed by the parties concerning the defendant's motion to suppress and motion for early Jencks. (Docs. 47, 49, 55, 56, 61).

10. On October 11, 2019, the defendant filed a motion for leave to file a Motion to Suppress Roggio's Statement and Related Evidence. (Doc. 62). The Court granted the Motion (Doc. 63), and on June 15, 2020, the Defendant file supplemental pretrial motions. (Doc. 64).

11. The Parties briefed the supplemental motion to suppress (Docs. 65, 72, 96, and 99).

12. A suppression hearing was held on July 7, 2021. The parties filed supplemental post-hearing briefs (Doc. 108, 111) and on November 2, 2021, the Court issued Orders and accompanying Memorandum concerning the Defendant's pretrial motions. (Docs. 112, 113, 114, 115). All motions filed by the defendant were denied.

13. On February 15, 2022, a Grand Jury returned a Superseding Indictment. (Doc. 122). The Superseding Indictment added two additional criminal counts for Conspiracy to Commit Torture in violation of Title 18, United States Code, Sections 2340 and 2340(c) (Count One); and Torture in violation of Title 18, United States Code, Sections 2340, 2340A(a), and 2 (Count Two). The Superseding Indictment – other than the new charges and minor changes to the original Indictment to fix typographical errors – was otherwise identical to the original Indictment.

14. Thereafter on August 9, 2022, Matthew Thomas Comerford, Esquire (Doc. 151) and Curt M. Parkins, Esquire (Doc. 152) entered their appearance on the record. The following day, Jason A. Shrive, Esquire also filed an appearance on behalf of the defendant (Doc. 153). Upon Motion of Counsel (Doc. 155), this Court allowed Gino A Bartolai, Jr. to withdraw (Doc. 157).

15. Present Counsel moved the Court for an extension of time to file Pretrial Motions (Doc. 154), which the Court granted as modified to include pretrial motion limited to the new claims and allegation set forth in the Superseding Indictment. (Doc. 157). This motion was granted on August 17, 2022 and allowed motions to be filed by the defense no later than September 19, 2022.

16. On September 8, 2022, the defendant filed a second motion for extension of time to file pretrial motions. (Doc. 158). In this motion the defendant stated that (1) although the Defendants requested case discovery upon entry of new defense counsel, the same was made available by the Government yesterday, September 7, 2022, picked-up this morning, September 8, 2022, and is voluminous in nature; and (2) some discovery remains outstanding, dur to the necessity of Defense Counsel having to provide the Government with an additional storage device, as the 2 terabyte external drive originally provided did not have enough storage space to contain all of the discovery. (Doc. 158).

17. The second motion for an extension notes that the Government concurred. (Doc. 158). The motion seeks a 30-day extension.

18. The Court granted the Motion but extended the time to file pretrial motions to September 27, 2022, rather than the 30 days requested in counsel's motion.

19. Thereafter on September 14, 2022, the defense filed a motion to reconsider requesting the Court give 30 days per the Defendant's original request. (Doc. 160). In its motion to reconsider the Defendant alleges (1) case discovery was only recently obtained on September 8, 2022, and is voluminous in nature, encompassing over two (2) terabytes of data; (2) some discovery remains outstanding, due to the necessity of Defense Counsel having to provide the Government with an additional storage device, as the two (2) terabyte external drive originally provided did not have enough storage space to contain all the discovery; and (3) [a]n additional storage device was provided to the Government of September 12, 2022, and the Government is in the process of preparing the same for production, so it still remains outstanding. (Doc. 160).

20. On September 16, 2022, this Honorable Court issued an Order directing the Government to "provide specific, fact-based reasons why it has granted concurrence to the Defendants' motions for extension of time and reconsideration. The response should be sufficiently detailed with respect to whether the government has thus far fulfilled its discovery obligations to provide the information with Defendant's counsel has requested, and if it has not done so, shall state what information remains to be supplied and when it will be supplied." (Doc. 161).

21. This filing is in accord with the Court's September 16, 2022, Order. Initially, the Government would note that it has complied with its discovery obligations pursuant to Federal Rules of Criminal Procedure, Rule 16, including its continuing obligation to disclose evidence as the Government comes into possession of the same.

22. On September 15, 2022, after having concurred with the Defendant's request for reconsideration (Doc. 160) and having received the same the Government had communications with defense counsel regarding the said filing. It appears that defense counsel was confused regarding discovery previously provided by the Government to the defense.

23. On August 17, 2022 (after new counsel entered their appearance on the record), Government's counsel invited the defense to the United States Attorney's Office and held a "reverse proffer" during which the Government's case (including specific evidentiary documents and related evidence) was presented to counsel. During that meeting Government's counsel offered, *as a courtesy to new defense counsel* to provide a fresh copy of discovery if they would provide an external hard drive.

24. The Government has been working with defense counsel to provide the courtesy copy and ran into issues when one of the hard

drives held at the United States Attorney's Office (with original copies held by the investigating agency) was inadvertently formatted (erased) during the transfer of data to counsel's external hard drive. (Noting that the Government is in the process of getting a replacement drive from the Agency).

25. When defense counsel filed its original motion, and motion for reconsideration, he believed that the discovery being provided by the Government was "new discovery" relevant to the new allegations contained in the Superseding Indictment. However, as explained to Counsel last week, all discovery has been turned over to the Defense and is available through previous counsel.

26. Specifically, the data/evidence contained on the missing hard drive has already been provided to previous counsel. Nonetheless the Government will continue to work to get a fresh copy to the defense, though that may take several days to retrieve a hard drive from the Agency and to transfer the data to the defendant's external hard drive. As the data has already been turned over and is in the possession of previous counsel, new counsel has been advised to seek the same from Attorney Bartolai while the Government continues to complete the courtesy copy.

27. Estonian authorities recently produced documents to the Government in the Estonian language. Some of the documents, produced pursuant to a Mutual Legal Assistance Treaty request by the United States, appear to be the travel records between Estonia and Iraq of potential Estonian witnesses. The Government is in the process of translating these documents from Estonian to English. Assuming these documents are discoverable, the Government will produce the Estonian originals and the translations to the defense when the translations are completed. The Government has encountered some difficulty in obtaining Estonian translation services but is hopeful that the translations

will be completed within the next month, if not earlier. Other documents, which Estonian authorities produce *sua sponte*, appear to be bank records related to potential Estonian witnesses. The Government is not translating these documents because the Government does not intend to introduce them in its case-in-chief and does not see how they are relevant to the charges. The Government will produce the original Estonian documents to the defense as soon as any personally identifiable information is redacted. The Government anticipates that process should be completed in the next two weeks. The existence of the travel records and bank records – which the Government received only recently and has not yet produced in discovery – should not impact defense counsel's ability to file pretrial motions related to the torture charges that were added in the superseding indictment.

28. The Court also asked the Government to explain its concurrence in the Defendant's Motion to Extend and Motion for Reconsideration. Government's counsel has been in communication with new counsel as stated above. We have provided a reverse proffer briefing new counsel as to the evidence supporting the Government's prosecution case, showing actual documentation and audio/visual recordings seized during the investigation. Understanding that this matter has been declared a complex case by the Court and knowing the volume of evidence turned over during discovery, the Government concurred in the said motions to give counsel sufficient time to review and prepare motions deemed appropriate to the new allegations in the Superseding Indictment.

29. While the lion's share of discovery is relevant to the original Indictment and the non-*Jencks* information/evidence related to the torture charges is limited in nature, the Government believes that having a basic understanding of the original case is prerequisite to filing new motions – if any. Even though the original discovery was provided to the defense soon after

Indictment (2018), the Government believes that it will take some time for current counsel to familiarize themselves with the evidence.

Cognizant of the February 6, 2023, trial date in this case, the Government believes that a brief 30-day extension to sometime in October – given the limitation that any motion be related to the new charges in the Superseding Indictment – should provide sufficient time for the Court to resolve any motions. Government's counsel concurred during communications with defense counsel regarding the Motions, while advising defense counsel that the February trial is a firm date in deference to Government witnesses who will be required to travel both nationally and internationally to attend the trial.

                        Respectfully submitted;

                        GERARD M. KARAM
                        United States Attorney

Dated:  September 20, 2022    /s/ Todd K. Hinkley
                                            Todd K. Hinkley
                                            Assistant United States Attorney
                                            Attorney I.D. No. PA 68881
                                            United States Attorney's Office
                                            William J. Nealon Federal Building
                                            235 N. Washington Ave.
                                            Scranton, PA 18503
                                            Telephone:  570-348-2800
                                            Email:  todd.hinkley@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:18-CR-00097 |
| | : | (Judge Mariani) |
| Vs. | : | |
| ROSS ROGGIO | : | (Electronically Filed |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 20th day of September, 2022, he served a copy of:

**GOVERNMENT'S REPORT PURSUANT TO COURT ORDER**

by filing the same with ECF, to which the below recipients subscribe:

ADDRESSEE(S):

Matthew Thomas Comerford, Esquire
Curt M. Parkins, Esquire
Jason A. Shrive, Esquire

                                              /s/Todd K. Hinkley
                                              TODD K. HINKLEY
                                              Assistant United States Attorney