# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : 3:18-cr-0097 |
| v. | : (Judge Mariani) |
| | : |
| ROSS ROGGIO, | : |
| ROGGIO CONSULTING, LLC | : |

## ORDER

*The Background of this Order is as follows*:

Defendants' "Motion for Reconsideration of Court's Order of September 9, 2022 (Doc. 159)" (Doc. 160) is pending before the Court. With the Motion, Defendants' counsel seek additional time to file pretrial motions beyond that which was allowed by the Court's September 9, 2022, Order (Doc. 159).

Defense counsel seeking reconsideration entered their appearances on August 9, 2022, and August 10, 2022. (Docs. 151-153.) By order of August 17, 2022, the Court allowed Defendants' new counsel to file pretrial motions limited to the new claims and allegations set forth in the Superseding Indictment (i.e., charges of Conspiracy to Commit Torture and Torture) (Doc. 122)) no later than September 19, 2022. (Doc. 157.) Upon further motion (Doc. 158), the Court granted an extension of time within which to file pretrial motions as previously limited, setting September 27, 2022, as the deadline for doing so. (Doc. 159.)

On review of the pending "Motion for Reconsideration of Court's Order of September 9, 2022 (Doc. 159)" (Doc. 160), by Order of September 16, 2022, the Court directed the government to provide specific, fact-based reasons why it has granted concurrence to the Defendants' motions for extension of time and reconsideration. (Doc. 161.) The Order specifically required the government to provide sufficient detail regarding "whether the government has thus far fulfilled its discovery obligations to provide the information which Defendants' counsel has requested, and, if it has not done so, shall state what information remains to be supplied and when it will be so supplied." (*Id.*)

The government has now provided the required information ("Report"). (Doc. 162.) Salient assertions contained in the Report include the following:

1. The government has "complied with its discovery obligations pursuant to Federal Rules of Criminal Procedure, Rule 16, including its continuing obligation to disclose evidence as the Government comes into possession of the same. (Doc. 162 ¶ 21.)

2. Although the government had provided discovery to Defendants' former counsel, on August 17, 2022, government counsel offered to provide a fresh copy of discovery "*only as a courtesy to new defense counsel.*" (Doc. 162 ¶ 23.)

3. When defense counsel filed their motions for extension of time and for reconsideration (Docs. 154, 158, 160), they believed that the discovery being provided to them was "new discovery" relevant to the new allegations in the Superceding Indictment (Doc. 122). (*Id.* ¶ 25.)

4. Government counsel has explained to defense counsel that all discovery has been turned over to the defense and is available through previous counsel. (*Id.* ¶ 25.)

5. Current defense counsel has been advised by the government to seek the previously-provided discovery from former defense counsel Gino Bartolai. (*Id.* ¶ 26.)

6. Discovery related to the charges of Conspiracy to Commit Torture and Torture (the only discovery relevant to the Court's Order limiting pretrial motions "to the new claims and allegations set forth in the Superseding Indictment" (Doc. 157 ¶ 1)), is "quite limited." (*Id.* ¶ 2.)

The foregoing assertions indicate that all relevant discovery has been available to defense counsel from the time they took this case. The Court will not relieve defense counsel of their obligation to timely file the pretrial motions allowed based on a delay of the government's courtesy copy of the discovery which has been, and continues to be, otherwise available to defense counsel. Defense counsel should not rely on receiving additional discovery from the government except as it relates to the government's continuing duty to disclose pursuant to Federal Rule of Criminal Procedure 16(c).

**ACCORDINGLY, THIS 21st DAY OF SEPTEMBER 2022, IT IS HEREBY ORDERED THAT:**

1. Defense counsel shall file a status report on or before Friday, September 23, 2022, setting out with specificity what efforts they have made to retrieve discovery from former counsel Gino Bartolai;

2. Defense counsel are again informed that any further pretrial motions are limited to the charges of Conspiracy to Commit Torture and Torture contained in the Superseding Indictment (Doc. 122);

3. Defense counsel are also again informed that the February 6, 2023, date established for the commencement of the trial in this matter (*see* Doc. 150) is a date certain.

Robert D. Mariani
United States District Judge