THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : 3:18-cr-0097 |
| v. | : (Judge Mariani) |
| | : |
| ROSS ROGGIO, | : |
| ROGGIO CONSULTING, LLC | : |

### ORDER

*The Background of this Order is as follows*:

Defendants' "Motion for Reconsideration of Court's Order of September 9, 2022 (Doc. 159)" (Doc. 160) is pending before the Court. With the Motion, Defendants' counsel seek additional time to file pretrial motions beyond that which was allowed by the Court's September 9, 2022, Order (Doc. 159).

To determine the proper disposition of the Motion for Reconsideration, by Order of September 16, 2022, the Court directed the government to provide specific, fact-based reasons why it has granted concurrence to the Defendants' motions for extension of time and reconsideration. (Doc. 161.) Upon review of the government's filing, the Court directed defense counsel to file a status report on or before Friday, September 23, 2022, setting out with specificity what efforts they have made to retrieve discovery from former counsel Gino Bartolai. (Doc. 163 at 3.)

Defendants' Status Report Pursuant to Court Order (Doc. 164) was filed on September 22, 2022. The Report indicates that defense counsel sought to obtain discovery

1

previously provided to former defense counsel, Gino Bartolai, beginning on August 9, 2022, and eventually received that discovery from Mr. Bartolai on September 9, 2022. (Doc. 164 ¶¶ 2-4.) In their Motion for Reconsideration filed on September 14, 2022, defense counsel did not note that they had received this discovery. (*See* Doc. 160.)

On September 20, 2022, government counsel indicated that defense counsel had been confused about the discovery that the government intended to turn over, i.e., defense counsel thought that it was "new discovery" where in fact it was discovery which had been turned over to Mr. Bartolai. (*See* Doc. 162 ¶¶ 22, 25.) Government counsel notes that he had explained to defense counsel "last week" that all discovery had been turned over and was available through previous counsel. (*Id.* ¶ 25.) Therefore, at some time during the week of September 11, 2022, defense counsel was informed that they had all discovery in their possession.

In Defendants' Motion for Leave to File Pretrial Motions (Doc. 154) filed on August 15, 2022, defense counsel recognized that former counsel had filed and litigated pretrial motions regarding the original Indictment, the time for filing pretrial motions related to the new charges in the Superseding Indictment had passed, and former counsel had not filed pretrial motions within the specified time. (Doc. 154 ¶¶ 2-4.) The Motion stated that "[u]pon review of the case, new counsel believes pretrial motions are necessary in regard to the Superseding Indictment." (*Id.* ¶ 6.) Defense counsel sought sixty (60) days to file pretrial motions. (*Id.* at 2.) By Order of August 17, 2022, the Court allowed defense counsel to file

2

pretrial motions limited to the new charges in the superseding indictment (Conspiracy to Commit Torture and Torture) no later than September 19, 2022.[1]   (Doc. 157.)

Though not the norm to grant new counsel an opportunity to file pretrial motions once the filing deadline has elapsed, the Court granted the motion as modified given the nature of the new charges in the Superseding Indictment and new counsels' assertion that their request was based "[u]pon review of the case" (Doc. 154 ¶ 6). Given the averment that the request was based on review of the case, defense counsel's later assertions that it is "humanly impossible" to review and analyze the discovery produced within the time allotted (Doc. 160 ¶ 6; 164 ¶ 7) do not provide an adequate explanation or excuse to support the requested relief.

While an understanding of the case in general is necessary to file pretrial motions, at the time defense counsel agreed to represent Defendants in this matter, they knew or should have known that this case was complex (see Doc. 39) and it was set for trial to commence on February 6, 2023, a date agreed by the parties to be a "specially-set, firm trial date" (see Doc. 149 ¶ 9).  Given the trial date-certain, the Court intends to adhere to a tight pretrial schedule to allow time for the proper disposition of motions filed and the parties' fully informed preparation of this matter for trial.

---

[1] Upon Defendants' motion, the date for filing pretrial motions was extended to September 27, 2022.  (Doc. 159.)

3

With the Court's filing limitations, the only discovery directly relevant to the pretrial motions is that related to the new charges. According to government counsel, discovery related to these charges is "quite limited." (Doc. 162 ¶ 2.) Despite this narrowed scope, because familiarity with the case in general is appropriate and it appears there was delay between the request for discovery from Mr. Bartolai and receipt of same, the Court will allow a limited extension of the September 27, 2022, deadline set out in the September 9, 2022, Order. (Doc. 159 ¶ 2.)

**ACCORDINGLY, THIS** 23rd **DAY OF SEPTEMBER 2022, IT IS HEREBY ORDERED THAT:**

1. Defendants' "Motion for Reconsideration of Court's Order of September 9, 2022 (Doc. 159)" (Doc. 160) seeking a further thirty (30) day extension to file pretrial motions is **DENIED**;

2. The Court's September 9, 2022, Order is **MODIFIED** to extend the pretrial motion deadline to October 14, 2022.

Robert D. Mariani
United States District Judge