IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 18-CR-97 |
| | : | |
| ROSS ROGGIO | : | |
| ROGGIO CONSULTING, LLC | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

Defendant was charged via Indictment on March 20, 2018, with Conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and related offenses. The Government filed a Superseding Indictment on February 15, 2022, adding charges of Conspiracy to Commit Torture and Torture under the Torture Act, 18 U.S.C. § 2340, *et seq*. Following Defendant's retention of new counsel, the Court granted an extension of time to file pretrial motions limited to the Torture charges added in the Superseding Indictment. Pursuant to that extension, Defendant has filed a Motion for Bill of Particulars and now files the instant Brief in Support of that Motion.

"A Bill of Particulars is a 'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'" *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)). It is utilized "to inform the defendant of the nature of the charges brought against him,

1

to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *Id*. (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1972)).  A court should order a Bill of Particulars where an indictment's deficiency "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Id*. at 771-72 (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d. Cir. 1989)).

While the law once required a defendant to show cause for a request for a Bill of Particulars, the law currently seeks "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." *Rosa*, 891 F.2d at 1066 (citing Fed. R. Crim. P. 7 advisory committee's note to 1966 amendment).  This Court has "broad discretion" to balance "the defendant's legitimate interest in securing information concerning the government's case and numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." *Id*. (citing *United States v. Tarvers*, 833 F.2d 1068. 1076 (1st Cir. 1987); *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *United States v. Arenal*, 768 F.2d 263,

268 (8th Cir. 1985)).  Defendant makes the following requests for specificity from the Government.

I.   **Describe with particularity the precise location in and at which Defendant allegedly committed torture.**

The location of the incident is a specific element of this offense, and this offense is unlike other offenses where the location of an incident is otherwise relevant only to jurisdiction and venue.  18 U.S.C. § 2340A.  Specifically, the offense of torture requires that the act be committed outside of the United States.  18 U.S.C. § 2340A(a).  This refers to acts outside of United States jurisdiction.

Regarding location of the offense, the Superseding Indictment alleges that the offenses of Conspiracy to Commit Torture and Torture occurred "outside of the United States and in the Kurdistan Region of Iraq."  (Doc. 112 ¶ 18).  This general allegation of an entire region, of the three federal regions of Iraq, is made even though the torture alleged purportedly occurred in a single building and a single location.  When the act purportedly occurred in a single isolated place, it is woefully insufficient to allege an entire state as the location of an offense.

The Kurdistan Region of Iraq is roughly 46,862 square kilometers, or 18,094 square miles, large.  https://krso.gov.krd/en/indicator, Kurdistan Region Statistics Office.  It contains approximately 7,800,300 people.  The United States has army bases and a consulate in Kurdistan.  https://iq.usembassy.gov/embassy-consulates/erbil/.  The United States Consulate there is 52,000 square meters – the

largest United States Consulate in the world.[1] This is the size of multiple New York City blocks and contains numerous streets and buildings. The same is true of United States Army Bases.

    A Bill of Particulars is required for two reasons. First, without it the indictment is insufficient. It is not sufficient for the Indictment to allege that acts occurred outside of the United States, as there are numerous locations outside of the United States in which the United States has jurisdiction. Likewise, it is insufficient for the Indictment to allege that this happened in the Kurdistan region of Iraq as there are numerous places in the Kurdistan region in which the United States has jurisdiction. Without particularity, the Indictment, even accepted as true, does not meet the elements of the offense.

    Second, without a Bill of Particulars Defendant cannot adequately prepare a defense. As the location is an element of the offense, Defendant cannot prepare a defense in advance of trial if the alleged location is unknown. As this case involves a foreign country, Defendant will not be able to investigate any location if it is not disclosed until the midst of trial. A disclosure mid-trial could potentially cause Defendant to have to seek a weeks-long adjournment to investigate, given the logistics of having investigation done in a foreign country. Additionally,

---

[1] https://www.rudaw.net/english/interview/23092021#:~:text=How%20big%3F,largest%20consulate%20in%20the%20world.

without knowing the location, Defendant cannot effectively prepare to challenge the "outside of the United States" element of the offense. Therefore, the Court should order the Government to precisely describe the location of the alleged crime and/or, in the alternative, dismiss Counts I and II of the Indictment for legal insufficiency.

**II.     State the identities of any alleged co-conspirators to Count I of the Superseding Indictment.**

Defendant is charged with Conspiracy to Commit Torture. No co-conspirators are charged. It is unknown if any co-conspirators will be testifying at trial. No co-conspirators whatsoever are named in the Superseding Indictment. Courts have previously held that identities of unindicted co-conspirators may be warranted to be disclosed in a Bill of Particulars. See, e.g., *United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985). Here, the identity of these individuals is necessary to the preparation of a defense.

The identity of co-conspirators goes directly to one of the elements of the offense. Specifically, the torture statute requires that Defendant acted under color of law. 18 U.S.C. §§ 2340, 2340A(a). It should be undisputed that Defendant is not a state actor. Defendant is not a member of the Kurdish Government or any branch of that Government. He was not a state actor. The only way the Government can establish he acted under color of law is by his relationships with such individuals – hence, the conspiracy charge. However, without knowing the

identity of these individuals, Defendant cannot begin to comprehend how he is alleged to have acted under color of law and cannot prepare a defense regarding the same. Likewise, he cannot prepare a defense to the charge of conspiracy if it is unknown who he is alleged to have conspired with. How could he attempt to rebut an "agreement" if he does not know who the agreement is alleged to have been made with. Therefore, the Court should order the Government to provide a Bill of Particulars.

        Respectfully Submitted

        *Comerford Law*

        *Matthew Comerford*
        _____
        Matthew T. Comerford, Esq.

        *Curt Parkins*
        _____
        Curt M. Parkins, Esq.

        *Shrive Law*

        *Jason Shrive*
        _____
        Jason A. Shrive, Esq.

        Attorneys for Defendant