IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : 18-CR-97 |
| | : |
| ROSS ROGGIO | : |
| ROGGIO CONSULTING, LLC | : |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR EARLY DISCLOSURE OF *JENCKS* MATERIAL**

Defendant was charged via Indictment on March 20, 2018, with Conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and related offenses. The Government filed a Superseding Indictment on February 15, 2022, adding charges of Conspiracy to Commit Torture and Torture under the Torture Act, 18 U.S.C. § 2340, *et seq*. Following Defendant's retention of new counsel, the Court granted an extension of time to file pretrial motions limited to the Torture charges added in the Superseding Indictment. Pursuant to that extension, Defendant has filed a Motion for Early Disclosure of *Jencks* Material and now files the instant Brief in Support of that Motion.

Disclosure of information impeaching a witness's credibility must be timed to enable effective *preparation* of trial. *U.S. v. Polisi*, 416 F.2d 573, 578 (2d Cir. 1969); *U.S. v. Baxter*, 492 F.2d 150, 173–174 (9th Cir. 1973). See *U.S. v. Opager*, 589 F.2d 799 (5th Cir. 1979). As pointed out in *U.S. v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976). Disclosure by the government must be made at such a time as to

allow the defense to use the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criterion requires pretrial disclosure. *See,* e.g., *U.S. v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970); *U. S. v. Deutsch*, 373 F. Supp. 289, 290–291 (S.D. N.Y. 1974); See also, *Grant v. Alldredge*, 498 F.2d 376, 382 (2d Cir. 1974); *Clay v. Black*, 479 F.2d 319 (6th Cir.1973). Earlier in this case, in regard to witnesses pertaining to the original Indictment, the Court laid out the relevant framework for receiving *Jencks* material also covered by grand jury secrecy. (Doc. 114 at 1-4). That framework is not disputed.

This is a complex case in which Defendant is charged with very serious offenses. This Court has the authority to structure the trial to assure fairness to all parties. Strict application of the *Jencks* Act in this case violates the following constitutional guarantees:

- Meaningful cross-examination of government witnesses. The defendants rarely know, prior to trial, who the government witnesses are and, therefore, cannot conduct any pretrial investigation of their character, veracity and reputation.

- Compulsory process to secure the presence of defense witnesses.

- Effective assistance of counsel. Literal adherence to the *Jencks* Act requires defense counsel to "shoot from the hip" and precludes careful planning of defense strategies prior to trial.

- A fair trial. Strict adherence to the *Jencks* Act coupled with the meager discovery rules renders ineffective any attempt to create a viable trial strategy until the trial is well under way.

Particular to the torture related charges in the Superseding Indictment, the Government has a number of witnesses who are travelling from Estonia to testify at this trial. Defendant believes that the Government may intend to call a number of witnesses from other countries including, but not limited to, Iraq. There is *Jencks* material and potentially grand jury material currently in possession of the Government regarding these foreign witnesses.

There are two specific problems with this material and/or these witnesses. First, the *Jencks* material regarding the Estonian witnesses is in the Estonia language. While the Government has purportedly had these documents translated, Defendant has the right to have his own interpreter review these documents for accuracy and/or create an independent translation. Defendant intends to invoke that right. If these materials are turned over on the eve of trial, no time will exist to have them appropriately translated.

Second, and more importantly, without knowing the content of the testimony of these witnesses, counsel cannot adequately determine who to call as witnesses to rebut that testimony. Ordinarily, in a Middle District trial where the witnesses were mostly limited to the Middle District, this would not be a major problem. However, Defendant has indicated to counsel that he has 100 different witnesses who potentially possess relevant knowledge in this case depending on what testimony the Government elicits at trial. At this point, we will not know that

information until trial or very close to trial. It is not feasible for Defendant to be able to produce these witnesses on a dime when information is learned at or near the time of trial. International travel arrangements must be made. Documents may be needed to be translated. Early disclosure of *Jencks* material is necessary for Defendants to even be able to produce his witnesses at trial. Without this disclosure, there is a high chance that Defendant will have to seek a weeks-long adjournment in the middle of trial to procure witnesses.

Prior counsel – prior to the Superseding Indictment – sought early disclosure of *Jencks* material pertaining to the charges in the original Indictment. The Court denied that request, largely – but not entirely – on the basis that counsel failed to file a reply brief rebutting the Government's arguments. (Doc. 114 at 5). The arguments that Defendant's Counsel failed to rebut in a reply brief were the rarity of the offense, the voluminous discovery, and the roster of potential witnesses. The Government responded that the offenses charged were not rare and that the voluminous nature of discovery alleviated the need for early disclosure. (Doc. 55 a5 11-12). The Court accepted these arguments and noted that there was no indication that the Government would not abide with its obligations under Fed. R. Evid. 807.

While the Court's initial ruling was well-reasoned, the Superseding Indictment has vastly changed the landscape of this case and alters the foregoing

analysis. Defendant is now charged with torture. It can hardly be argued that that is not a rare charge in this or any Circuit. It is believed and averred that this is only the third time in United States history that this offense has been charged against a private citizen. The near dearth of relevant caselaw on the issue is indicative of this. This is the rarest offense any of the undersigned counsel – and likely the United States Attorneys handling the case – have ever encountered. Likewise, it is complex, dealing with issues of international law and relating to international witnesses. Furthermore, the stakes are now much higher. This rare charge carries a guideline range of life in prison if convicted. Given the stakes, a fair trial must be ensured.

Furthermore, there are numerous international witnesses at issue now in this litigation. As discussed above, there are now four Estonian witnesses and numerous foreign witnesses relevant to Defendant's potential defenses that cannot be produced mid-trial. These witnesses were not previously implicated prior to the Superseding Indictment. Finally, the Government pointed to the voluminous nature of the discovery provided prior on the firearms charges as a reason not to provide early *Jencks*. Here, there was limited evidence provided as to the torture charge, and Defendant is facing sheer trial by surprise. Now, that factor has also turned in favor of early disclosure. Therefore, and for the reasons stated herein, the Court should require early disclosure of *Jencks* material.

Respectfully Submitted

*Comerford Law*

*Matthew Comerford*

_____
Matthew T. Comerford, Esq.

*Curt Parkins*

_____
Curt M. Parkins, Esq.

*Shrive Law*

*Jason Shrive*

_____
Jason A. Shrive, Esq.

Attorneys for Defendants