## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 18-CR-97 |
| | : | |
| ROSS ROGGIO | : | |
| ROGGIO CONSULTING, LLC | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT**

Defendant was charged via Indictment on March 20, 2018, with Conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and related offenses. The Government filed a Superseding Indictment on February 15, 2022, adding charges of Conspiracy to Commit Torture and Torture under the Torture Act ("the Act"), 18 U.S.C. § 2340, *et seq*. Following Defendant's retention of new counsel, the Court granted an extension of time to file pretrial motions limited to the Torture charges added in the Superseding Indictment. Pursuant to that extension, Defendant has filed a Motion to Dismiss Counts I and II of the Superseding Indictment and now files the instant Brief in Support of that Motion.

The Court should grant this motion because the Act is unconstitutional as the Constitution did not give Congress the power to enact this Act or to regulate extraterritorial conduct of Untied States Citizens. Congress passed the Act, 18 U.S.C. § 2340, *et seq*, pursuant to the Convention Against Torture ("CAT") – an

international treaty entered into by the United States under President Reagan.

*United States v. Belfast*, 611 F.3d 783, 801-802 (11th Cir. 2010).  The CAT defines

Torture as follows:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or a third person information or a confession, punishing him for an act he or a third person has committed or is suspected of having committed, or intimidating or coercing him or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

CAT, art. 1(1).  However, under the Act, torture is defined as follows:

> an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control.

18 U.S.C. § 2340.  The Act defines "severe mental pain or suffering" as:

> the prolonged mental harm caused by or resulting from—
>
> (A) the intentional infliction or threatened infliction of severe physical pain or suffering;
>
> (B) the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality;
>
> (C) the threat of imminent death; or

> (D) the threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality....

18 U.S.C. § 2340.

The CAT and the Act differ three material ways. First, the CAT requires proof of motive; the Act does not. Second, the CAT requires that pain and suffering actually result; the Act requires only an intent for the same to result. Third, the CAT only applies to actions actually committed by public officials; the Act applies to anyone acting under color of law.

While the Constitution gives the President the power to enter into treaties, U.S. Const. art. II § 2, cl. 2, Congress must enact legislation to implement such treaties. However, Congress' power to do so is limited to laws which are "necessary and proper for carrying into Execution" treaties entered into by the executive. U.S. Const. art. I, § 8, cl. 18; see also *Belfast*, 611 F.3d at 804. In order for a statute to pass constitutional muster under the necessary and proper clause, the stated must be rationally related to the implementation of the treaty. *Belfast*, 611 F.3d at 805.

The divergence between the CAT and the Act renders the Act not rationally related to enactment of the CAT and, therefore, not constitutional under the

necessary and proper clause.[1]  The Act proscribes and criminalizes conduct that is not proscribed by the CAT.  Specifically, the CAT requires that injury actually occur.  The Act may hold individuals responsible for their mere intent.  The two specifically diverge in a manner which is also material to this case.  Defendant is not and was not a Government actor.  He would not be covered under the CAT.  The Government will argue he is covered under the Act because that included those who act under color of law not just those who actually hold public positions.  The Act materially diverges from the CAT in a manner which is specifically detrimental to Defendant.  Therefore, both on its face *and as applied* the Act is not rationally related to the CAT and is unconstitutional.

Furthermore, the Act is unconstitutional because it criminalizes isolated extraterritorial conduct by United States citizens. Congress' powers are limited to those set out in the Constitution.  The Constitution does not authorize Congress to regulate conduct by American citizens while outside of the United States which has no impact or relation to the United States.  Therefore, the Act is unconstitutional.

Respectfully Submitted

*Comerford Law*

---

[1] While the Eleventh Circuit held differently in *Belfast*, that decision is not binding on the Third Circuit, and the Third Circuit has not spoken on this issue.  It is Defendant's position that *Belfast* was wrongly decided specifically on finding rational relation.

*Matthew Comerford*

_____

Matthew T. Comerford, Esq.

*Curt Parkins*

_____

Curt M. Parkins, Esq.

*Shrive Law*

*Jason Shrive*

_____

Jason A. Shrive, Esq.

Attorneys for Defendant