# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 18-CR-97 |
| | : | |
| ROSS ROGGIO | : | |
| ROGGIO CONSULTING, LLC | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO SUPPRESS**

Defendant was charged via Indictment on March 20, 2018, with Conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and related offenses. The Government filed a Superseding Indictment on February 15, 2022, adding charges of Conspiracy to Commit Torture and Torture under the Torture Act, 18 U.S.C. § 2340, *et seq*. Following Defendant's retention of new counsel, the Court granted an extension of time to file pretrial motions limited to the Torture charges added in the Superseding Indictment. Pursuant to that extension, Defendant has filed a Motion to Suppress and now files the instant Brief in Support of that Motion.

In discovery, the Government has turned over recordings from Defendant's home and/or office which were secretly and surreptitiously taken by an individual without Defendant's consent. The Government intends to admit this at trial as a purported admission by Defendant that he committed torture. These recordings are unlawful wiretaps and must be suppressed.

It is generally unlawful under federal law for an individual to intercept oral communications. 18 U.S.C. § 2511(1). There is an exception to this rule for an individual not acting under color of law where one party to an oral conversation, consents to its recording. 18 U.S.C. § 2511(2)(d). However, this exception does not apply where "such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any state." *Id*. The Government cannot use evidence received in violation of §2511 in a criminal trial against an accused. See *United States v. Antoon*, 933 F.2d 200, 203 (3d Cir. 1991) (citing 18 U.S.C. § 2511(1)(d)). The burden of proof when a Defendant seeks suppression of a § 2511 communication is upon the Government to establish admissibility. See *United States v. Ligambi*, 891 F.Supp.2d 709, 716 (E.D. Pa. 2012).

The recordings in this matter must be suppressed for two reasons. First, the recordings in this matter are voluminous and span hours. They include not only conversations of the person who recorded the audio, but private conversations between others. They contain conversations between individuals, none of whom consented to the communication. The statute prohibits any intercept that does not have at least one party consent. Therefore, the recordings must be suppressed.

Second, the exception for one party consent does not apply because these communications were intercepted for the purpose of committing criminal and

tortious acts. The individual making the recordings made them for the purposes of committing blackmail. In fact, the individual actually committed blackmail with the recordings, sending the recordings to Defendants and threatening to expose the recordings if they did not comply with that individual's commands. Defendant requests a full evidentiary hearing in this matter, and, if the Government meets its initial burden of admissibility, Defendant will present witnesses to establish this blackmail and the inadmissibility of the evidence.

Respectfully Submitted

*Comerford Law*

*Matthew Comerford*
_____
Matthew T. Comerford, Esq.

*Curt Parkins*
_____
Curt M. Parkins, Esq.

*Shrive Law*

*Jason Shrive*
_____
Jason A. Shrive, Esq.

Attorneys for Defendant