IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 18-CR-97 |
| | : | |
| ROSS ROGGIO | : | |
| ROGGIO CONSULTING, LLC | : | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO SUPPRESS**

Defendant was charged via Indictment on March 20, 2018, with Conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and related offenses. The Government filed a Superseding Indictment on February 15, 2022, adding charges of Conspiracy to Commit Torture and Torture under the Torture Act, 18 U.S.C. § 2340, *et seq*.  Following Defendant's retention of new counsel, the Court granted an extension of time to file pretrial motions limited to the Torture charges added in the Superseding Indictment. Pursuant to that extension, Defendant filed a Motion to Suppress and a Brief in Support of that Motion.  Following the Government's response, Defendant files the instant reply brief.

Defendant has moved to suppress an audio recording surreptitiously taken without his consent in violation of 18 U.S.C. § 2511(2)(d).  As a preliminary matter, it must be noted that the Government goes to great lengths to quote and present to the Court large portions of the content of these recordings.  These quotes

are immaterial, and their inflammatory content is designed by the Government only to elicit an emotional, rather than reasoned, response from the Court. The content of the recording is irrelevant to the question of whether the recordings should be admitted. Rather, the only salient question is whether the recordings were made in a lawful manner.

Regarding the manner in which these recordings were taken, it was unlawful under 18 U.S.C. § 2511(2)(d), because the purpose for the recording was to commit blackmail. The Government claims that Defendant has not proffered sufficient evidence to warrant a hearing on this issue. If the court holds a hearing in this matter, Defendant will present up to three separate witnesses who will testify as follows:

- Shortly after the recording at issue was taken, Defendant was having dinner with two individuals.

- During this dinner, Defendant received a call from the individual who took the surreptitious recording.

- The call was placed on speaker, and all three individuals present could hear what the individual who took the surreptitious recording was saying.

- The individual who took the surreptitious recording threatened to publicly expose Defendant, tell Defendant's wife about his affairs, and potentially have him criminally charged with the content of the surreptitious recording.

- The individually specifically threatened to do this unless Defendant paid her 10,000 euros.

Furthermore, the Government claims that nevertheless the recordings were not made with the purpose of blackmail at the time they were taken; rather, the Government claims, the recordings were made because the recorder was in fear of Defendant and did not want to spend time in his presence.  To the contrary, the facts that would be established at a hearing on this matter are as follows:

- The recordings at issue take place for over ten hours and bely the assertion that this was a brief meeting in which the recorder recorded merely because she was in fear.

- The recorder spent the night at Defendant's apartment that night.

- The recorder had sexual relations with Defendant that night.

- The recorder continued to voluntarily return to Defendant's apartment to spend the night and have sexual relations numerous times thereafter.

All of the foregoing bely the fact that the recorder acted because she was in fear.

As noted in the Government's Brief, to warrant a hearing, a Defendant must allege sufficiently specific facts to demonstrate the entitlement to relief and that there is in fact a dispute of material fact relevant to then motion.  There are two specific issues of material fact that are contested by the Government: (1) whether the recorder committed blackmail or a criminal act in recording Defendant; and (2) whether this was the recorder's primary purpose when she made the recording. Certainly, the facts proffered above are sufficiently specific to illustrate this disputed issue of fact and, if proven at a hearing, would warrant the relief sought.

They are more than conclusory assertions and detail exactly what will be proven and why that would lead to relief.  Therefore, Defendant is entitled to a hearing.

The Government asks for a hearing to be held at the time of trial because they have a witness travelling in from out of the country.  Likewise, Defendant has two potential suppression witnesses he is attempting to arrange to come here from out of the country.  That does not mean that resolution of this issue should be delayed until trial.  This is set to be a complex, month-long trial.  The torture charge alone carries a likely twenty year sentence.  A conviction on multiple counts in this matter would likely be a *de facto* life sentence.  The only concrete piece of evidence in the Government's possession on the torture charge is the recording at issue.  It is the key to the trial.  It would not be just to require Defendant to wait for trial to have a disposition on this issue.  As it is the most important piece of evidence, Defendant needs to know in advance of trial, in order to sufficiently and effectively prepare for and strategize for trial, whether or not this piece of evidence is coming in.  It would be fundamentally unfair and adverse to justice and judicial economy to hold a mid-trial hearing.  Neither party would be able to prepare an accurate or effective opening if this were the case. It could also affect the types of questions counsel may wish to ask in jury selection.   There is no good faith reason for the Government to ask for such an important hearing to be delayed.  While there are international witnesses, Defendant has those as well and

will be placed with the same burden as the Government. The mere location of a witness cannot take precedence over fairness and the rights of the Defendant. Therefore, a hearing should be held now, rather than at trial.

    Respectfully Submitted

    *Comerford Law*

    *Matthew Comerford*
    _____
    Matthew T. Comerford, Esq.

    *Curt Parkins*
    _____
    Curt M. Parkins, Esq.

    *Shrive Law*

    *Jason Shrive*
    _____
    Jason A. Shrive, Esq.

    Attorneys for Defendant