IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 18-CR-97 |
| | : | |
| ROSS ROGGIO | : | |
| ROGGIO CONSULTING, LLC | : | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR EARLY DISCLOSURE OF *JENCKS* MATERIAL**

Defendant was charged via Indictment on March 20, 2018, with Conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and related offenses. The Government filed a Superseding Indictment on February 15, 2022, adding charges of Conspiracy to Commit Torture and Torture under the Torture Act, 18 U.S.C. § 2340, *et seq*. Following Defendant's retention of new counsel, the Court granted an extension of time to file pretrial motions limited to the Torture charges added in the Superseding Indictment. Pursuant to that extension, Defendant has filed a Motion for Early Disclosure of *Jencks* Material and a Brief in Support of that Motion. Following the Government's response, Defendant files the instant reply brief.

The Government claims that Defendant has not established a particularized need for early disclosure of witness statements. In doing so, the Government glosses over the most important aspect of Defendant's argument. The fact of the matter is that nearly all of the potential witnesses in this matter – on both sides –

live internationally.  Witnesses range from being currently located in Iraq to Estonia to Germany to the Philippines.  Assembling and producing necessary witnesses for trial is, frankly, a virtual nightmare.  All witnesses called at trial will have had to have been identified, arranged, and produced well in advance of trial.  Defendant cannot do so without more information about what will be presented at trial.

The Government seems to say in its brief that the Defendant knows everything that he could possibly know against the allegations in this case to properly defend it.  This is extraordinarily naïve, particularly given the limited information contained in the indictment and lack of discovery obligations upon the Government. Defendant cannot possibly hope to know who all the Governments trial witnesses are or what these individuals are going to testify to.  The Government's assertion that "the language in the Superseding Indictment makes clear the evidence the Government will produce."  Frankly, the Indictment says little more than Defendant committed torture.  For the Government to claim that this sufficiently places Defendant on notice of what evidence will be presented in a near month-long trial strains the bounds of credulity.

In an ordinary trial – concerned with crimes occurring principally in the Middle District – a defendant could produce witnesses mid-trial based on what the Government's witnesses testify to.  That cannot possibly be accomplished in this

case. This is not an ordinary case. It is only the third time this crime has been charged in the United States. When a witness testifies at trial for the Government, if they testify to something unknown or unanticipated, Defendant could then be in the position of having to immediately produce a witness from Iraq that is necessary to his defense. That is simply not feasible, and for the Government to argue that Defendant could adequately defend himself without some idea of what will be presented at trial is ludicrous.

 The fact of the matter is that Defendant cannot possibly prepare a defense in this case without knowing what witnesses the Government will call and what those witnesses are anticipated to testify to. Because all of the potential witnesses are international, travel plans must be arranged, tickets and accommodations must be purchased. This all must be done in advance. It cannot possibly be done on the fly at trial. It is simply not reasonable for the Government to claim otherwise. When the Government inevitably produces information at trial that Defendant was unaware of, what would they have the Court do? Defendant would have to ask for trial to be held in abeyance for numerous weeks to produce witnesses. That is not in the interests of judicial economy or of justice.

 The Government claims that Defendant does not need the discovery in order to produce his witnesses. This, while technically true, is not realistic. It may be if Defendant was a millionaire with access to vast sums of wealth. The Government

claims that Defendant can still produce his witnesses. Defendant would be in the position of producing nearly 100 international witnesses because they could potentially be relevant, when only a small number of these would likely be necessary based on what may or may not be presented at trial. This is not economical or efficient and should not be expected of Defendant. If the discovery is provided, Defendant can identify and limit the potential witnesses. Therefore the Court should order the Government to turn over any material – whether it be *Brady*, *Jencks*, or *Giglio* – including a witness list well in advance of trial so that Defendant can prepare to present a defense at trial.

    Respectfully Submitted

    *Comerford Law*

    *Matthew Comerford*
    _____
    Matthew T. Comerford, Esq.

    *Curt Parkins*
    _____
    Curt M. Parkins, Esq.

    *Shrive Law*

    *Jason Shrive*
    _____
    Jason A. Shrive, Esq.

    Attorneys for Defendants