## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 18-CR-97 |
| | : | |
| ROSS ROGGIO | : | |
| ROGGIO CONSULTING, LLC | : | |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR A BILL OF PARTICULARS

Defendant was charged via Indictment on March 20, 2018, with Conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and related offenses. The Government filed a Superseding Indictment on February 15, 2022, adding charges of Conspiracy to Commit Torture and Torture under the Torture Act, 18 U.S.C. § 2340, *et seq*. Following Defendant's retention of new counsel, the Court granted an extension of time to file pretrial motions limited to the Torture charges added in the Superseding Indictment. Pursuant to that extension, Defendant filed a Motion for a Bill of Particulars. Following the Government's response, Defendant files the instant Reply Brief.

Defendant has moved for a Bill of Particulars, requesting that the Government describe with particularity the precise location in and at which Defendant allegedly committed torture, and provide the specific identities of any alleged co-conspirators to Count I of the Superseding Indictment.

1

The aforementioned requests are not a fishing expedition or an attempt by the Defense to use the Bill of Particulars as a discovery tool, as suggested by the Government. The information sought goes directly to the Defendant's ability to know and understand the charges against him and to prepare a defense to the same. The Defendant is seeking the aforementioned information for the very purpose of a Bill of Particulars, which is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005)*(quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1972)).

I.   **Describe with particularity the precise location in and at which Defendant allegedly committed torture.**

As indicated in Defendant's Brief in Support, here the location of the incident is a specific element of the offense, and this offense is unlike other offenses where the location of an incident is otherwise relevant only to jurisdiction and venue.  18 U.S.C. § 2340A.  Specifically, the offense of torture requires that the act be committed outside of the United States.  18 U.S.C. § 2340A(a).  This refers to acts outside of United States jurisdiction. Whether the acts alleged occurred on a U.S. Military Base or Installation, a Coalition Military Base or Installation, or some other type of facility that is owned and/or operated by the

U.S. Government or Coalition forces, like a Black Operations Site, is material information that goes directly to an element of the offense.

The Government has indicated a vague and broad geographic location of the Kurdistan region of Iraq, on the outskirts of Sulaymaniyah, at a Kurdish military compound. The Government is in a much better position to specifically identify that military compound, by name and location, so that the Defense can investigate and confirm the same, and to determine if the site of the alleged torture was not in fact within the jurisdiction of the United States, such as on a U.S. Military Base or Installation, a Coalition Military Base or Installation, or some other type of facility that is owned and/or operated by the U.S. Government or Coalition forces, like a Black Operations Site.

The Government's argument and citations to *United States v. Curtis*, No. 3:17-CR-0007, 2020 WL 3898983, at 7* (M.D. Pa. July 10, 2020) (Mariani, J.) and *United States v. Jones*, 447 F. App'x 319, 323 (3d Cir. 2011), are inapposite herein, as neither case dealt with a crime where the location of the offense, was a specific element of the offense. Here the Government must specifically prove that the alleged torture took place "outside of the United States". 18 U.S.C. § 2340A(a).

As to the Government's argument that the United States, for purposes of the relevant statute, means "the several States of the Unites States, the District of Columbia, and the commonwealths, territories, and possessions of the United

States" per 18 U.S.C. § 2340(3), and that this definition is clear enough to end the inquiry and place the Defendant on sufficient notice, it does not account for the term "possessions" of the United States and what the potential meaning of that term could result in for purposes of the torture statute's application. The vague and broad geographic location, that the Government provided, for the alleged torture site, may very well encompass "possessions" of the United States, such as a U.S. Military Base or Installation, a Coalition Military Base or Installation, or some other type of facility that is owned and/or operated by the U.S. Government or Coalition forces, like a Black Operations Site.

The Government's contention that the "special maritime and territorial jurisdiction of the United States", which in some instances covers U.S. diplomatic and military facilities located in foreign countries, should not be conflated with the statute's definition of "United States", does not have support in any controlling statutory authority or case law, that the Defense is aware of, and no such authority has been cited by the Government. In 18 U.S.C. § 7(9), the term "special maritime and territorial jurisdiction of the United States", as used in this title, includes:

> **(9)** With respect to offenses committed by or against a national of the United States as that term is used in section 101 of the Immigration and Nationality Act—
>
> **(A)** the premises of United States diplomatic, consular, military or other United States Government missions or entities in foreign States, including the buildings, parts of buildings, and land

appurtenant or ancillary thereto or used for purposes of those missions or entities, irrespective of ownership; and

**(B)** residences in foreign States and the land appurtenant or ancillary thereto, irrespective of ownership, used for purposes of those missions or entities or used by United States personnel assigned to those missions or entities.

As a result of the potential for the "special maritime and territorial jurisdiction of the United States," to be applicable to the definition of the "United States" in the torture statute, this Honorable Court should Order the Government to produce a Bill of Particulars with specificity of location of the alleged torture site.

## II.     State the identities of any alleged co-conspirators to Count I of the Superseding Indictment.

As indicated in Defendant's Brief in Support, the identity of co-conspirators goes directly to one of the elements of the offense. Specifically, the torture statute requires that Defendant acted under color of law. 18 U.S.C. §§ 2340, 2340A(a). It should be undisputed that Defendant is not a state actor. Defendant is not a member of the Kurdish Government or any branch of that Government. He was not a state actor. The only way the Government can establish he acted under color of law is by his relationships with such individuals – hence, the conspiracy charge.

The identity of the so called "Kurdish soldiers" is a necessary prerequisite to the Defendant's ability to prepare a defense to the color of law element of the torture charge and the agreement element of the conspiracy charge. The Government alleges that:

5

> "the soldiers wore military uniforms, were armed with military weapons, and were part of a military force, that also conducted military operations. The torture took place on a securely guarded Kurdish military compound on which soldiers lived and worked."

However, this description could also identify United States Military Personnel, Coalition forces, and/or U.S. Intelligence Officers or Contractors. The allegation that the same occurred on a "securely guarded Kurdish military compound" falls flat without the information requested in Section I above, to establish the specific location of the torture site.

This instant case is again different from the run of the mill conspiracy charge, as the torture charge carries as an element of the offense that the Government prove that the Defendant acted under color of law. Therefore, this Honorable Court should Order the Government to produce a Bill of Particulars with the identities of any alleged co-conspirators to Count I of the Superseding Indictment.

Respectfully Submitted

*Shrive Law, LLC*

*Jason A. Shrive*

_____

Jason A. Shrive, Esq.

*Comerford Law*

*Matthew Comerford*

_____

Matthew T. Comerford, Esq.

6

*Curt Parkins*

_____

Curt M. Parkins, Esq.

Attorneys for Defendant