21 November 2022

Ross W Roggio

Case No.3:CR-18-0097



Honorable Judge Robert D. Mariani,

I have received from the Court your order dated Nov 16,2022.

During the early stages of this case, there has been a number of extensions for time filed and requested by my counsel. These requests where granted. Any and all extensions of time where related to my attorney Gino Bartolai's needing the extension. Since the Superseding Indictment of February 15, 2022 there has only been one extension applied for and received. In a email dated June 8, 2022 I expressed dissatisfaction with the extension of time. Gino Brartolai explained in a letter dated June 15, 2022 he understood my dissatisfaction and that he required the time to prepare for trial.

I have since my letter to the Court of November 7, 2022 has seen a number of attorneys. My attorney of choice cannot enter unless he is granted time to prepare and modify or submit pretrial motions. This also applies to my second and third choice of counsel.

I am asking for a extension to prepare for trial and to allow pretrial motions.

In _Randolph v. Sec'y Pa. Dep't of Corr, 5f.4th 362_ "The Supreme Court has long recognized that the 6th Amendement also ensures the right of a defendent to retain his preferred counsel", see _Powell v. Alabama 287, US 45 (1932)_ " It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his choice"

In _Fuler v. Diesslin, 868 F.2d, 604_ "A trial courts arbitrary denial of defendant's request for her counsel of choice requires

1

per se reversal" " A defendants decision to select a particular attorney becomes critical to the type of defense he will make and that falls within the ambit of the US Cons. Amend. VI"

In _Linton v.Perini, 656 F.2d 207,209_ " A trial court acting in the name of calendar control, cannot arbitrarily and unreasonably interfere with a clients right" to counsel of choice.

I am further asking for a reconsideration of you November 14, 2022 order not to allow pretrial motions to be submitted and or modified. I am asking under **FED R Crim P 12 (c)(3)** _United States v.Fattah 858 F3d,801 (3rd Cir 2017)_ for good cause.

In _Reynoso v. Giurbino 462, f.3d 1099_ " Although trial counsel is typically afforded leeway in making tactical decisions regarding the trial strategy, Counsel cannot be said to have made a tactical decision without first procuring the information necessary to make such a decision"

In _United States v.Gray, 878 F.2d 702_ "Where the deficiencies in the counsel's performance are severe and cannot be characterized as the product of strategic judgement, ineffetiveness may be clear. Thus, failure to conduct any pretrial investigation generally constitutes a clear instance of ineffectiveness"

"Ineffectiveness is generally clear in the context of complete failure to investigate because counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when he has not yet obtained the facts on which such a decision could be made."

"The District Court found that Witherel's performance in conduction a reasonable pretrial investigation or determining that such a investigation was not necessary was so 'Severly Deficient' as to fail even the deferential test of attorney competence laid out in _Strickland. App. at 200_. Citing Witherel's testimony that he did not make any attempt to locate witnesses or to hire an investigator, the court found that Witherel completecy 'abdicated his duty to conduct a pretrial investigation' and left it entirely up to Gray himself to conduct the pretrial investigation"

There can be no doubt or reason to believe I could have anticipated the complete failure of my attorneys. I had requested numerous times to go over defense facts to no avail. I had given my attorneys the names of a number of witnesses that would have shed light on this case. In almost four months they have not attempted to do any investigating. Further Jim Sulima an investigator who was hired by my first counsel reached out to Curt Parkings shortly after Mr Parkins entered this case. Mr Sulima offered his services and was refused. At the time of refusal Mr Parkins had 10s of thousands of dollars in escrow.

In Mr Parkins letter to me dated November 16, 2022 he threatend me. If I do not "Behave" and continue to pay him. I quote " You will not have an investigator or expert witness" also " That attorney will be of our choosing." Also his veiled threat of " We will mount what the law requires- a vigorous, effective and ethical defense on your behalf: however if you continue to behave in the manner in which you are currently behaving and refuse to pay for our services, that is all you will receive." If I continue to pay him will I get a MORE Vigorous, MORE Effective and MORE Ethical defense? If I had received a vigorous, effective and ethical assistance. I would not be in this disadvantagous position.

As of the date of this letter, there is still 10s of thousands of dollars in escrow. The next payment was not due till December 1st under certain conditions. Mr Parkins has created a clear conflict of interest, by his material misrepresentations, his overbillings, his lack of effort and his ineffective assistance. The complete breakdown of trust cannot under any conditions be repaired. As was evident in his letter where he stated his desire to disclose confidetial attorney/client information.

His actions and that of the other attorneys during pretrial motions rendered me without any assistance of counsel during this crucial stage. To make a further point, three attorneys could not get a pretrial motion rebuttal submitted on time. They claim one attorney was sick for 10 days.

In granting me additional time to prepare and modify and or submit pretrial motions, I am aware that that time, would not count toward any Speedy Trial violations. The Prosecution can hardly claim prejudice as no witnesses have been called, or has any jury been seated.

I pray you grant my requests so that I may retain my counsel of choice. If my requests are not granted I will be unable to find counsel and will request that counsel be appointed.

Thank You

Ross Roggio

Name: Rosser Roggio
Lackawanna County Prison
1371 N Washington Avenue
Scranton, PA 18509-2840

RECEIVED
SCRANTON
NOV 28 2022
PER _____ DEPUTY CLERK

LEHIGH VALLEY PA 180
25 NOV 2022 PM 2 L

United States District Court
Middle District of Pennsylvania
Po Box 1148
235 N. Washington Ave
Scranton, PA 18501

18501-500195