UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:18-CR-97 |
| | ) | |
| v. | ) | (Judge Mariani) |
| | ) | |
| ROSS ROGGIO | ) | |
| ROGGIO CONSULTING CO, LLC. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE MOTIONS WHILE REPRESENTED BY RETAINED COUNSEL

## I. PROCEDURAL HISTORY

Defendant Ross Roggio was charged in a Superseding Indictment, on February 15, 2022, with torture, conspiracy to commit torture, and 37 counts related to the illegal export of firearms, firearms parts, and defense services. (Doc. 122). On June 3, 2022, this Honorable Court granted a joint motion to continue the trial and scheduled trial for February 6, 2023. (Doc. 150). On August 9 and 10, 2022, attorneys Matthew Thomas Comerford, Curt M. Parkins, and Jason A. Shrive entered appearances for Roggio. (Docs. 151-153). On August 16, 2022, the Court granted Roggio's previous, court-appointed counsel's motion to withdraw. (Doc. 156).

On August 15, 2022, new counsel requested an opportunity to file supplemental pretrial motions even though the time for such motions

had expired. (Doc. 154). On August 17, 2022, the Court granted the motion in part, giving new counsel until September 19, 2022, to file motions related to new allegations contained in the Superseding Indictment. (Doc. 157). In that order, the Court noted that its "last trial order, rescheduling trial to commence on February 6, 2023 (Doc. 150), was done with the express representation by counsel that there would be no further requests for continuances of the trial date and that the date ordered by the Court would be a date certain." The Court ultimately extended the new pretrial motions deadline to October 14, 2022. (Doc. 165).

On October 14, 2022, Roggio's counsel filed motions (1) for a bill of particulars; (2) for early Jencks; (3) to dismiss the torture counts; and (4) to suppress evidence. (Docs. 166-173). On October 23 and 24, 2022, the Government filed briefs in opposition to each of the motions, as well as a voluntary Bill of Particulars. (Docs. 174-177). On November 7 and 17, 2022, Roggio's counsel filed reply briefs regarding three of the motions. (Docs. 179, 180, 184). Those motions are pending before the Court.

On November 14, 2022, a *pro se*, sealed letter from the defendant was docketed. (Doc. 181). On November 16, 2022, the Court issued an Order that said Roggio was free to hire new counsel, noted that the deadline for filing motions in limine had not yet passed, and denied Roggio's *pro se* request to alter the current pretrial schedule to allow additional pretrial filings. (Doc. 182). The Court also made clear that Roggio's three current counsel "shall continue their representation of Defendants until such time as new counsel enters an appearance."

In response, the defendant filed a *pro se* motion for reconsideration that was docketed on November 28, 2022. (Doc. 187). That *pro se* motion indicated that Roggio wishes to replace the retained counsel he hired just over three months ago with new retained counsel. The motion states: "My attorney of choice cannot enter unless he is granted time to prepare and modify or submit pretrial motions. This also applies to my second and third counsel of choice. I am asking for an extension to prepare for trial and to allow pretrial motions."

# II. ARGUMENT

## A. The Court should deny the relief sought in the represented defendant's *pro se* filing.

Roggio is represented by counsel – counsel he chose to retain just over three months ago to replace his court-appointed attorney. He does not have the right to simultaneously appear before the Court *pro se*.

> [The defendant's *pro se* motion] can be dismissed outright because he is not entitled to simultaneously be represented by counsel and appear before the Court pro se. *See McKaskle v. Wiggins*, 465 U.S. 168 (1984) ("A defendant does not have a constitutional right to choreograph special appearances by counsel."); *United States v. Schwyhart*, 123 F. App'x 62, 68 (3d Cir. 2005) (the Sixth Amendment does not "require a trial court to allow hybrid representation in which defendant and attorney essentially serve as co-counsel"); *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982).

*United States v. Rowland*, No. CR 18-00579-2, 2020 WL 7624946, at *2 (E.D. Pa. Dec. 21, 2020). *See also United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and *pro se*"); *Castillo v. Does*, No. 3:15-CV-00909, 2015 WL 9243903, at *4 (M.D. Pa. Oct. 15, 2015), *report and recommendation adopted*, No. 3:CV-15-909, 2015 WL 9223367 (M.D. Pa. Dec. 17, 2015), *aff'd sub nom. Castillo v. All Jane/John Does Staff/Supervisors From PA Ct. of Common Pleas Clerk of Cts.*, 672 F.

App'x 178 (3d Cir. 2016) ("Federal courts within the Third Circuit are also in agreement that there is no constitutional right to hybrid representation.").

Here Roggio is represented by counsel. He does not have the right to file *pro se* motions and other documents without leave of court. The Court has no obligation to rule on Roggio's *pro se* motions at the same time the Court is ruling on motions filed by Roggio's counsel. Roggio's *pro se* motions should be denied.

**B. The defendant has not shown good cause for why untimely, further pretrial motions should be permitted.**

Engaging the substance of the Roggio's *pro se* requests would be premature at this point. Roggio has placed in the public record a litany of complaints about his current retained counsel that they have not had the opportunity to address. A hearing might be required for the Court to inquire further into Roggio's claim that there has been a complete breakdown in trust with his current counsel that cannot be repaired. The Court's previous order made clear that "[b]ecause Defendant Roggio engaged private counsel, he may terminate their representation and obtain new counsel." (Doc. 182). Roggio, however, places conditions on any change in counsel, asserting that the unnamed attorneys who

purportedly stand ready to represent him will not do so unless the Court first grants an unspecified additional amount of time for them to file unspecified additional motions and unless the Court grants an unspecified additional amount of time for these new attorneys to prepare for a trial that is scheduled to begin in just over two months. Finally, though Roggio chose to replace his appointed counsel with his current retained counsel, he declares that “[i]f my requests are not granted I will be unable to find counsel and will request that counsel be appointed.”

Should the Court elect to rule on the substance of Roggio’s *pro se* requests based on the current record, the requests should be denied. Regarding Roggio’s *pro se* request for an unspecified additional amount of time to file pretrial motions, Federal Rule of Procedure 12(c)(3) states: “If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.”

In this case, Roggio already has filed three sets of pretrial motions. First, on February 29, 2019, when Roggio was represented by the Federal Public Defender’s Office, the defense filed motions for

disclosure of *Jencks* and suppression of evidence. (Docs. 46-49). Next, after his initial counsel was allowed to withdraw due to a conflict of interest (Docs. 50-51) and new counsel was appointed (Doc. 52), on June 15, 2020, with the Court's permission, the new appointed counsel filed a supplemental motion to suppress. (Doc. 64). A full evidentiary hearing followed by briefs resulted in these motions being denied by the Court on November 2, 2021. (Docs. 113 and 115). Finally, after the Superseding Indictment was returned by the Grand Jury, on October 14, 2022, Roggio's three current, retained counsel filed the four motions discussed above that are pending before the Court.

Roggio's current *pro se* motion for leave to file supplemental motions pursuant to Rule 12(c)(3) is deficient because through counsel the defendant already has filed three sets of pretrial motions. Roggio gives no indication in his *pro se* motion why additional motions are necessary or appropriate. Roggio's current counsel have filed all the pretrial motions they deem necessary after reviewing discovery and having consulted with the defendant. Additional, untimely motions should not be permitted under Federal Rule of Procedure 12(c)(3)

because timely motions have already been filed and no good cause has been shown to explain why additional motions are necessary.

Regarding Roggio's *pro se* request for an unspecified additional amount of time for an unnamed new counsel to prepare for trial, the Court must balance a defendant's right to counsel of his choice against the "legitimate interest in the efficient and effective dispensation of criminal justice." *Randolph v. Sec'y Pennsylvania Dep't of Corr.*, 5 F.4th 362, 374 (3d Cir. 2021), *cert. denied sub nom. Little v. Randolph*, 142 S. Ct. 1461 (2022). The Supreme Court has stated:

> Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel. *See Chambers v. Maroney*, 399 U.S. 42, 53–54, 90 S.Ct. 1975, 1982–1983, 26 L.Ed.2d 419 (1970). Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964).

*Morris v. Slappy*, 461 U.S. 1, 11–12 (1983).

To date, Roggio's current counsel have not asked to withdraw. All the Court has before it is Roggio's improper *pro se* filing in which he demands an unspecified additional amount of time for an unnamed fourth set of lawyers to represent him. The current record provides scant facts for the Court to undertake the required weighing of interests.

## III. CONCLUSION

For the foregoing reasons, Roggio's *pro se* motion and other documents filed by the represented defendant should be denied.

Dated: November 30, 2022

Respectfully submitted,

GERARD M. KARAM
United States Attorney

By: *Todd K. Hinkley*
Todd K. Hinkley
Assistant United States Attorney
235 North Washington Ave.
Scranton, PA 18503
Phone: 570-348-2800
Attorney ID PA-68881

KENNETH A. POLITE, JR.
Assistant Attorney General

By: *Patrick Jasperse*
Patrick Jasperse
Trial Attorney

Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section
1301 New York Avenue, NW
Washington, DC 20530
Phone: 202-616-8917

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **No. 3:18-CR-0097** |
| **v.** | : | |
| | : | **(Judge Mariani)** |
| **ROSS ROGGIO, and** | : | |
| **ROGGIO CONSULTING Co, LLC** | : | |
| **Defendants.** | : | **(electronically filed)** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on November 30, 2022, he served a copy of the attached **GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE MOTIONS WHILE REPRESENTED BY RETAINED COUNSEL**

by electronic means to:

Matthew T. Comerford
matt@comerfordparkins.com

Curt M. Parkins
curt@comerfordparkins.com

Jason A. Shrive
jshrive@shrivelaw.com

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant United States Attorney