THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : 3:18-cr-0097 |
| v. | : (Judge Mariani) |
| | : |
| ROSS ROGGIO, | : |
| ROGGIO CONSULTING, LLC, | : |
| | : |
| Defendants. | : |

**MEMORANDUM OPINION**

Defendant's Motion for Bill of Particulars (Doc. 166) is pending before the Court. In the supporting brief, Defendant Roggio requests that the Government describe with particularity the precise location at which Defendant Roggio allegedly committed torture and state the identities of any alleged coconspirators to Count 1 of the Superseding Indictment. (Doc. 167 at 3-6.) The Government responds that further particularity is not required regarding the location of the torture or the identity of the coconspirators. (Doc. 177 at 4-12.) The Government also filed a Bill of Particulars in which it provides a more specific location for the Kurdish military compound referenced in Counts One and Two of the Superseding Indictment ("the outskirts of Sulaymaniyah, in the Kurdistan region of Iraq") and additional information about those with whom Defendant Roggio allegedly conspired in Count One and allegedly acted jointly with and aided and abetted in Count Two ("Kurdish soldiers acting under color of state law"). (Doc. 178 at 1.) In his reply brief, Defendant Roggio continues to seek additional information, stating that the location identified is insufficient (Doc. 184 at 3) and "the identity of the so called "'Kurdish soldiers' is a necessary prerequisite to the

Defendant's ability to prepare a defense to the color of law element of the torture charge and the agreement of the conspiracy charge" (*id.* at 5).

Federal Rule of Criminal Procedure 7 provides in relevant part that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The rule further states that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days of arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). "[T]he granting of a bill of particulars remains a discretionary matter with the trial court." *United States v. Addonizio*, 451 F.2d 48, 64 (3d Cir. 1971). "The denial of a motion for a bill of particulars does not amount to an abuse of discretion unless the deprivation of the information sought leads to the defendant's inability to adequately prepare his case, to avoid a surprise at trial, or to avoid the later risk of double jeopardy." *Id.* "Case law . . . recognizes that motions for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) (citing *Addonizio,* 451 F.2d at 62–63).

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense . . . ." *Id.* at 63-64. "A bill of particulars should fulfill this function 'when the indictment itself is too vague and indefinite for

such purposes.'" *Id.* at 64 (quoting *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)). As the Third Circuit explained,

> A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. *See, e.g., United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir.); *cert. denied*, 442 U.S. 919, 99 S. Ct. 2843, 61 L.Ed.2d 287 (1979); 8 Moore's Federal Practice ¶ 7.06[1] (2nd, 1985 Rev.). Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation. *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971). More importantly, a bill of particulars, like the indictment, is designed to define and limit the government's case.

*United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).

In addition, the Third Circuit has "emphasized that the need for a bill of particulars is obviated in those cases where the Government supplements a detailed charging document with substantial discovery. In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment." *United States v. Hayes*, Crim. No. -7-CR-293, 2007 WL 3085998, at *1 (M.D. Pa. Oct. 19, 2007) (citing *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2004); *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972)).

"An indictment is generally deemed sufficient if it: (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United*

3

States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007) (internal citations and quotations omitted). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy" and thus an indictment will generally "satisfy the requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." United States v. Huet, 665 F.3d 588, 595 (3d Cir. 2012) (internal citations and quotations omitted).

In Count One and Two of the Superseding Indictment, Defendant Roggio is charged with violating 18 U.S.C. § 2340A which provides as follows:

> **(a) Offense**.--Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life.
>
> **(b) Jurisdiction**.--There is jurisdiction over the activity prohibited in subsection (a) if—
>
>   **(1)** the alleged offender is a national of the United States; or
>
>   **(2)** the alleged offender is present in the United States, irrespective of the nationality of the victim or alleged offender.
>
> **(c) Conspiracy.**--A person who conspires to commit an offense under this section shall be subject to the same penalties (other than the penalty of death) as the penalties prescribed for the offense, the commission of which was the object of the conspiracy.

18 U.S.C. § 2340A. "Torture" is defined as "an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other

4

than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control." 18 U.S.C. § 2340(1). "'United States' means the several States of the United States, the District of Columbia, and the commonwealths, territories, and possessions of the United States." 18 U.S.C. § 2340(3).

The Court concludes that the Superseding Indictment (Doc. 122) together with the Bill of Particulars (Doc. 178) sufficiently inform Defendant Roggio of the nature of the charges brought against him in Count One and Count Two of the Superseding Indictment to adequately prepare his defense. The Superseding Indictment alone is sufficient in that it "(1) contains the elements of the offense intended to be charged, [and] (2) sufficiently apprises the defendant of what he must be prepared to meet." *Vitillo*, 490 F.3d at 321. As set out above, the Bill of Particulars (Doc. 178) filed on October 24, 2022, in response to Defendants' Motion adds information regarding both the location of the alleged torture in Count Two and the identities of the alleged coconspirators in Count One and those with whom he allegedly acted jointly and aided and abetted in Count Two. *See supra* p.1. As to the latter, the Government adds that "if Roggio is asking for the names of the Kurdish soldiers, the Government does not have them." (Doc. 177 at 11.)

While Defendant Roggio does not deem the information provided to be sufficient, the Court does not find that he is entitled to the additional information he now seeks. Regarding location, rather than having shown an inability to prepare his defense or the likelihood of surprise at trial, *Rosa, 891* F.3d at 1066, Defendant has identified potential impediments to

the Government's proof of an element necessary to convict him of crimes charged in Counts One and Two. Further, based on his briefing of the issue, Defendant appears able to argue at trial that the location element has not been satisfied if, in fact, the precise location of the alleged torture gives rise to a doubt as to whether the Government can satisfy the location element of the offenses charged.

Similarly, as to the identity of the alleged Kurdish soldiers with whom Defendant Roggio allegedly acted in Counts One and Two, Defendant appears prepared to undermine the alleged identity of these individuals and the Government's assertion that they were state actors as required to convict Defendant Roggio on Count Two. Further, the Government cannot provide the specific identities of the individuals allegedly involved with Defendant Roggio if the Government does not have the names of these individuals as is stated in the opposition brief. (Doc. 177 at 11.)

For the foregoing reasons, the Court concludes that the Superseding Indictment and subsequent information provided to Defendants is sufficient to allow Defendant Roggio to prepare his defense to Counts One and Two of the Superseding Indictment and a lack of information is not likely to lead to prejudicial surprise at trial. Therefore, Defendant's Motion for Bill of Particulars (Doc. 166) will be denied. A separate Order will be entered.

_____
Robert D. Mariani
United States District Judge