THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  : 3:18-cr-0097
          v.                      : (Judge Mariani)
                                  :
ROSS ROGGIO,                      :
ROGGIO CONSULTING, LLC,           :
                                  :
          Defendants.             :

## MEMORANDUM OPINION

Defendant's Motion for Early Disclosure of Jencks Material (Doc. 168) is pending before the Court. In support of the motion, Defendant Roggio asserts that the Court should require early disclosure of *Jencks* material for two reasons related to the Government's Estonian witnesses and other possible witnesses who are from other countries, including Iraq. (Doc. 169 at 3.) First, Defendant contends that although the Government has represented that the Estonian witnesses' statements have been translated, he intends to invoke his right to have the statements reviewed by his own interpreter and, if the materials are not produced before the usual time, there will not be time to have them appropriately translated. (*Id.*) Second, Defendant states that "without knowing the content of the testimony of these witnesses, counsel cannot adequately determine who to call as witnesses to rebut the testimony." (*Id.*) Defendant also states that there is "potentially grand jury material currently in possession of the Government regarding these foreign witnesses." (*Id.*)

Defendant does not dispute the legal framework set out in the Court's Memorandum Opinion regarding his first Motion for Early Disclosure of Jencks Act Material (Doc. 48) which the Court denied by Memorandum and Order of November 2, 2021 (Docs. 114, 115). Therefore, the following legal framework applies to the pending motion

[T]the Jencks Act, 18 U.S.C. § 3500 . . .states, in pertinent part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the Government witness (other than the defendant) shall be the subject of a subpoena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. . . .
>
> . . . .
>
> (e) The term "statement," as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—
>
> . . . .
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.
>
> Federal Rule of Criminal Procedure 26.2 incorporates the Jencks Act into the federal discovery rules, and likewise limits discovery until after the witness has testified on direct examination. *See* Fed. R. Crim. P. 26.2. Likewise, Rules 16(a)(2) & (3) specifically exclude statements made by prospective government witnesses, including grand jury testimony, from pretrial discovery except as provided under the Jencks Act. *See* Fed. R. Crim. P. 16.

Thus, as this Court has stated, "with respect to prior statements of witnesses that the Government intends to call at the time of trial, both the Jencks Act and the Federal Rules of Criminal Procedure make clear that the Government does not need to turn over the information requested by Defendant in this case until the witness whose statement is at issue has testified on direct examination at trial." *United States v. Delacruz*, No. 3:17-CR-00201, 2019 U.S. Dist. LEXIS 67018, at *32 (M.D. Pa. Apr. 19, 2019) (Mariani, J.). *See United States v. Merlino*, 349 F.3d 144, 155 (3d Cir. 2003) ("[Jencks] disclosures must be made after each witness testifies on direct examination") (emphasis added); *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978) ("[T]he Jencks Act flatly states that disclosure of prior statements by government witnesses may not be compelled until said witness has testified on direct examination in the trial of the case.") (emphasis in original; internal quotation omitted).

. . . [A] party seeking disclosure of grand jury material under Federal Rules of Criminal Procedure 6(e) must demonstrate a "particularized need" that overrides the secrecy afforded to the grand jury process. (Doc. 55 at 8 (quoting *United States v. Salerno*, 2011 U.S. Dist. LEXIS 141655 at *29-30 (M.D. Pa. Dec. 9, 2011) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)).) . . . The Supreme Court's view on grand jury secrecy is clear:

> [It is a] long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts. . . . This 'indispensable secrecy of grand jury proceedings' . . . must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity.

*Proctor & Gamble Co.*, 356 U.S. at 681-82 (internal citations omitted)). A "vague allegation" of wrongdoing does not constitute a particularized need. *United States v. Minerd*, 299 Fed. App'x 110, 111-12 (3d Cir. 2008). *See also United States v. Donahue*, 2012 U.S. Dist. LEXIS 96613, *7 (M.D. Pa. Jul. 12, 2012) ("[A] conclusory allegation alone . . . does not demonstrate a particularized need for disclosure.") With respect to grand jury transcripts, while impeachment purposes may satisfy the particularized need requirement, the court cannot make that determination until trial, so early disclosure is unwarranted. *See In re Grand Jury Matter*, 682 F.2d 61, 66 (3d Cir. 1982).

"As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *Proctor & Gamble*

3

> *Co.*, 356 U.S. at 682. In order to obtain grand jury material under Federal Rule of Criminal Procedure 6(e), a party "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need to disclose is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Ca. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

(Doc. 114 at 1-4 (quoting Doc. 55 at 6-10).)

The Court first notes that beyond Defendant's statement there is "potentially grand jury material currently in possession of the Government regarding these foreign witnesses" (Doc. 169 at 3), Defendant does not provide further information or argument regarding rand jury material. Therefore, the Court will not further discuss the issue.

The Government asserts that, in this case, "[c]onsistent with the practice of the U.S. Attorney's Office for the Middle District of Pennsylvania, all *Jencks* material will likely be turned over to the defendants in the week prior to the commencement of trial." (Doc. 174 at 6.) The Government adds that

> "[i]t is not within the power of the District Courts to accelerate this timetable." *United States v. Moyer*, 726 F. Supp. 2d 498, 513 (M.D. Pa. 2010). *See United States v. Barry*, 2011 U.S. Dist. LEXIS 102354, *23 (M.D. Pa. Sept. 12, 2011) ("District courts do not have the discretion to compel the early disclosure of Jencks material."); *see also United States v. Salerno*, 2011 U.S. Dist. LEXIS 141655, *25 (M.D. Pa. Dec. 9, 2011) ("Although the Government may choose to provide the material earlier as a courtesy, . . . nothing in the Jencks Act, the Federal Rules of Criminal Procedure, or the precedent of the Third Circuit requires it.").

(Doc. 174 at 6-7.)

In his reply brief, Defendant provides no authority which counters the Government's assertion that early disclosure of *Jencks* material is at the discretion of the Government

4

rather than the Court. (*See* Doc. 180.) Nor does Defendant refute the Government's assertion that authority cited in Defendant's supporting brief for the proposition that early disclosure of *Jencks* material is warranted here to allow Defendant to effectively impeach a witness's credibility does not pertain to Jencks material but rather addresses the disclosure of *Giglio* and *Brady* material. (Doc. 174 at 7-9 (citing Doc. 169).)

The Government also specifically counters Defendant's need for the requested *Jencks* material. As to Defendant's first basis for early disclosure, the Government responds that it has offered to enable timely independent translation of the Estonian interview reports. (Doc. 174 at 9.)

> What Roggio fails to mention is that the Government has communicated with counsel regarding this issue. As explained above, the Government has offered to work with the defense to permit independent translation – but not early disclosure – of the interview reports. If the defense proffers a certified translation service, the Government will provide the original Estonian reports to the translation service, the translation service will provide its translations to the Government, and when the Government makes its Jencks disclosures, it will turn over those translations together with the Government's translations. This proposed accommodation affords the defense the opportunity to obtain independent translations, while allowing the Government to limit disclosure of non-Brady witness interviews not subject to Jencks.

(Doc. 174 at 9-10.)

The Court finds that the Government's proposed accommodation effectively addresses Defendant's first basis for early disclosure of *Jencks* material in that it affords Defendant the opportunity to invoke "the right to have his own interpreter review the relevant documents for accuracy and/or create an independent translation" (Doc. 169 at 3). Thus,

5

Defendant's motion is appropriately denied on the first basis alleged in support of early disclosure.

The Court also concludes that the Superseding Indictment contains sufficient information for Defendant to mount a defense to the torture charges contained in Counts One and Two of the superseding Indictment. If, as Defendant asserts, there are "100 different witnesses who potentially possess relevant knowledge" as to the torture charges, Defendant is in a position to discern the relative importance of a potential defense witness's testimony before receiving the *Jencks* material sought based on the details provided on Counts One and Two in the Superseding Indictment and other information received in discovery.[1] Thus, while it may not be "feasible for Defendant to be able to produce these witnesses on a dime when information is learned at or near the time of trial" (Doc. 169 at 4; *see also* Doc. 180 at 3-4), the information provided in the Superseding Indictment and related information provided to Defendant should allow Defendant to plan ahead for those witnesses whom he determines will be able to support a defense to the torture charges. It follows that last-minute travel arrangements and translations will not be necessary-- travel arrangements for defense witnesses can be made well in advance of trial and documents relevant to their testimony can be translated ahead of time.

---

[1] In addition to the Bill of Particulars filed on October 24, 2022 (Doc. 178), briefing of other pretrial motions indicates that Defendant has also been provided audio recordings directly related to the torture charge (see Docs. 173, 175, 179).

Finally, the Court agrees with Defendant that "[t]his is not an ordinary case" (Doc. 180 at 3) and the torture charge "is a rare charge in this or any Circuit" (Doc. 169 at 5). However, as stated by the Government, "[t]he testimony likely to be elicited by the Government to prove these acts is not complicated." (Doc. 174 at 13.)

In Count One and Two of the Superseding Indictment, Defendant Roggio is charged with violating 18 U.S.C. § 2340A which provides as follows:

> **(a) Offense**.--Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life.
>
> **(b) Jurisdiction**.--There is jurisdiction over the activity prohibited in subsection (a) if—
>
>   **(1)** the alleged offender is a national of the United States; or
>
>   **(2)** the alleged offender is present in the United States, irrespective of the nationality of the victim or alleged offender.
>
> **(c) Conspiracy**.--A person who conspires to commit an offense under this section shall be subject to the same penalties (other than the penalty of death) as the penalties prescribed for the offense, the commission of which was the object of the conspiracy.

18 U.S.C. § 2340A.  "Torture" is defined as "an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control." 18 U.S.C. § 2340(1). "'United States' means the several States of the

United States, the District of Columbia, and the commonwealths, territories, and possessions of the United States." 18 U.S.C. § 2340(3).

Concerning Defendant's Motion for Bill of Particulars (Doc. 166), the Court concluded that "the Superseding Indictment (Doc. 122) together with the Bill of Particulars (Doc. 178) sufficiently inform Defendant Roggio of the nature of the charges brought against him in Count One and Count Two of the Superseding Indictment to adequately prepare his defense." (Doc. 189 at 5.) The Court also concluded that a lack of information was "not likely to lead to prejudicial surprise at trial." (*Id.* at 6.) The Court has no reason to arrive at a different conclusion here. Although the torture charges are rare, as the Court determined in the Memorandum Opinion addressing the Motion for Bill of Particulars, they are not so complex as to warrant consideration which differs from the norm. (*See id.*) Therefore, Defendant's Motion for Early Disclosure of Jencks Material (Doc. 168) will be denied. A separate Order will be entered.

Robert D. Mariani
United States District Judge