# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : 3:18-cr-0097 |
| v. | : (Judge Mariani) |
| | : |
| ROSS ROGGIO, | : |
| ROGGIO CONSULTING, LLC, | : |
| | : |
| Defendants. | : |

## ORDER

The background of this Order is as follows:

Defendant's Motion to Dismiss Counts I and II of the Superseding Indictment (Doc. 170) is pending before the Court. In the supporting brief, Defendant states that he seeks dismissal of these counts which allege Conspiracy to Commit Torture and Torture under the Torture Act, 18 U.S.C. § 2340, *et seq.* ("the Act") because "the Act is unconstitutional as the Constitution did not give Congress the power to enact this Act or to regulate extraterritorial conduct of United States Citizens." (Doc. 171 at 1.) The basis for this assertion is that the Act differs from the Convention Against Torture ("CAT"), the treaty pursuant to which the Act was passed. (Doc. 171 at 1-4.)

Defendant specifically contends that

> [w]hile the Constitution gives the President the power to enter into treaties, U.S. Const. art. II § 2, cl. 2, Congress must enact legislation to implement such treaties. However, Congress' power to do so is limited to laws which are "necessary and proper for carrying into Execution" treaties entered into by the executive. U.S. Const. art. I, § 8, cl. 18; see also [*United States v. Belfast*, 611 F.3d 783, 804 (11th Cir. 2010)]. In order for a statute to pass constitutional

muster under the necessary and proper clause, the [statute] must be rationally related to the implementation of the treaty. *Belfast*, 611 F.3d at 805.

(Doc. 171 at 3.) Defendant posits that the CAT and the Act differ in three material ways:

> First, the CAT requires proof of motive; the Act does not. Second, the CAT requires that pain and suffering actually result; the Act requires only an intent for the same to result. Third, the CAT only applies to actions actually committed by public officials; the Act applies to anyone acting under color of law.

(*Id.*) On the basis of these differences, Defendant then concludes that "the divergence between the CAT and the Act renders the Act not rationally related to enactment of the CAT, and therefore, not constitutional under the necessary and proper clause" (*id.* at 3-4).

With this conclusion, Defendant recognizes that the Court of Appeals for the Eleventh Circuit determined in *Belfast* that the Act was not unconstitutional. (Doc. 171 at 4 n.1.) Defendant urges a different outcome here because *Belfast* "is not binding on the Third Circuit, and the Third Circuit has not spoken on this issue. It is Defendant's position that *Belfast* was wrongly decided specifically on finding rational relation." (*Id.*)

In *Belfast*, the Eleventh Circuit addresses the claims raised here by Defendant and concludes that the rational relationship test is satisfied and the Act is constitutional.

> Applying the rational relationship test in this case, we are satisfied that the Torture Act is a valid exercise of congressional power under the Necessary and Proper Clause, because the Torture Act tracks the provisions of the CAT in all material respects. The plain language of the CAT controls the analysis of its scope, *Sale v. Haitian Ctrs. Council, Inc.*, 509 U.S. 155, 194, 113 S.Ct. 2549, 125 L.Ed.2d 128 (1993), and the CAT declares broadly that its provisions are "without prejudice to any international instrument or national legislation which does or may contain provisions of wider application," CAT, art. 1(2). Put simply, the CAT created a floor, not a ceiling, for its signatories in their efforts to combat

2

torture. Moreover, settled rules of treaty interpretation require that we construe the CAT generously:

> In choosing between conflicting interpretations of a treaty obligation, a narrow and restricted construction is to be avoided as not consonant with the principles deemed controlling in the interpretation of international agreements. Considerations which should govern the diplomatic relations between nations, and the good faith of treaties, as well, require that their obligations should be liberally construed so as to effect the apparent intention of the parties to secure equality and reciprocity between them. For that reason if a treaty fairly admits of two constructions, one restricting the rights which may be claimed under it, and the other enlarging it, the more liberal construction is to be preferred.

*Factor v. Laubenheimer,* 290 U.S. 276, 293–94, 54 S.Ct. 191, 78 L.Ed. 315 (1933).

*Belfast,* 611 F.3d at 806–07. *Belfast* then specifically addresses each of the claims made by Defendant here and concludes that each is without merit. *Id.* at 807-09. After addressing numerous other claims raised by the defendant, *Belfast* reaches the overall conclusion that the "Torture Act's proscriptions against both torture and conspiracy to commit torture are constitutional, and may be applied to extraterritorial conduct." *Id.* at 828.

The Court finds no basis to diverge from *Belfast's* well-reasoned analysis of the three issues raised by Defendant in this Motion and the Eleventh Circuit's determination that the Act is constitutional. Therefore, Defendant's Motion to Dismiss Counts I and II of the Superseding Indictment (Doc. 170) is properly denied.[1]

---

[1] Defendant also states that

the Act is unconstitutional because it criminalizes isolated extraterritorial conduct by United States citizens. Congress' powers are limited to those set out in the Constitution. The

3

**ACCORDINGLY, THIS** \_\_2ND\_\_ **DAY OF DECEMBER 2022, IT IS HEREBY**

**ORDERED THAT** Defendant's Motion to Dismiss Counts I and II of the Superseding Indictment (Doc. 170) is **DENIED**.



Robert D. Mariani
United States District Judge

---

Constitution does not authorize Congress to regulate conduct by American citizens while outside of the United States which has no impact or relation to the United States.

(Doc. 171 at 4.) Defendant's assertions are not supported by argument or citation. Therefore, further discussion of matters raised is not warranted.