

**Curt M. Parkins, Esquire**
**538 Biden St., Suite 430**
**Scranton, PA 18503**
**Phone: 570-880-0777**
**Fax: 570-880-0476**
**curt@comerfordparkins.com**

December 6, 2022

The Honorable Robert Mariani
Via ECF

    Re:    USA v. Roggio; 18-CR-97

Dear Judge Mariani:

    I am writing regarding both the Court's request for logistical details for the scheduling of an evidentiary hearing as well as for the scheduling of a status conference on Mr. Roggio's recent *pro se* filings with the Court. By way of background, Attorney Comerford, Attorney Shrive, and I entered our appearance on behalf of Defendant on August 9, 2022. At that time we, as well as Mr. Roggio, were aware that because this was an exceptionally old case and witnesses had to be flown in from around the world, trial was scheduled for a date certain in February 2023, and would not be moved due to the change in counsel. However, due to new counsel being retained, the Court permitted pretrial motions to be filed. Counsel met with Defendant on numerous occasions for hours at a time in order to prepare these motions, briefs, and, ultimately, reply briefs. Using the information provided to us by Mr. Roggio, we proffered facts which we believed warranted an evidentiary hearing.

    On December 2, 2022, the Court issued orders denying three of Defendant's pretrial motions, but granting an evidentiary hearing on Defendant's Motion to Suppress. The Court indicated that the hearing would be scheduled at a later date. On December 5, 2022, in order to appropriately schedule enough time for the hearing, the Court's staff reached out to Counsel, inquiring as to the number of witnesses that would be presented, where these witnesses were located, and whether or not these witnesses would require translators.

    Prior to that point in time, Defendant had informed Counsel of the facts relating to the suppression issue and identified witnesses regarding the same. However, Defendant only provided this information generally, in terms of jobs and titles of individuals. He would not provide specifics as to names or contact information at that time. He refused Counsel's request to do so on multiple occasions. As of right now, Mr. Roggio is refusing to speak with Counsel or provide Counsel with information to respond to the Court's inquiry, claiming that Counsel has been terminated.

    We have previously sent Mr. Roggio the Court's order in response to Mr. Roggio's *pro se* filing indicating that Counsel had been terminated. The Court clearly told Mr. Roggio that he was free to hire whomever he wished but that no Counsel would be appointed by the Court, the trial would not be delayed, and current Counsel must remain on the case until new counsel is retained. Despite this, Mr. Roggio refuses to speak to Counsel, claiming that he has terminated us.

I have spoken to AUSA Hinkley, and we believe that it may be best to hold a status conference on the record in this matter. I believe that such a conference is necessary for three reasons. First of all, at the current time, Mr. Roggio is refusing to cooperate with Counsel and/or provide information necessary to the preparation of his defense. While not in his best interest, this is likely his prerogative; however, I believe it should be explained to him on the record that his own behavior will not be the basis for a future ineffective claim. Furthermore, Mr. Roggio has now made two *pro se* filings to the Court. In these filings, he makes many scandalous accusations that Counsel cannot defend against without potentially breaching an ethical duty. Most, if not all, of his assertions are untrue and should not remain to be unrebutted on the record in the event of a future ineffective claim. Counsel believes he is laying the groundwork to manufacture a nonexistent ineffective claim at a later date. Finally, at the time that Mr. Roggio retained counsel, Counsel explained to him that we would need to hire an investigator and expert witnesses and that he would have to pay for these individuals himself in addition to what was owed to counsel under the fee agreement. Mr. Roggio's final payment, constituting half of his fee, was due under our fee agreement were due on December 1, 2022. He is refusing to pay that fee or any other fees to our firms. This is despite the fact that he needs to pay for experts and an investigator. I believe that he should be advised on the record that his failure to pay for experts and/or an investigator will not be grounds for a later ineffective claim. For all of the foregoing reasons, we request that the Court hold an in person status conference in this matter. Furthermore, we are continuing to attempt to get Mr. Roggio to speak with us throughout the week. To the extent that he will speak to us and a status conference becomes unnecessary, we will advise the Court of the same.

Best,

*Curt Parkins*

Curt M. Parkins, Esq.

Cc: Todd Hinkley, Esq., via ECF
      Ross Roggio