THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : 3:18-cr-0097 |
| v. | : (Judge Mariani) |
| | : |
| ROSS ROGGIO, | : |
| ROGGIO CONSULTING, LLC, | : |
| | : |
| Defendants. | : |

ORDER

The background of this Order is as follows:

The Court's December 2, 2022, Memorandum Opinion (Doc. 194) and Order (Doc. 195) addressed Defendant's Motion to Suppress (Doc. 172) wherein Defendant Roggio sought an evidentiary hearing to determine if a recording turned over by the Government in discovery are unlawful wiretaps that must be suppressed pursuant to 18 U.S.C. § 2511. The Court concluded that Defendant had proffered sufficient information to warrant an evidentiary hearing concerning the admissibility of the recording at issue and deferred scheduling the hearing pending further information about "the witnesses who will testify at the hearing, the need for translators, and other relevant data." (Doc. 194 at 9.)

The Government requested that the hearing take place at the time of trial "so that the witness need not travel from Estonia to the United States twice." (Doc. 175 at 15.) Defendant also indicated that he has two potential suppression hearing witnesses who would be traveling from outside the country. (Doc. 179 at 4.) Given the location of at least

some of the potential suppression hearing witnesses, the Court intends to hold the suppression hearing following jury selection set to commence on May 8, 2023.

Pursuant to 28 U.S.C. § 1827, the Clerk of Court is "responsible for securing the services of certified interpreters and otherwise qualified interpreters required for proceedings initiated by the United States, except that the United States attorney is responsible for securing the services of such interpreters for governmental witnesses." 28 U.S.C. § 1827(c)(2). The presiding judicial officer may authorize interpreter services, if it is determined that a defendant in a criminal case or defendant's witness

> who may present testimony in [the] judicial proceeding[ ], . . . speaks only or primarily a language other than English . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony.

28 U.S.C.A. § 1827(d)(1). Further, pursuant to 18 U.S.C. § 3006A, court-appointed counsel may seek "services necessary for adequate representation . . . in an ex parte application" and the court, "after appropriate inquiry in an ex parte proceeding," shall make a determination on the propriety of the request. 18 U.S.C. § 3006A(e)(1).

Although Defendant indicated that he has two potential witnesses who would be coming from out of the country to testify at a suppression hearing (Doc. 179 at 4), to date the Court has not been apprised of the need for any interpreter services at the suppression hearing or trial.

ACCORDINGLY, THIS ___6th___ DAY OF APRIL 2023, IT IS HEREBY ORDERED THAT:

1. Should Defendant's counsel determine that interpretive services are necessary for Defendant's adequate representation, he shall file an ex parte request for same **under seal within seven (7) days** of the date of this Order;

2. Defendant's counsel shall identify the specific need for interpretive services (including language specifications), inform the Court if an interpreter has been selected by Defendant for the provision of such services, and identify the name, qualifications, and contact information for the selected interpreter.

Robert D. Mariani
United States District Judge