# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

## ROGGIO'S BRIEF IN SUPPORT OF
## MOTION IN LIMINE - BAD ACTS

**Procedural History**

On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

On March 23, 2018, Roggio appeared before Magistrate Judge Karoline Mehalchick for an initial appearance and arraignment and entered a plea of not guilty to the charges.

On February 15, 2022, Roggio was charged in a Superseding Indictment with two additional charges; Conspiracy to Commit Torture in violation of Title 18, U.S.C. Sections 2340 and 2340A ( c), and Torture in violation of Title 18, U.S.C. Sections 2340, 2340(A)(a) and 2.

On February 17, 2022, Roggio was arraigned before Magistrate Judge Joseph F. Saporito on the Superseding Indictment and entered a plea of not guilty.

Trial in this matter is presently scheduled for May 8, 2023.

On April 7, 2023, Roggio filed a Motion in Limine - Bad Acts.  This brief is submitted in support of that motion.

## Statement of Facts

The Government has turned over the following discovery;

    a)  A video received through Estonian MLAT that purports to depict Roggio assaulting/shoving an employee in Iraq.

    b)  FBI reports of several potential government witnesses, females, who have claimed that Roggio sexually harassed them.

c) FBI reports of Roggio's former business associates who have claimed that Roggio fraudulently used company credit cards and misappropriated company funds.

**Question Presented**

1. Whether the claimed bad acts involving Roggio should be admissible at trial?

**Argument**

1. **Bad acts evidence should not be admissible at trial.**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Tartaglione, 228 F.Supp.3d 402. 406 (E.D. Pa. 2017) Evidence should only be excluded, pursuant to a motion *in limine*, "when the evidence is clearly inadmissible on all potential grounds.  *Id.*  Evidentiary rulings on motions *in limine* are reviewed for an abuse of discretion.  Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213, (3rd Cir. 1995); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149,

161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial". Ridolfi v. State Farm Mutual Auto. Ins. Co., 2017 WL 3198006, 2 (M.D. Pa. July 27, 2017). Further, "courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id*.

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." Tartaglione, 228 F. Supp.3d at 406. "Further, a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer." *Id*. (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

Roggio seeks to exclude any reference to the aforementioned uncharged bad acts at trial.

The admissibility of extrinsic evidence of other crimes, wrongs, or acts, is governed by Rules 404(b) and 403 of the Federal Rules of Evidence. See, United States v. Sampson, 980 F.2d 883 (3rd. Cir. 1992). Rule 404(b) provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
> (A) provide reasonable notice of the general nature of such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial - or during trial if the court, for good cause, excuses lack of pretrial notice.
>
> Fed. R. Evid. 404(b).

The Supreme Court has set forth four criteria for the admissibility of bad acts evidence. First, the other crimes evidence must have a proper purpose, Second, the proffered evidence must be relevant. Third, the probative value of the evidence must outweigh its potential for unfair prejudice. Fourth, the trial court must charge the jury that it may consider the other crimes evidence solely for the limited purposes for which it was admitted. United States v. Scarfo, 850 F.2d 1015 (3rd Cir. 1988)(citing Huddleston v. United States, 485 U.S. 681 (1988)).

Where evidence only goes to show character, or that the person has a propensity for misconduct, the evidence should be excluded. "Where, however, the evidence also tends to prove some fact besides character, admissibility depends upon whether its probative value outweighs its prejudicial effect." United States v. Sampson, 980 F.2d at 887.

Roggio submits that these uncharged claims of assault, sexual harassment, and fraud are both irrelevant and immaterial to the charged offenses.  Further, Roggio submits that said type of "bad act evidence" would not be admissible under Federal Rule of Evidence 404(b) as it has no proper purpose under that rule. See, United States v. Sampson, 980 F.2d 883 (3rd Cir. 1992).

Additionally, Roggio submits that the probative value, if any, of such evidence is substantially outweighed by the danger of unfair prejudice and should be excluded under Fed. R. Evid. 403.

Accordingly, the Defendant, Ross Roggio, respectfully requests that this Honorable Court should preclude the Government from offering the above evidence at Roggio trial.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should preclude the admission of the above-referenced evidence.

                                              Respectfully submitted,

Date: April 7, 2023                     s/Gino Bartolai, Esquire
                                           **Gino Bartolai, Esquire**
                                           **Attorney ID# PA 56642**

                                           238 William Street
                                           Pittston, Pennsylvania 18640
                                           (570) 654-3572
                                           E-mail: Bartolai@ptd.net
                                           Attorney for Ross Roggio

# **CERTIFICATE OF SERVICE**

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Motion in Limine,** to the following

>Todd K. Hinkley, Esquire
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

>Ross Roggio

Date: April 7, 2023                                     s/Gino Bartolai
                                                                  **Gino Bartolai, Esquire**