IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

### ROGGIO'S BRIEF IN SUPPORT
### MOTION IN LIMINE
### SIDIROPOULOU STATEMENT CUSTOMS BORDER PROTECTION

### Procedural History

On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

On March 23, 2018, Roggio appeared before Magistrate Judge Karoline

Mehalchick for an initial appearance and arraignment and entered a plea of not guilty to the charges.

On February 15, 2022, Roggio was charged in a Superseding Indictment with two additional charges; Conspiracy to Commit Torture in violation of Title 18, U.S.C. Sections 2340 and 2340A ( c), and Torture in violation of Title 18, U.S.C. Sections 2340, 2340(A)(a) and 2.

On February 17, 2022, Roggio was arraigned before Magistrate Judge Joseph F. Saporito on the Superseding Indictment and entered a plea of not guilty.

Trial in this matter is presently scheduled for May 8, 2023.

On April 7. 2023, Roggio filed a Motion in Limine - Sidiropoulou Statement Customs Border Protection.  This brief is submitted in support of that motion.

## Statement of Facts

Roggio has learned, through discovery, that on February 26, 2017, Christina Sidiropoulou arrived at JFK Airport and was referred for a secondary inspection by Customs Border Protection Agents.  Sidiropoulou was interviewed by Customs Border Protection Agent Sara Perea and provided a verbal statement which was memorialized in a U.S. Customs and Border Protection report dated February 27, 2017.

## Question Presented

1. Whether the statement made by Christina Sidiropoulou to Customs Border Protection Agents should be admissible at trial?

## Argument

1. <u>**The statement of Christina Sidiropoulou to Customs Border Protection Agents should not be admissible at trial.**</u>

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." <u>United States v. Tartaglione</u>, 228 F.Supp.3d 402. 406 (E.D. Pa. 2017) Evidence should only be excluded, pursuant to a motion *in limine,* "when the evidence is clearly inadmissible on all potential grounds. *Id.* Evidentiary rulings on motions *in limine* are reviewed for an abuse of discretion. <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204, 1213, (3rd Cir. 1995); <u>Bernardsville Bd. of Educ. v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial". <u>Ridolfi v. State Farm Mutual Auto. Ins. Co.</u>, 2017 WL

3198006, 2 (M.D. Pa. July 27, 2017).  Further, "courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence."  *Id*.

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context."  Tartaglione, 228 F. Supp.3d at 406.  "Further, a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer."  *Id*.  (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

Roggio seeks to exclude any testimony or statements related to the Customs Border Protection interview of Christina Sidiropoulou.  Roggio submits that the statement itself is inadmissible hearsay pursuant to Rule 802 of the Federal Rules of Evidence.

Accordingly, the Defendant, Ross Roggio, respectfully requests that this Honorable Court should preclude the Government from offering the above evidence at Roggio's trial.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should preclude the admission of the above-referenced evidence.

                                            Respectfully submitted,

Date: April 7, 2023               s/Gino Bartolai, Esquire
                                          **Gino Bartolai, Esquire**
                                            **Attorney ID# PA 56642**

                                            238 William Street
                                            Pittston, Pennsylvania 18640
                                            (570) 654-3572
                                            E-mail: Bartolai@ptd.net
                                            Attorney for Ross Roggio

# **CERTIFICATE OF SERVICE**

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Brief in Support of Motion in Limine,** to the following;

>Todd K. Hinkley, Esquire
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

>Ross Roggio

Date: April 7, 2023                                       s/ Gino Bartolai, Esquire
                                                                                                        **Gino Bartolai, Esquire**