IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

## ROGGIO'S BRIEF IN SUPPORT
## MOTION IN LIMINE
## TESTIMONY OF KRISTY LYNN ROGGIO MERRING

**Procedural History**

On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

On March 23, 2018, Roggio appeared before Magistrate Judge Karoline

Mehalchick for an initial appearance and arraignment and entered a plea of not guilty to the charges.

On February 15, 2022, Roggio was charged in a Superseding Indictment with two additional charges; Conspiracy to Commit Torture in violation of Title 18, U.S.C. Sections 2340 and 2340A ( c), and Torture in violation of Title 18, U.S.C. Sections 2340, 2340(A)(a) and 2.

On February 17, 2022, Roggio was arraigned before Magistrate Judge Joseph F. Saporito on the Superseding Indictment and entered a plea of not guilty.

Trial in this matter is presently scheduled for May 8, 2023.

On April 7. 2023, Roggio filed a Motion in Limine - Testimony of Kristy Lynn Roggio Merring.  This brief is submitted in support of that motion.

**Statement of Facts**

Roggio has learned, through discovery, that while she was married to Roggio, Kristy Lynn Roggio Merring provided information to law enforcement that was used against Roggio.

Specifically it was learned that on or about April 29, 2016, Mrs. Roggio was interviewed by law enforcement agents at the marital home and provided a statement to law enforcement that may have referenced confidential marital

communications. Thereafter, Kristy Lynn Roggio Merring became a witness for the Government and continued to disclose confidential marital communications.

## Question Presented

**1. Whether the testimony and statements of Kristy Lynn Roggio Merring should be admissible at trial?**

## Argument

**1. <u>The testimony and statements of Kristy Lynn Roggio Merring should not be admissible at trial.</u>**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." <u>United States v. Tartaglione</u>, 228 F.Supp.3d 402. 406 (E.D. Pa. 2017) Evidence should only be excluded, pursuant to a motion *in limine*, "when the evidence is clearly inadmissible on all potential grounds. *Id.* Evidentiary rulings on motions *in limine* are reviewed for an abuse of discretion. <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204, 1213, (3rd Cir. 1995); <u>Bernardsville Bd. of Educ. v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in*

*limine* prior to trial". Ridolfi v. State Farm Mutual Auto. Ins. Co., 2017 WL 3198006, 2 (M.D. Pa. July 27, 2017). Further, "courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id*.

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." Tartaglione, 228 F. Supp.3d at 406. "Further, a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer." *Id*. (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

Roggio seeks to exclude the testimony and statements of Roggio's former wife, Kristy Lynn Roggio Merring, to such extent as they involved confidential marital communications.

Rule 501 of the Federal Rules of Evidences states:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in the rules proscribed by the Supreme Court pursuant to statutory authority, the privilege of a witness...shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

> Fed. R. Evid. 501

Federal courts recognize two kinds of marital privilege, to wit, the privilege

that protects confidential marital communications, and the privilege that protects a witness from providing adverse testimony against their spouse. In Re Grand Jury, 111 F.3d 1083, 1085 (3rd Cir. 1997).

In Trammel v United States, 100 S.Ct. 906 (1980), the Supreme Court held that only the witness spouse, not the non-witness spouse, may invoke the privilege against adverse spousal testimony. In contrast, the marital communications privilege prevents a testifying spouse from disclosing confidential communications between the spouses. "It reaches only those communications made in confidence and intended to be confidential." United States v. Ammar, 714 F.2d 238, 258 (3rd Cir. 1983). The confidential marital communications privilege does not apply to communications between spouses that pertain to ongoing or future criminal activity. Id.

Roggio submits that, on information and belief, that his former spouse, Kristy Lynn Roggio Merring, has disclosed confidential marital communications to law enforcement personnel in the within case. For instance, on April 29, 2016, FBI agents appeared at the Roggio marital residence and interviewed her relative to packages that she was claimed to have taken to the Package Place for shipment to Roggio in Iraq. Roggio believes that from that moment on, Kristy Lynn Roggio Merring was turned against him as a witness and thereafter repeatedly disclosed confidential marital communications. Because these communications did not

involve present, or future, criminal activity they should be privileged and any reference thereto, or testimony, should be inadmissible due to the marital communications privilege.  <u>United States v. Ammar</u>, 714 F.2d 238 (3rd Cir. 1983).

Accordingly, the Defendant, Ross Roggio, respectfully requests that this Honorable Court should preclude the Government from offering the above evidence at Roggio's trial.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should preclude the admission of the above-referenced evidence.

Respectfully submitted,

Date: April 7, 2023

 s/Gino Bartolai, Esquire
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Brief in Support of Motion in Limine,** to the following;

> Todd K. Hinkley, Esquire
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

> Ross Roggio

Date: April 7, 2023                                        s/ Gino Bartolai, Esquire
                                                          **Gino Bartolai, Esquire**