IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

### ROGGIO'S BRIEF IN SUPPORT OF
### MOTION IN LIMINE - BAD ACTS

**Procedural History**

On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

On March 23, 2018, Roggio appeared before Magistrate Judge Karoline Mehalchick for an initial appearance and arraignment and entered a plea of not guilty to the charges.

On February 15, 2022, Roggio was charged in a Superseding Indictment with two additional charges; Conspiracy to Commit Torture in violation of Title 18, U.S.C. Sections 2340 and 2340A ( c), and Torture in violation of Title 18, U.S.C. Sections 2340, 2340(A)(a) and 2.

On February 17, 2022, Roggio was arraigned before Magistrate Judge Joseph F. Saporito on the Superseding Indictment and entered a plea of not guilty.

Trial in this matter is presently scheduled for May 8, 2023.

On April 7, 2023, Roggio filed a Motion in Limine - Expert Opinion Torture.  This brief is submitted in support of that motion.

### Statement of Facts

The Government has made an Expert Disclosure Notice for Zuhair Jumaah Al-Maliki, an expert in Iraqi law, who is said to testify hat torture is illegal in Iraq.  The Notice also states, "In addition, Mr. Al-Maliki may testify as to whether certain actions described  to him would constitute torture under Iraqi law."

## Question Presented

1. Whether the expert witness should be allowed to testify that certain acts constitute torture?

## Argument

1. **<u>The expert witness should not be allowed to testify that certain acts constitute torture.</u>**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." <u>United States v. Tartaglione</u>, 228 F.Supp.3d 402. 406 (E.D. Pa. 2017) Evidence should only be excluded, pursuant to a motion *in limine*, "when the evidence is clearly inadmissible on all potential grounds. *Id.* Evidentiary rulings on motions *in limine* are reviewed for an abuse of discretion. <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204, 1213, (3rd Cir. 1995); <u>Bernardsville Bd. of Educ. v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial". <u>Ridolfi v. State Farm Mutual Auto. Ins. Co.</u>, 2017 WL

3198006, 2 (M.D. Pa. July 27, 2017). Further, "courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id*.

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." Tartaglione, 228 F. Supp.3d at 406. "Further, a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer." *Id*. (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

Roggio seeks to exclude the testimony of an expert witness on Iraqi law that would testify that certain actions would constitute torture under Iraqi law.

Federal Rule of Evidence 704 states as follows:

> (a) **In General - Not Automatically Objectionable**. An opinion is not objectionable just because it embraces an ultimate issue.
>
> (b) **Exception.** In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

Roggio submits that because torture is a specific intent crime an experts opinion that certain acts amount to torture embraces the actors mental state and should not be permitted. See, United States v. Davis, 726 F.3d 434, 446 (3rd Cir.

2013)(an expert may not draw the ultimate conclusion for the jury or testify in such a way that the ultimate conclusion is inevitable).

Further, Roggio submits that the expert's opinion as to what would constitute torture under Iraqi law is both irrelevant and immaterial to the charged offenses. Here torture is specifically defined by Title 18 Section 2340, Iraqi law really has nothing to do with it, in fact it could be misleading.

Finally, Roggio submits that the probative value, if any, of such evidence is substantially outweighed by the danger of unfair prejudice and should be excluded under Fed. R. Evid. 403.

Accordingly, the Defendant, Ross Roggio, respectfully requests that this Honorable Court should preclude the Government from offering the above evidence at Roggio trial.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should preclude the admission of the above-referenced evidence.

                                                Respectfully submitted,

Date: April 7, 2023                    s/Gino Bartolai, Esquire
                                            **Gino Bartolai, Esquire**
                                              **Attorney ID# PA 56642**

                                              238 William Street
                                              Pittston, Pennsylvania 18640
                                              (570) 654-3572
                                              E-mail: Bartolai@ptd.net
                                              Attorney for Ross Roggio

## **CERTIFICATE OF SERVICE**

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Motion in Limine,** to the following

        Todd K. Hinkley, Esquire
        Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

        Ross Roggio

Date: April 7, 2023                                           <u>s/Gino Bartolai</u>
                                                                               **Gino Bartolai, Esquire**