UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 3:18-CR-0097 |
| v. | : | |
| | : | (MARIANI, J.) |
| ROSS ROGGIO, and | : | |
| ROGGIO CONSULTING, LLC, | : | |
| Defendants. | : | |

## GOVERNMENT'S *IN LIMINE* MOTION TO PRECLUDE THE DEFENDANT FROM ASSERTING A DURESS DEFENSE

The Government, by and through undersigned counsel, respectfully moves *in limine* for the Court to issue an Order to preclude the defendant from asserting a duress defense, and in support thereof states:

1. Roggio's last continuance motion made oblique reference to possible foreign witnesses who could testify that Roggio acted under duress (Doc. 207 at ¶20).

2. Duress is an affirmative defense. *United States v. Grover*, 831 F. App'x 604, 607 (3d Cir. 2020) (citing *United States v. Alston*, 526 F.3d 91, 95 (3d Cir. 2008)). The defendant bears the burden of proving the defense of duress by a preponderance of the evidence. *Dixon v. United States*, 548 U.S. 1, 17 (2006). A defendant is entitled to present

the defense only after first making a *prima facie* showing of duress. *United States v. Naovasaisri*, 150 F. App'x 170, 173 (3d Cir. 2005). It is appropriate for a court to rule "pretrial on a motion to preclude a defendant from presenting a duress defense where the government contends that the evidence in support of that position would be legally insufficient." *United States v. Miller*, 59 F.3d 417, 421 (3d Cir. 1995).

    3.    To establish that he was under duress when he committed the crimes, Roggio must show: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, (3) no reasonable opportunity to escape the threatened harm, and (4) that he did not recklessly place himself in a situation in which he would be forced to engage in criminal conduct. *Grover*, 831 F. App'x at 607 (citing *Miller*, 59 F.3d at 422).

    4.    Since Roggio has failed to proffer any – much less sufficient – evidence to support those four elements, the Court should preclude him from presenting the defense at trial. *Id.* (citing *United States v. Bailey*, 444 U.S. 394, 416 (1980)).

Dated: April 10, 2023                                 Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant U.S. Attorney
Atty ID No. PA 68881
235 N. Washington Ave.
Scranton, PA 18503

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export
Control Section

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No.  3:18-CR-0097 |
| v. : | |
| : | (Judge Mariani) |
| ROSS ROGGIO, and : | |
| ROGGIO CONSULTING Co, LLC, : | |
| Defendants. : | (electronically filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on April 10, 2023, he served a copy of the attached **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE ASSERTION OF A DURESS DEFENSE** by electronic means to:

Gino Bartolai
bartolai@ptd.net

> */s/ Todd K. Hinkley*
> Todd K. Hinkley
> Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No.  3:18-CR-0097 |
| v.     : | |
| : | (Judge Mariani) |
| ROSS ROGGIO, and    : | |
| ROGGIO CONSULTING Co, LLC,  : | |
| Defendants.   : | (electronically filed) |

**CERTIFICATE OF NON-CONCURRENCE**

    The undersigned hereby certifies that he attempted to speak to Gino A. Bartolai, Esquire, counsel for Ross Roggio concerning the defendant's concurrence/non-concurrence in the attached motion *in limine*. Attorney Bartolai, indicates that the defense does not concur in the attached motion.

                         */s/ Todd K. Hinkley*
                         Todd K. Hinkley
                         Assistant United States Attorney