UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | NO. 3:18-CR-0097 |
| v. : | |
| : | (MARIANI, J.) |
| ROSS ROGGIO, and : | |
| ROGGIO CONSULTING, LLC, : | |
| Defendants. : | |

**GOVERNMENT'S *IN LIMINE* MOTION TO PRECLUDE THE DEFENDANT FROM ASSERTING A PUBLIC-AUTHORITY DEFENSE, PURSUANT TO FEDERAL RULE OF CRIMINAL PROCDURE 12.3**

The Government, by and through undersigned counsel, respectfully moves *in limine* for the Court to issue an Order to preclude the defendant from asserting a public-authority defense, pursuant to Federal Rule of Criminal Procedure 12.3, and in support thereof states:

1. Roggio has alluded to a potential public-authority defense in a recent filing and in previous statements made to law enforcement agents who were executing a search warrant. The defense's most recent motion to continue the trial, filed on December 31, 2022, stated that Roggio "has identified several witnesses, both in the United States and in Estonia, Greece, and Iraq, that may be able to testify to facts and

circumstances that demonstrate that Roggio had the necessary approval to engage in the activity alleged in the Indictment….″ (Doc. 207 at ¶20).

2. Additionally, when agents encountered Roggio while executing a search warrant at his residence in Stroudsburg, Pennsylvania, on May 10, 2017, Roggio made veiled statements intimating that he was part of the intelligence community.[1] In hesitating or declining to answer certain questions about his activities in Iraq, Roggio questioned whether the agents had the "clearance levels" to hear the information he had.

3. When the agents directly asked if he was working for a government agency as a source, Roggio replied, "I'm not sure you want the answer to that question." Agents assured Roggio that it was important for investigators to know if he was acting as a source for the U.S. intelligence community. At that point, Roggio indicated that he was working for the CIA and that members of the CIA were brought to him in Sulaymaniyah, Iraq, by members of the Kurdish Counter-Terrorism Group (CTG) in 2014. Roggio claimed that he worked for the

---

[1] Roggio spoke to the agents after executing a *Miranda* waiver.

CIA until he was purportedly kidnapped in Iraq in December 2016.[2] When asked if his CIA handler had reached out following the kidnapping in Iraq, Roggio explained that he did not have a handler and had been directed by the CIA to pass all intelligence he gathered through Polad Talibani, who would then pass it to the CIA. Roggio was asked who he met with at the CIA for a debriefing after returning to the United States in 2017. Roggio said he had not had any contact with the CIA since his kidnapping, he had not been debriefed by the CIA since his return to the United States, and "it's like nobody cared."

  3. Federal Rule of Criminal Procedure 12.3 requires a defendant to (1) give the Government written notice that he intends to assert the public-authority defense, (2) identify the law enforcement or intelligence agency involved, (3) identify the member of such agency on whose behalf the defendant claims to have acted, and (4) specify the time during which the defendant claims to have acted with public authority. The rule states in relevant part:

---

[2] What supposedly happened to Roggio in December 2016 is irrelevant to whether he committed the crimes he is accused of committing prior to that date. The Court should exclude such evidence pursuant to Federal Rule of Evidence 403.

**(a) Notice of the Defense and Disclosure of Witnesses.**

**(1) Notice in General.** If a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets. The notice filed with the clerk must be under seal if the notice identifies a federal intelligence agency as the source of public authority.

**(2) Contents of Notice.** The notice must contain the following information:

**(A)** the law enforcement agency or federal intelligence agency involved;

**(B)** the agency member on whose behalf the defendant claims to have acted; and

**(C)** the time during which the defendant claims to have acted with public authority.

**(3) Response to the Notice.** An attorney for the government must serve a written response on the defendant or the defendant's attorney within 14 days after receiving the defendant's notice, but no later than 21 days before trial. The response must admit or deny that the defendant exercised the public authority identified in the defendant's notice.

**(4) Disclosing Witnesses.**

**(A) Government's Request.** An attorney for the government may request in writing that the defendant disclose the name, address, and telephone number of each witness the defendant intends to rely on to establish a public-authority defense. An attorney for the government may serve the request when the government serves its response to the defendant's notice under Rule 12.3(a)(3), or later, but must serve the request no later than 21 days before trial.

**(B) Defendant's Response.** Within 14 days after receiving the government's request, the defendant must

serve on an attorney for the government a written statement of the name, address, and telephone number of each witness.

**(C) Government's Reply.** Within 14 days after receiving the defendant's statement, an attorney for the government must serve on the defendant or the defendant's attorney a written statement of the name of each witness-- and the address and telephone number of each witness other than a victim – that the government intends to rely on to oppose the defendant's public-authority defense.

***

**(5) Additional Time.** The court may, for good cause, allow a party additional time to comply with this rule.

**(c) Failure to Comply.** If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the public-authority defense. This rule does not limit the defendant's right to testify.

4. The defendant has neither provided written notice to the Government of his intent to rely on the public-authority defense nor provided any of the information required in such a notice regarding from whom he believes he received such authority.

5. Even if Roggio had met the procedural requirements of Rule 12.3, which he did not do, he would also have to satisfy the substantive requirements of the public-authority defense, which he will be unable to do. Roggio would have to establish not only that someone in the government authorized his conduct, but that

the government official had actual authority to approve Roggio breaking the law.

Dated: April 10, 2023

Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant U.S. Attorney
Atty ID No. PA 68881
235 N. Washington Ave.
Scranton, PA 18503

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export Control Section

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No.  3:18-CR-0097 |
| v. : | |
| : | (Judge Mariani) |
| ROSS ROGGIO, and : | |
| ROGGIO CONSULTING Co, LLC, : | |
| Defendants. : | (electronically filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on April 10, 2023, he served a copy of the attached **GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE ASSERTION OF A PUBLIC-AUTHORITY DEFENSE** by electronic means to:

Gino Bartolai
bartolai@ptd.net

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No.  3:18-CR-0097 |
| v. | : | |
| | : | (Judge Mariani) |
| ROSS ROGGIO, and | : | |
| ROGGIO CONSULTING Co, LLC, | : | |
|     Defendants. | : | (electronically filed) |

## CERTIFICATE OF NON-CONCURRENCE

    The undersigned hereby certifies that he attempted to speak to Gino A. Bartolai, Esquire, counsel for Ross Roggio concerning the defendant's concurrence/non-concurrence in the attached motion *in limine*. Attorney Bartolai indicated that the defense does not concur in the attached motion.

                                      */s/ Todd K. Hinkley*
                                      Todd K. Hinkley
                                      Assistant United States Attorney