UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No.   3:18-CR-0097 |
| v. : | |
| : | (Judge Mariani) |
| ROSS ROGGIO,  and : | |
| ROGGIO CONSULTING Co, LLC : | |
| Defendants. : | (electronically filed) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY ABOUT TORTURE

Defendant Ross Roggio moved *in limine* to exclude the testimony of an expert witness on Iraqi law about whether certain actions would constitute torture. Docs. 225, 227. Roggio contends that such expert testimony is inadmissible because it would embrace the actor's mental state and/or draw the ultimate conclusion for the jury. Doc. 225 at 3-4; Doc. 227 at 4-5.

Roggio is charged in Count One of the Superseding Indictment with conspiracy to commit torture, in violation of 18 U.S.C. §§ 2340 and 2340A(C), and in Count Two with torture, in violation of 18 U.S.C. §§ 2340, 2340A(a). Doc. 122. The Superseding Indictment alleges that Roggio conspired with, aided and abetted, and directed Kurdish soldiers in 2015 to abduct the victim, detain him for five weeks, and inflict severe

physical and mental and suffering on the victim by, for example, placing a plastic bag over the victim's head to suffocate him, causing the victim to lose consciousness and think he was going to die, and using a taser to inflict repeated electrical shocks to the victim's arms, throat, nose, and groin.

> The statute defines torture as:
>
> an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering *(other than pain or suffering incidental to lawful sanctions)* upon another person within his custody or physical control.

18 U.S.C. § 2340(1) (emphasis added).

The government's proposed jury instructions state: "Lawful sanctions include judicially imposed sanctions and other enforcement actions authorized by law, including the death penalty, but do not include sanctions that defeat the object and the purpose of the law prohibiting torture." The jury instructions are drawn from *United States v. Roy M. Belfast, Jr.*, Case No. 1:06-CR-20758, Doc. 580 (S.D. Fla. 2006), *aff'd*, 611 F.3d 783 (11th Cir. 2010), which is the only previous torture case in the United States that has gone to trial.

2

The government asked the defendant to stipulate that torture and unlawful detention were not lawful sanctions in Iraq in 2015. Defense counsel has informed the government that Roggio is unwilling to enter into any stipulations. If the defendant stipulates that the acts alleged in paragraphs 12-16 and 19 of the Superseding Indictment would not have been permitted under the law and constitution in Iraq in 2015, the government would not need to call an expert witness on Iraqi law.

Because Roggio has refused to enter into such a stipulation, the government needs to establish that the acts of which Roggio is accused could not have been "pain and suffering incidental to lawful sanctions" in Iraq in 2015. The government plans to meet that requirement through expert testimony that torture and unlawful detention were not permitted by Iraq law in 2015 and that the specific acts alleged in paragraphs 12-16 and 19 of the Superseding Indictment could not have been done incidental to lawful sanctions under the law and constitution in Iraq in 2015.

In short, contrary to Roggio's motion *in limine*, the government's expert witness on Iraqi law would not be testifying to the defendant's

mental state nor drawing an ultimate conclusion about whether the defendant committed torture in violation of U.S. law. Rather, the expert witness on Iraqi law would be testifying that torture, unlawful detention, and the specific acts alleged in the Superseding Indictment could not have been lawfully sanctioned in Iraq in 2015. Such testimony is entirely consistent with Rule 702 of the Federal Rules of Evidence, as the government's witness will "help the trier of fact . . . to determine a fact in issue." Absent a stipulation on this point, the government should be permitted to call an expert witness on Iraqi law, and the defendant's motion to exclude such testimony should be denied.

Dated: April 18, 2023 					Respectfully submitted,

> GERARD M. KARAM
> UNITED STATES ATTORNEY
>
> */s/ Todd K. Hinkley*
> Todd K. Hinkley
> Assistant U.S. Attorney
> Atty ID No. PA 68881
> 235 N. Washington Ave.
> Scranton, PA 18503
>
> KENNETH A. POLITE, JR.
> Assistant Attorney General

4

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export
Control Section

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on April 18, 2023, he served a copy of the above document via ECF on Gino Bartolai, Esq., counsel for defendants.

s/ Todd K. Hinkley
TODD K. HINKLEY
Assistant U.S. Attorney
