UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No.   3:18-CR-0097 |
| v. | : | |
| | : | (Judge Mariani) |
| ROSS ROGGIO,  and | : | |
| ROGGIO CONSULTING Co, LLC | : | |
| Defendants. | : | (electronically filed) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE MARITAL COMMUNICATIONS

Defendant Ross Roggio moved *in limine* to exclude any testimony by his former wife, Kristy Lynn Roggio Merring, involving marital communications. Docs. 223, 224.

The government and the defendant each filed their respective motions *in limine* on April 7, 2023.[1] One of the government's motions was for the Court to allow the testimony of Roggio's ex-spouse, notwithstanding the marital confidential communications privilege. Docs. 234, 235. One of Roggio's motions was to preclude such testimony,

---

[1] The government filed six motions *in limine* in an omnibus pleading on April 7, 2023. Doc. 218. At the Court's request, on April 10, 2023, the government re-filed each of these motions separately, each with a motion and brief in support of the motion. Docs. 228-239.

pursuant to the marital confidential communications privilege. Docs. 223 224.

Rather than repeat the arguments already made regarding this issue, the government hereby incorporates by reference the arguments contained in Document 235 and, as requested in Document 234, reiterates its motion for the Court to allow this testimony. In short, first, Roggio's ex-spouse should be permitted to testify about what she saw and did, as these are not communications protected by the privilege. *See* Doc. 235 at 17-18. Second, the privilege protects only communications that were intended to be confidential, and it is not clear that Roggio intended or expected the communications at issue to be confidential. *See id.* at 18-19. Third, Roggio's communications to his ex-spouse were made in furtherance of a crime and thus the crime-fraud exception negates the privilege's protections. *See id.* at 19-21. Therefore, the Court should allow Roggio's ex-spouse to testify about his communications to her during their marriage, including his instructions to her about how to transship rifling buttons to Iraq in an attempt to evade U.S. export controls on weapons parts.

Dated: April 18, 2023								Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant U.S. Attorney
Atty ID No. PA 68881
235 N. Washington Ave.
Scranton, PA 18503

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export
Control Section

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on April 18, 2023, he served a copy of the above document via ECF on Gino Bartolai, Esq., counsel for defendants.

s/ Todd K. Hinkley
TODD K. HINKLEY
Assistant U.S. Attorney

4