IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

### ROGGIO'S BRIEF IN OPPOSITION TO GOVERNMENT'S IN LIMINE MOTION TO PRECLUDE PUBLIC AUTHORITY DEFENSE

**Procedural History**

On April 10, 2023, the Government filed an in limine motion to preclude the Defendant from asserting a duress defense with supporting brief. (Docs 228-229). This brief is submitted in opposition to that motion.

**Statement of Facts**

Roggio is charged with conspiracy to commit torture in violation of Title 18 U.S.C. §§ 2340 and 2340A( c) and torture in violation of Title 18 U.S.C. §§ 2340, 2340(a), and 2.

In on or about October - November, 2015, one of Roggio's employees, an Estonian, was abducted by associates of the Zarya or Faruk organization who

threatened to kill the employee on fear that he had disclosed, or would disclose, the existence and location of the arms project. Roggio was present when the employee was subjected to physical abuse, and for fear that the employee, or himself and the other Estonian employees, would be killed or seriously injured, Roggio himself participated in the employees interrogation[1]. Roggio denies torturing or participating in the alleged torture of the employee.[2] Roggio's presence and his actions taken were done under duress. As a result of Roggio's intervention the employee was released and allowed to leave the country and return to Estonia.

**Argument**

1. <u>**Roggio should not be barred from asserting a Duress Defense**</u>.

The trial court is given wide latitude in deciding what should be allowed into evidence. A court would be remiss if it failed to screen what the jury is exposed to because of the potential for jury confusion or prejudice. "A trial judge

---

[1] One of the Government key witnesses, an Estonian, was also present and participated in the employees interrogation.

[2] Torture is an act committed by a person acting under color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control. 18 U.S.C. §2340(a)(1).

has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant." United States v. Romano, 849 F.2d 812, 815 (3rd Cir. 1988)   For this purpose the court may utilize a number of vehicles, including the use on an in limine order.  Id.

Further, "A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." Tartaglione, 228 F. Supp.3d at 406.  Indeed, "a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer."  Id.  (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

The Duress Defense is an affirmative defense which must be proved by the Defendant by a preponderance of the evidence.  United States v. Grover, 831 Fed. Appx. 604 (3rd Cir. 2020).

To find a defendant not guilty of an offense based upon duress the following elements must be met; First, that the defendant was under an immediate, unlawful threat of death or serious bodily injury to himself or to others; Second, that the defendant had a well-grounded fear that the threat would be carried out if he did not commit the offense; Third, that the defendant's criminal action was directly caused by the need to avoid the threatened harm and that he had no reasonable, lawful opportunity to avoid the threatened harm without committing the offense,

that is, that he had no reasonable lawful opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and Fourth, that the defendant had not recklessly placed himself in a situation in which he would be forced to engage in criminal conduct.  Section 8.03 Duress, <u>Third Circuit Model (Criminal) Instruction</u>, See; <u>United States v. Alston</u>, 526 F.3d 91, 95 (3rd Cir. 2008).

    The Government seeks to preempt Roggio from presenting a duress defense arguing "since Roggio has failed to proffer any - much less sufficient- evidence to support those four elements, the Court should preclude him from presenting the defense at trial."  (Govt. Brf. pg. 16, Doc 229)   Roggio submits that he has now proffered sufficient evidence, at this stage of the proceedings, to allow the duress defense to move forward.  In each of the Third Circuit cases cited by the Government that precluded, *in limine,* a defendant from presenting a duress defense the district courts conducted an evidentiary hearing on the matter.  <u>United States v. Grover</u>, 831 Fed. Appx. 604 (3rd Cir. 2020), <u>United States v. Alston</u>, 526 F.3d 91 (3rd Cir. 2008), <u>United States v. Naovasaisri</u>, 150 Fed. Appx. 170 (3rd Cir. 2005), <u>United States v. Miller</u>, 59 F.3d 417 (3rd Cir. 1995).

    Accordingly, Roggio  submits that this Honorable Court should not preclude Roggio from presenting a Duress Defense or limit testimony or evidence that bears on the specific intent element of the offense.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should not preclude the presentation of a duress defense or limit testimony or evidence that bears on the specific intent element of the offense.

                                                Respectfully submitted,

Date: April 22, 2023                      s/Gino Bartolai, Esquire
                                                **Gino Bartolai, Esquire**
                                                **Attorney ID# PA 56642**

                                                238 William Street
                                                Pittston, Pennsylvania 18640
                                                (570) 654-3572
                                                E-mail: Bartolai@ptd.net
                                                Attorney for Ross Roggio

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Response Brief,** to the following

>Todd K. Hinkley, Esquire
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

>Ross Roggio

Date: April 22, 2023                                    s/Gino Bartolai
                                                        **Gino Bartolai, Esquire**