# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| **ROSS ROGGIO** | : | (Electronically filed) |

## ROGGIO'S BRIEF IN OPPOSITION TO GOVERNMENT'S IN LIMINE MOTION TO PRECLUDE EVIDENCE OR ARGUMENT ABOUT EXPORT CONTROL REFORM

### Procedural History

On April 10, 2023, the Government filed an in limine motion, with supporting brief, to preclude evidence or argument about export control reform. (Docs 236-237). This brief is submitted in opposition to that motion.

### Statement of Facts

Roggio's charges include, inter alia, violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c);

and smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2.

Each of these offense has an element that Roggio acted willfully or willfully and knowingly.

**Argument**

1. <u>**The Court should not preclude Roggio from arguing a lack of willfulness based upon the complexity of Export Controls.**</u>

The trial court is given wide latitude in deciding what should be allowed into evidence. A court would be remiss if it failed to screen what the jury is exposed to because of the potential for jury confusion or prejudice. "A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant." <u>United States v. Romano</u>, 849 F.2d 812, 815 (3rd Cir. 1988)  For this purpose the court may utilize a number of vehicles, including the use on an in limine order. Id.

Further, "A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." <u>Tartaglione</u>, 228 F. Supp.3d at 406. Indeed, "a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony

differs from what was contained in the movant's proffer." *Id.* (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

Roggio will not be arguing that he should be found not guilty because of export control reform.

However, as set forth in the Government's brief, the "purpose for the changes were to resolve **jurisdictional confusion** between the ITAR and EAR among the regulated community through revision to bright line positive lists and to provide **clarity** to the regulated community thereby making it easier for exporters to comply with the regulations and enable them to compete more successfully in the global marketplace." (Govt. Brief pg. 17, Doc 237).

Roggio submits that the Government will go to great lengths to show that Roggio knew that export regulations prohibited the export of certain specified items. The Government will present a "Weapons Feasibility Report" claimed to have been authored by Roggio in which the legal feasibility of the arms projects is discussed. The Government will present testimony that in September 2008 Roggio was briefed on Federal Firearms Regulations relative to his position as a Federal Firearms Licensee. Thus, Roggio contends, because the export control offenses charged each have an element of willfulness or knowing and willingness the existence of confusion and a lack of clarity in the regulations is relevant to the mens rea element of the offenses. United States v. Ware, 858 Fed. Appx. 499, 510

(3rd Cir. 2021), United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 FN. 8 (11th Cir. 1994).

Accordingly, Roggio submits that this Honorable Court should not preclude Roggio from eliciting testimony that references changes to the export control regulations.

## Conclusion

Based upon the foregoing argument, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should not preclude Roggio from eliciting testimony that references changes to the export control regulations.

Respectfully submitted,

Date: April 22, 2023      s/Gino Bartolai, Esquire
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

# **CERTIFICATE OF SERVICE**

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Response Brief,** to the following

>Todd K. Hinkley, Esquire
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

>Ross Roggio

Date: April 22, 2023                                    s/Gino Bartolai
                                                                        **Gino Bartolai, Esquire**