IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

**ROGGIO'S BRIEF IN OPPOSITION TO GOVERNMENT'S IN LIMINE MOTION TO ADMIT LAY OPINION TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 701**

**Procedural History**

On April 10, 2023, the Government filed an in limine motion, with supporting brief, to admit lay witness opinion testimony. (Docs 238-239). This brief is submitted in opposition to that motion.

**Statement of Facts**

Roggio is charged with unlawfully exporting, inter alia, M4 Bolt Gas Rings MIL and firing pin retainers.

**Argument**

1. <u>**The Court should limit the opinion testimony of William Mathes.**</u>

The trial court is given wide latitude in deciding what should be allowed into evidence. A court would be remiss if it failed to screen what the jury is exposed to because of the potential for jury confusion or prejudice. "A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant." <u>United States v. Romano</u>, 849 F.2d 812, 815 (3rd Cir. 1988)  For this purpose the court may utilize a number of vehicles, including the use on an in limine order. Id.

Further, "A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." <u>Tartaglione</u>, 228 F. Supp.3d at 406. Indeed, "a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer." *Id*. (quoting <u>Luce v. United States</u>, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

The Government wishes to offer the "lay opinion" testimony of William Mathes, a Government fact witness who is familiar with the M4 (Rifle) Weapon.

According to the Government, "Mr Mathes will testify that the firearms

parts ordered by Roggio **are controlled for export**. Mr. Mathes will explain how these parts fit into the **design** and **function of M4 Rifles**, and how the parts are **utilized in the manufacture** of M4-type rifles. Mr Mathes will also provide testimony regarding the **limited number of manufacturers** who produce M4 Bolt Gas Ring MIL and Firing Pin Retainers. The witness will testify that in his experience firearm manufacturers generally do not manufacture gas rings or firing pin retainers themselves. Rather, it is **industry standard** to purchase these parts and incorporate them into products being manufactured by individual firearms brands." (Govt. Brief. pg 16-17, Doc. 239).

Roggio submits that the Government's proffer for Mr. Mathes is not lay opinion. First, the testimony that the parts are controlled for export embraces an ultimate issue in the case, one involving the Defendant's state of mind. Fed. R. Evid. 704. Second, the subject matter of the proffered opinion is clearly based upon scientific, technical, or specialize knowledge within the scope of Rule 702. Here we're dealing with export controls, design and function of a highly complex weapon, the manufacture of that weapon, the limited number of weapons manufacturers in the industry, and industry standards. Clearly, a firearms expert, one with specialized knowledge of the M4 and the firearms industry is needed to state such opinions.

Accordingly, Roggio submits that this Honorable Court should limit the

testimony of William Mathes and exclude his lay opinion on the above matters.

## Conclusion

Based upon the foregoing argument, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should limit the testimony of William Matters and exclude his lay opinion on the above matters.

                                          Respectfully submitted,

Date: April 22, 2023                     s/Gino Bartolai, Esquire
                                          **Gino Bartolai, Esquire**
                                          **Attorney ID# PA 56642**

                                          238 William Street
                                          Pittston, Pennsylvania 18640
                                          (570) 654-3572
                                          E-mail: Bartolai@ptd.net
                                          Attorney for Ross Roggio

## CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Response Brief,** to the following

    Todd K. Hinkley, Esquire
    Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

    Ross Roggio

Date: April 22, 2023                               s/Gino Bartolai
                                                    **Gino Bartolai, Esquire**