IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

### ROGGIO'S BRIEF IN OPPOSITION TO GOVERNMENT'S IN LIMINE MOTION TO INTRODUCE TESTIMONY OF ROGGIO'S EX-SPOUSE

**Procedural History**

On April 10, 2023, the Government filed an in limine motion, with supporting brief, to introduce the testimony of Roggio's Ex-Spouse. (Docs 234-235). This brief is submitted in opposition to that motion.

**Statement of Facts**

On April 7, 2023, Roggio filed a motion in limine asserting marital privilege as to confidential communications with his then wife. Roggio styled the motion as Roggio's Motion in Limine Testimony of Kristy Lynn Roggio-Merring. (Doc. 223). That same day Roggio filed his brief in support. (Doc. 224). Roggio

hereby incorporates by reference the facts alleged in Documents 223-224.

**Argument**

1. **The Court should preclude Roggio's confidential marital communications at trial.**

As this matter has been fully briefed by the parties, rather than repeat the arguments already made regarding this issue, Roggio hereby incorporates by reference the arguments contained in Document 224 and, as requested in Document 223, asks the Court to preclude the testimony.

Further, as noted in United States v. Hill, 967 F.2d 902 (3rd Cir. 1992), the crime-fraud exception to the confidential marital communications privilege applies where ***both*** spouses are participants in the commission of the crime.  Id at 911. Since the district court in United States v. Tartaglione found that prison phone calls between defendant and her husband were not privileged, the statement that only the speaker know the communication is in furtherance of a crime is dicta. United States v. Tartaglione, 228 F.Supp.3d 402, 408 (E.D. Pa. 2017).

Accordingly, Roggio  submits that this Honorable Court should preclude the Government from offering the above privileged communications at Roggio's trial.

## Conclusion

Based upon the foregoing argument, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should preclude the Government from offering Roggio's confidential marital communications.

                                                  Respectfully submitted,

Date: April 22, 2023               s/Gino Bartolai, Esquire
                                          **Gino Bartolai, Esquire**
                                            **Attorney ID# PA 56642**

                                            238 William Street
                                            Pittston, Pennsylvania 18640
                                            (570) 654-3572
                                            E-mail: Bartolai@ptd.net
                                            Attorney for Ross Roggio

## **CERTIFICATE OF SERVICE**

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Response Brief,** to the following

    Todd K. Hinkley, Esquire
    Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

    Ross Roggio

Date: April 22, 2023                                  s/Gino Bartolai
                                                                   **Gino Bartolai, Esquire**