IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

### ROGGIO'S BRIEF IN OPPOSITION TO GOVERNMENT'S IN LIMINE MOTION TO PRECLUDE PUBLIC AUTHORITY DEFENSE

**Procedural History**

On April 10, 2023, the Government filed an in limine motion to preclude the Defendant from asserting a public authority defense with supporting brief. (Docs 232-233). This brief is submitted in opposition to that motion.

**Statement of Facts**

Roggio is charged with conspiring to export defense service and defense articles from the United States to Iraq without first obtaining a license or written approval from the State Department, in violation of 18 U.S.C. § 371.[1] The related

---

[1] The Superseding Indictment sets the dates of the conspiracy from January 2013 to February 2017. (Doc 122, pg. 18)

substantive counts are based on Roggio's failure to obtain approval from the State Department to export M4 bolt gas rings, firing pin retainers, and defense services, and failure to obtain approval from the Commerce Department to export rifling combo buttons. (Govt. Brief pg. 3, Doc 233)**.**

Roggio submits that on or about November 2014 Roggio was in the Kurdestan region of Iraq discussing the proposal to build an arms factory for the Talibanis who at that time were allies of the United States in that region. At the time Roggio refused to begin any work on the project without the necessary approval from the Governments of Iraq and the United States. It was at this time that then Consul Ken Gross, Consulate General, Erbil, Iraq, advised Roggio that he had the necessary approval to go forward with the project.[2]

On May 10, 2017, Roggio was present when law enforcement agents were executing a search warrant at his residence in Stroudsburg, Pennsylvania. At that time, when pressed by law enforcement, Roggio advised the agents that between 2014 and 2016 he was working for the CIA in Sulaymaniyah, Iraq. (Govt. Brief pg. 2-3, Doc. 232).

---

[2] On April 17, 2023, the undersigned counsel served the Government Notice of Public Authority Defense pursuant Rule. Crim. P. 12.3, and filed the Notice under seal on April 18, 2023.

**Argument**

1. <u>**Roggio should not be barred from asserting a Public Authority Defense.**</u>

The trial court is given wide latitude in deciding what should be allowed into evidence. A court would be remiss if it failed to screen what the jury is exposed to because of the potential for jury confusion or prejudice. "A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant." <u>United States v. Romano</u>, 849 F.2d 812, 815 (3rd Cir. 1988)  For this purpose the court may utilize a number of vehicles, including the use on an in limine order.  Id.

Further, "A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." <u>Tartaglione</u>, 228 F. Supp.3d at 406.  Indeed, "a trial court's ruling on a motion *in limine* is subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer." *Id*.  (quoting <u>Luce v. United States</u>, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

The defense of public authority is based upon common law.  Under the defense, illegal actions committed by public officials or law enforcement in the course of their duties were not crimes.  <u>United States v, Pitt</u>, 193 F.3d 751, 756 (3rd

Cir. 1999), *abrogated on other grounds by* Honeycutt v. United States, 581 U.S. 443 (2017).  The defense of apparent public authority is an extension of the public authority defense that applies to circumstance where an individual acts at the behest of a government official and in reasonable reliance on the official's authority to permit the behavior even where the government official did not have the authority to permit the misconduct.  Id.

As a general matter, the public authority defense and apparent public authority defenses have two components; 1) a procedural component, to wit, compliance with Rule 12.3; and 2) a substantive common law component.  See, United States v. Pitt, 193 F.3d 751, 757  (3rd Cir. 1999)

Roggio submits that he has complied with the procedural component when he served the Government Attorney with Notice pursuant to Rule 12.3 on April 17, 2023, and filed the Notice under seal on April 18, 2023.

As a preliminary matter Roggio must concede that his notice is late.  As the Government points out in its brief,  Rule 12.3 Notices are tethered to the deadline for the filing of pretrial motions and that deadline passed on March 29, 2019[3]. (Govt. Brief pg. 21, Doc 233)   The Rule does however provide that "The Court may, for good cause, allow a party additional time to comply with this rule."  Fed. R. Crim. P. 12.3(a)(5).

---

[3] Roggio would not assert the public authority defense on the torture charges.

Roggio submits that good cause does exist to accept the out-of-time notice. The Government was put on notice of Roggio's claimed CIA service on May 10, 2017, when he told agents who were searching his residence that he was working for the CIA in Iraq during 2014-2016.[4] In another vein, the lack of continuity of Roggio's counsel has contributed to the untimely notice, to wit, the undersigned counsel was first appointed to represent Roggio *after* the initial pretrial motions deadline had passed. The lack of continuity also affected counsel's efforts to probe into Roggio's assertion that former Consul Ken Gross provided State Department approval for the arms project. Counsel was reappointed to represent Roggio on December 22, 2022, and despite diligent efforts, has not yet been able to interview former Consul Ken Gross. Counsel has submitted a written request with the State Department to speak with Mr. Gross and expects to do so before trial. Thus, Roggio's public authority claim on that matter has *not yet* been perfected and Roggio's Notice of the defense in that regard was given through an abundance of caution.

With regards to the substantive defense itself the Third Circuit, in United States v. Pitt, 193 F.3d 751 (3rd Cir. 1999) expressly adopted the holding in United States v. Baptista-Rodriguez, 17 F.3d 1354, which limits the use of the public

---

[4] The undersigned counsel first learned of Roggio's statement through FBI and Department of Homeland Security Reports provided in discovery on January 20, 2023.

authority defense to situations where the government agent in fact had the authority to empower the defendant to perform the acts in question. Id. at 758 Thus, to the extent that several of the charges contained in the Superseding Indictment are grounded on the Government's claim that Roggio did not have State Department approval, the public authority defense would apply if former Consul Ken Gross had authority to permit Roggio to go ahead with the arms project.

Roggio submits that, regardless of the applicability of the public authority defense, the Court should not *in limine* preclude Roggio from eliciting testimony that former Consul Ken Gross approved Roggio's work on the arms project and that the CIA also knew of and approved of the project. Such evidence is relevant as to Roggio's specific intent and could also form the basis of an entrapment by estoppel defense. In United States v. Baptista-Rodriquez, 17 F.3d 1354 (11th Cir. 1994), the case followed by the Third Circuit in Pitt, the 11th Circuit cataloged several of the common defenses based on ***perceived governmental authority***.

For instance, a defendant may allege that he lacked criminal intent because he honestly believed that he was performing the otherwise criminal acts in cooperation with the government. In such cases, innocent intent or good faith is not really a defense but instead is a defense strategy aimed at negating an essential element, the mens rea, for the crime. Id. at FN 18. See United States v. Ware, 858

Fed. Appx. 499 (3rd Cir. 2021)

The court in Baptista-Rodriguez also recognized the defense of entrapment by estoppel which applies "when a governmental official tells a defendant that certain conduct is legal and the defendant commits what would otherwise be a crime in reasonable reliance on the officials representation." Id. In fact, Judge Rambo in Pitt while declining to charge on public authority did give a jury instruction on entrapment by estoppel which was found to be proper by the Third Circuit on appeal. United States v. Pitt, 193 F.3d 751, 758 (3rd Cir. 1999). United States v. Clegg, 846 F.2d 1221 (9th Cir. 1988)(applying defense to defendant who claimed government officials solicited, encouraged, and assisted defendants efforts to smuggle weapons to rebels in Afghanistan).

Accordingly, Roggio submits that this Honorable Court should not preclude Roggio from presenting a Public Authority Defense or limit testimony or evidence that bears on his mens rea or a possible defense of entrapment by estoppel.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should not preclude the presentation of a public authority defense or limit testimony or evidence that bears on his mens rea or a possible defense of entrapment by estoppel.

Respectfully submitted,

Date: April 22, 2023        s/Gino Bartolai, Esquire
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Response Brief,** to the following

> Todd K. Hinkley, Esquire
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

> Ross Roggio

Date: April 22, 2023                                   s/Gino Bartolai
                                                       **Gino Bartolai, Esquire**