IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

### ROGGIO'S BRIEF IN OPPOSITION TO GOVERNMENT'S IN LIMINE MOTION TO PRECLUDE SELF SERVING HEARSAY STATEMENTS

**Procedural History**

On April 10, 2023, the Government filed an in limine motion to preclude the Defendant from asserting a duress defense with supporting brief. (Docs 230-231). This brief is submitted in opposition to that motion.

**Statement of Facts**

Roggio has made three statements to law enforcement agents; First, on April 29, 2016, Roggio was telephonically interviewed by FBI Special Agent O'Donnell. Second, Roggio was interviewed by Customs Border Protection agents at JFK International Airport on February 26, 2017. Third, Roggio was

interviewed on May 10, 2017, while agents were searching his Stroudsburg residence.

**Argument**

1. **The Court should reserve ruling on the admission of Roggio's hearsay statements until trial**

Roggio submits that a similar issue was taken up by this Court in United States v. Evers, 2022 WL 16748601.

As the Court stated, a trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible. Rulings in limine are not final and the Court can always change its mind during the course of the trial. Also, a court may defer ruling on motions in limine if the context of trial would provide clarity. "Indeed, motions in limine often present issues for which final decision is best reserved for a specific trial situation." Id. at 1.

This Court in Evers concluded that unless a exception to the hearsay rule identified in Federal Rule of Evidence 803 applies, self serving statements made by the Defendant will not be admitted. Id. at 2.

Presently, the Government has not proffered which statements of Roggio they would seek to admit pursuant to Fed. R. Evid. 801(d)(2)A), (E). Further,

often times a testifying witness, or government counsel itself, can "open the door" to the admission of evidence that would not otherwise have been admissible. Roggio submits that the Court should reserve its ruling until when, and if, the Government offers Roggio's statement at which time Roggio "can argue to the court that the statements are misleading because of lack of content, after which the Court can, in its discretion, permit such limited portions to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecutions evidence." See, United States v. Sutton, 801 F.2d 1346 (D.C. Cir. 1986).

    Accordingly, Roggio submits that this Honorable Court should reserve ruling on the admissibility of Roggio's statements.

## Conclusion

Based upon the foregoing argument, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should reserve ruling on Roggio's statements.

Respectfully submitted,

Date: April 22, 2023                      s/Gino Bartolai, Esquire
                                                     **Gino Bartolai, Esquire**
                                                     **Attorney ID# PA 56642**

                                                     238 William Street
                                                     Pittston, Pennsylvania 18640
                                                     (570) 654-3572
                                                     E-mail: Bartolai@ptd.net
                                                     Attorney for Ross Roggio

## CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Response Brief,** to the following

    Todd K. Hinkley, Esquire
    Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

    Ross Roggio

Date: April 22, 2023                                                   s/Gino Bartolai
                                                                                **Gino Bartolai, Esquire**