**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **3:CR-18-0097** |
| | **:** | |
| **v.** | **:** | **(Judge Mariani)** |
| | **:** | |
| **ROSS ROGGIO** | **:** | **(Electronically filed)** |

**ROGGIO'S BRIEF IN REPLY
TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION IN LIMINE - BAD ACTS**

**Procedural History**

On April 7, 2023, Roggio filed a Motion in Limine - Bad Acts with supporting brief.  (Doc. 219-220).  Thereafter, on April 18, 2023, the Government filed a Response to Defendant's Motion In Limine to Exclude Evidence of Bad Acts.  (Doc. 240).  On April 22, 2023, the Government filed a Notice of Intent to Use Rule 404(b) Type Evidence.  (Doc 251).  This brief is submitted in reply to said brief and notice.

**Statement of Facts**

The Government has turned over the following discovery;

    a)   A video received through Estonian MLAT that purports to depict Roggio assaulting/shoving an employee in Iraq.

    b)  FBI reports of several potential government witnesses, females, who have claimed that Roggio sexually harassed them.

    c)  FBI reports of Roggio's former business associates who have claimed that Roggio fraudulently used company credit cards and misappropriated company funds.

Most recently, on April 22, 2023, the Government filed a Notice of Intent to Use Rule 404(b) Type Evidence, (Doc. 251) which identified the following type of evidence the Government seeks to introduce:

    a) Evidence that Roggio coerced female employees to have involuntary sexual relations with him,

    b) Bad past business dealings and debts,

    c) Another instance where, in 2016, an employee was subjected to physical and mental abuse.

## Argument

### 1.  Bad acts evidence should not be admissible at Roggio's trial.

In the Government's response to Roggio's bad acts in limine motion the Government has indicated that it does not plan to introduce a video that purports to depict Roggio assaulting/shoving an employee during its case in chief.  (Govt. Brf. pg. 1, Doc. 240).

Regarding Roggio's motion to exclude bad acts evidence pertaining to alleged sexual harassment, the Government has indicated that it does not intend to play excerpts of the recording or go into Roggio's sexully coercive conduct during the direct examination of the witness.  (Govt. Brf. pg. 3, Doc. 240) To the extent that the filing of the Government's notice, (Doc. 251),  departs from the position in its response brief, Roggio submits that the Government has not demonstrated how that evidence is admissible under  Rules 404(b) and 403 of the Federal Rules of Evidence.  See, United States v. Sampson, 980 F.2d 883 (3rd. Cir. 1992).

Regarding Roggio's prior business dealings the Government states in its response, "the government does not intend to focus on Roggio's past shady business dealings and previous failed weapons projects, but limited testimony is intrinsic to proving that Roggio illegally exported U.S. Weapons parts and defense

services to Iraq and - together with Kurdish soldiers - tortured one of his employees. (Govt. Brf. pg 5, Doc. 240)

With respect to the illegal export charges, the Government proffers that William Mathes purchased M4 bolt gas rings and firing pin retainers for Roggio from a company that would no longer do business with Roggio because of Roggio's pervious business dealings.  (Govt. Brf. pg. 6, Doc. 240)

Roggio submits that where Mathes got the M4 bolt gas rings for Roggio and why that company would not deal with Roggio directly is irrelevant to the export charges.  It would be enough that Mathes got the M4 Bolt gas rings for Roggio and Roggio exported them.  The Government's proffered evidence lends nothing to that critical inquiry but instead allows evidence of Roggio's previous business dealings to creep in.

With respect to the torture charges, the Government proffers that Roggio's motive for the torture was fear that the victim would reveal that Roggio would be unable to produce the weapons that he was being paid to manufacture.  (Govt. Brf. pg. 6, Doc. 240)   Further, a witness will testify that Roggio sent him $50,000 that Roggio owed the witness's wife in unpaid wages from one of Roggio's previously failed weapons endeavors.  (Govt. Brf pg 7, Doc. 240).

Roggio submits that Roggio's debt to the witness's wife for unpaid wages from one of Roggio's previously failed weapon endeavors is irrelevant.  First, the

government doesn't claim that the nature of this debt, unpaid wages, failed

weapons adventure, was known by the alleged torture victim and was about to be

disclosed.  Second, if evidence that Roggio diverted money from the project to pay

for his personal debts is relevant wouldn't that fact be enough.  There is simply no

reason to get into the reason for the debt, to wit, unpaid wages and failed weapons

endeavors, and to do so is unfairly prejudicial and should not be permitted.

Most recently the Government has advanced a new "bad acts" claim.  In its

Notice of Intent to Use Rule 404(b) Type Evidence, (Doc. 251), the Government

proffers that in April 2016, another employee was allegedly subjected to physical

abuse at Roggio's behest.  How this evidence is admissible under Fed. R. Evid.

404(b) and 403 is not set forth.  Roggio argues here that it should not be.

Rule 404(b) is a rule of exclusion. That is, Rule 404(b) directs that evidence

of prior bad acts be excluded, unless the proponent can demonstrate that the

evidence is admissible for a non-propensity purpose.  United States v. Repak, 852

F.3d 230. 240 (3rd Cir. 2017).  Because the Government has failed in this respect,

the evidence identifies by Roggio as "bad acts" should not be admitted.

Additionally, Roggio submits that the probative value, if any, of such

evidence is substantially outweighed by the danger of unfair prejudice and should

be excluded under Fed. R. Evid. 403.

Accordingly, the Defendant, Ross Roggio, respectfully requests that this

Honorable Court should preclude the Government from offering the above evidence at Roggio trial.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should preclude the admission of the above-referenced evidence.

Respectfully submitted,

Date: April 7, 2023

 s/Gino Bartolai, Esquire
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

## <u>CERTIFICATE OF SERVICE</u>

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via

e-mail, a copy of the foregoing **Reply,** to the following

   Todd K. Hinkley, Esquire
   Assistant United States Attorney

and by placing the same in the United States mail, first class, postage

prepaid, at Scranton, Pennsylvania, addressed to the following:

   Ross Roggio

Date: April 7, 2023     s/Gino Bartolai_____
          **Gino Bartolai, Esquire**