IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |

## ROGGIO'S BRIEF IN REPLY
## GOVERNMENT RESPONSE TO DEFENDANT'S MOTION
## MOTION IN LIMINE - EXPERT OPINION TORTURE

**Procedural History**

On April 7, 2023, Roggio filed a Motion in Limine - Expert Opinion Torture, with supporting brief. (Docs. 225 and 226)   On April 18, 2023, the Government filed its Response to Defendant's Motion in Limine to Exclude Expert Opinion Testimony about Torture. (Doc. 241).   This brief is submitted in reply.

**Statement of Facts**

Attached as Exhibit A is the Expert Disclosure of Government Expert Zuhair Jumaah Al-Maliki, an expert in Iraqi law, who according to the

Government, may testify as to whether certain actions described to him would constitute torture under Iraqi law."

## Argument

1. <u>**The expert witness should not be allowed to testify that certain acts constitute torture.**</u>

Contrary to the Government claims in its brief, the expert notice of the Iraqi law witness proposes that the witness may testify as to whether certain actions described to him would constitute torture under Iraqi law. See Exhibit A.

Roggio submits that torture is defined by statute as:

> an act committed by a person acting under color of law ***specifically intended*** to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control.

18 U.S.C. §2340(1)

Roggio submits that the Government can establish through its expert witness that torture and unlawful detention is illegal in Iraq. Also, the Government can ask its expert to describe the lawful sanctions available in Iraq. Roggio submits that what the Government should not be able to do is go through the list of specific acts alleged in paragraphs 12-16 and 19 and elicit opinions from

its expert that said specific acts amount to torture under Iraqi law. Roggio submits that what is torture under Iraq law is irrelevant to the jury's determination of what is torture in this case. There is a specific intent element to the torture charge and permitting the expert to state an opinion that certain specified conduct is torture encroaches on that element in violation of Fed. R. Evid, 704 and 403. See, United States v. Davis, 726 F.3d 434, 446 (3rd Cir. 2013)(an expert may not draw the ultimate conclusion for the jury or testify in such a way that the ultimate conclusion is inevitable).

    Accordingly, the Defendant, Ross Roggio, respectfully requests that this Honorable Court should preclude the Government from offering the above evidence at Roggio trial.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should preclude the admission of the above-referenced evidence.

Respectfully submitted,

Date: April 22, 2023         s/Gino Bartolai, Esquire
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **reply** to the following

>Todd K. Hinkley, Esquire
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

>Ross Roggio

Date: April 22, 2023                              s/Gino Bartolai
                                                  **Gino Bartolai, Esquire**