UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No.  3:18-CR-0097 |
| v. : | |
| : | (Judge Mariani) |
| ROSS ROGGIO,  and : | |
| ROGGIO CONSULTING Co, LLC : | |
| Defendants. : | (electronically filed) |

# GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE ASSERTION OF A PUBLIC AUTHORITY DEFENSE

The United States, by and through undersigned counsel, submits the following reply to defendant's brief in opposition (Doc. 256) to the government's motion *in limine* to preclude the assertion of a public authority defense (Doc. 232-233).  The Court should grant the government's motion.

The defendant correctly recognizes that there are two components to a valid public authority defense: (1) procedural compliance with Federal Rule of Criminal Procedure 12.3; and (2) substantive requirements for establishing the defense. *See United States v. Pitt*, 193 F.3d 751, 757 (3d Cir. 1999).  On the procedural component, Roggio concedes that his notice was out of time. *See* Doc. 256 at 4.  The government respectfully submits that none of the defendant's claimed

excuses – that the government was on notice of the purported CIA connection at the time of a residential search (*over a year prior* to charges being brought); the turnover in defense counsel; and the inability to interview a potential witness – constitute good cause for the Court to accept the out-of-time notice. *See* Fed. R. Crim. P. 12.3(a)(5).

The rationale behind the notice procedures of Rule 12.3 is "to avoid unfair surprise and permit adequate preparation." Draft Advisory Committee Note, 111 F.R.D. 489, 499 (1986); *see also id.* at 500 ("The theory of the rule is that in many cases the government will only be able to prepare to rebut a public authority defense by seeking information from the public agency upon which the defendant relies and by endeavoring to find out the nature of the evidence defense witnesses will offer."); *United States v. Burrows*, 36 F.3d 875, 881 (9th Cir. 1994); *United States v. Abcasis*, 785 F. Supp. 1113, 1116 (E.D.N.Y. 1992). Here, Roggio provided the government with a purported notice on April 17, 2023 – over four years past the pretrial motions deadline and 21 days prior to trial – hardly enough time for the government to adequately prepare to rebut the defense with information from the relevant

agencies.[1] It does not save the defendant that he supposedly told federal agents during the execution of a search warrant in 2017 that he worked for the CIA, especially since Roggio did not provide any information to the agents that the government could have used to investigate his claims, such as a name, title, office, etc.[2] With respect to the turnover in Roggio's defense counsel and his inability to interview a potential witness from a federal agency, those items are beyond the government's control, but nonetheless also are items that could have been raised at any point prior to 21 days before trial. The government respectfully submits that Roggio's notice is insufficient for the government to be able to prepare to rebut any potential testimony from the only individual identified by name in defendant's notice.

---

[1] As a practical matter, Rule 12.3 contemplates a series of responses and disclosures to a defense notice, none of which could take place within the time limits dictated by the rule due to Roggio's failure to comply. *See, e.g.*, Fed. R. Crim. P. 12.3(a)(3) (stating that the government must serve a response to defendant's notice "no later than 21 days before trial" – in other words, the same day that Roggio filed his notice); 12.3(a)(4) (requiring the government to request detailed witness information from the defense "no later than 21 days before trial," with a defense response 14 days later and a government reply another 14 days after that).

[2] As of this date, Roggio has still failed to provide a name of any intelligence agency member that would allow the government to properly investigate his claims.

While Roggio's notice is out of time and therefore invalid and should be stricken, for all avoidance of doubt, the government denies that Roggio exercised the public authority he alleges in his notice. *See* Fed. R. Crim. P. 12.3(a)(3). However, the Court need not even reach the substantive component of Roggio's purported defense, and therefore the government does not address it here. Because Roggio has failed to comply with the procedural requirements of the Rule, the Court should exclude the testimony of any defense witnesses regarding any potential public authority defense. *See* Fed. R. Crim. P. 12.3(c); *United States v. Seeright*, 978 F.2d 842, 849 (4th Cir. 1992) (affirming district court's exclusion of testimony on public authority due to defendant's failure to comply with disclosure requirements). The Court should grant the government's motion to preclude Roggio from asserting the defense.

Dated: April 25, 2023

Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant U.S. Attorney
Atty ID No. PA 68881
235 N. Washington Ave.
Scranton, PA 18503

4

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export
Control Section

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on April 25, 2023, he served a copy of the above document via ECF on Gino Bartolai, Esq., counsel for defendants.

s/ Todd K. Hinkley
TODD K. HINKLEY
Assistant U.S. Attorney
