UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:18-CR-0097 |
| v. | : | |
| | : | (Mariani, J.) |
| ROSS ROGGIO, and, | : | |
| ROGGIO CONSULTING CO, LLC | : | |
|     Defendants | : | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States respectfully requests that the following instructions be included by the Court in its charge to the jury, in addition to the Court's standard instructions, and requests leave to offer additional instructions as may become appropriate during the course of the trial.  Defendants Ross Roggio, and Roggio Consulting Co, LLC, through counsel, object to instruction Nos. 10, 11, 13, 24, and 29. Defendants otherwise have no objection to these instructions.

Dated: April 25, 2023

Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant U.S. Attorney
Atty ID No. PA 68881
235 N. Washington Ave.
Scranton, PA 18503

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export
Control Section

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

### <u>Not All Evidence, Not All Witnesses Needed</u>

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

<u>AUTHORITY</u>: Third Circuit Model Criminal Jury Instruction 3.05

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

### <u>On or About</u>

You will note that the superseding indictment charges that the offenses were committed "on or about" certain dates.   The government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.


**<u>AUTHORITY:</u>** Third Circuit Model Criminal Jury Instruction 3.08

4

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

### Separate Consideration –
### Single Defendant Charged With Multiple Offenses

The defendant, Ross Roggio, is charged with several offenses; each offense is charged in a separate count of the superseding indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.   You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.   For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.   Each offense should be considered separately.


__AUTHORITY:__ Third Circuit Model Criminal Jury Instruction 3.12

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it

6

was raining. On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 3.03

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### <u>Audio Recordings – Consensual</u>

During the trial you heard audio recordings of conversations involving the defendant made without his knowledge. These recordings were made with the consent and agreement of (name), one of the other parties to the conversations. The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

<u>**AUTHORITY:**</u> Third Circuit Model Criminal Jury Instruction 4.04

8

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### Audio Recordings – Transcripts

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 4.06

9

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

### Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from (name(s)). Because of (his)(her)(their) knowledge, skill, experience, training, or education in the field of (state the witness(es)'s fields), (name(s)) (was)(were) permitted to offer a(n) opinion(s) in that field and the reasons for (that)(those) opinion(s).

The opinion(s) (this)(these) witness(es) state(s) should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that (name)'s opinion(s) (is)(are) not based on sufficient

knowledge, skill, experience, training, or education. You may also disregard the opinion(s) if you conclude that the reasons given in support of the opinion(s) are not sound, or if you conclude that the opinion(s) (is)(are) not supported by the facts shown by the evidence, or if you think that the opinion(s) (is)(are) outweighed by other evidence.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 4.08

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

### <u>Opinion Evidence (Lay Witnesses)</u>

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue. In this case, I permitted (name) to offer (his)(her) opinion based on (his)(her) perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

**<u>AUTHORITY:</u>** Third Circuit Model Criminal Jury Instruction 4.09

12

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

### Credibility of Witnesses – Law Enforcement Officer(s)

You have heard the testimony of a/several law enforcement officer(s). The fact that a witness is employed as a law enforcement officer does not mean that such testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 4.18

13

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

### Defendant's Prior Bad Acts – Law Enforcement Officer(s)

You have heard testimony that the defendant (1) coerced some of his female employees into having involuntary sexual relations with him, (2) was unable to purchase weapons parts from one U.S. company because of his past business dealings with that company, and (3) was unable to produce the quantity and quality of weapons that Kurdish officials were paying his company to produce in part because the defendant diverted funds from the project to pay past business debts.

This evidence of other act(s) was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the female employee who testified about the sexual coercion was credible when she testified that she was afraid of Ross Roggio and, regarding the past business dealings and debts evidence, as background and context to witnesses' testimony about theire business dealings with Ross Roggio.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose

offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for the crimes charged in the indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.


**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 4.29

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

### Consciousness of Guilt (False Exculpatory Statements)

You have heard testimony that Ross Roggio made certain statements outside the courtroom to law enforcement authorities in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements are false.

If you find that Ross Roggio made a false statement in order to direct the attention of the law enforcement officers away from himself, you may, but are not required to conclude that Ross Roggio believed that he was guilty. It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. You may not, however, conclude on the basis of this alone, that Ross Roggio is, in fact, guilty of the crime for which he is charged.

You must decide whether or not the evidence as to Ross Roggio shows that he believed that he was guilty, and the significance, if any, to be attached to this evidence. In your evaluation, you may consider that there may be reasons - fully consistent with innocence - that could cause

16

a person to give a false statement that he did not commit a crime. Fear of law enforcement, reluctance to become involved, or simple mistake may cause an innocent person to give such a statement or explanation.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 4.31

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

### Prior Statement of Defendant – Single Defendant on Trial

The government introduced evidence that the defendant Ross Roggio made statements to his former employees and to special agents with the FBI and Homeland Security. You must decide whether Ross Roggio did in fact make the statements. If you find that Ross Roggio did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning Ross Roggio himself and the circumstances under which the statements were made.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 4.32

18

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

### Conspiracy – Elements of the Offense (18 U.S.C. § 2340A(c) and 18 U.S.C. § 371)

Count 1 of the superseding indictment charges that on or about October 14, 2015, through on or about November 21, 2015, while outside of the United States and in the Kurdistan region of Iraq, Ross Roggio agreed or conspired with one or more other persons to commit torture. Count 3 of the superseding indictment charges that beginning on or before January 2013 and continuing through on or about February 2017, in the Middle District of Pennsylvania, and elsewhere, Ross Roggio and Roggio Consulting Company, LLC agreed or conspired with one or more other persons to willfully export defense services and defense articles from the United States to Iraq, without having first obtained a license or written approval from the United States Department of State's DDTC, and to fraudulently and knowingly export merchandise, articles, and objects contrary to a law of the United States.

It is a federal crime for two or more persons to agree or conspire to commit torture or illegal export, even if they never actually achieve their

19

objective. A conspiracy is a kind of criminal partnership. In order for you to find Ross Roggio guilty of conspiracy to commit torture in Count 1, or illegal export in Count 3, you must find that the government proved beyond a reasonable doubt each of the following three elements:

First: That two or more persons agreed to commit torture (Count 1) or illegal export (Count 3), as charged in the superseding indictment.   I will explain the elements of the offenses to you shortly.

Second: That Ross Roggio was a party to or member of that agreement; and

Third: That Ross Roggio joined the agreement or conspiracy knowing of its objectives to commit torture (Count 1) or illegal export (Count 3) and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that Ross Roggio and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit torture or illegal export.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.371A

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

### <u>Conspiracy – Existence of an Agreement</u>

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit torture or illegal export.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished. The government is not even required to prove that all the people named in the superseding indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the

government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

Count 3 of the superseding indictment charges a conspiracy to commit several federal crimes. The government does not have to prove that the alleged conspirators agreed to commit all of these crimes. The government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime.

22

You cannot find Ross Roggio guilty of conspiracy unless you unanimously agree that the same federal crime was the objective of the conspiracy. It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.


**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.371C

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

### <u>Conspiracy – Membership in the Agreement</u>

If you find that a criminal agreement or conspiracy existed, then in order to find Ross Roggio guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that Ross Roggio knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that Ross Roggio knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that Ross Roggio knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that Ross Roggio played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Ross Roggio joined the conspiracy, knew of its

24

criminal objective, and intended to further the objective. Evidence which shows that Ross Roggio only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that Ross Roggio was a member of the conspiracy even if Ross Roggio approved of what was happening or did not object to it. Likewise, evidence showing that Ross Roggio may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that Ross Roggio joined the conspiracy.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.371D

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

### <u>Conspiracy – Mental States</u>

In order to find Ross Roggio guilty of conspiracy you must find that the government proved beyond a reasonable doubt that Ross Roggio joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove: (1) that Ross Roggio knew of the objective or goal of the conspiracy, (2) that Ross Roggio joined the conspiracy intending to help further or achieve that goal or objective, and (3) that Ross Roggio and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including Ross Roggio's words or conduct and other facts and circumstances, in deciding whether Ross Roggio had the required knowledge and intent. For example, evidence that Ross Roggio derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that Ross Roggio had the required intent or purpose that the conspiracy's objective be achieved.

**<u>AUTHORITY:</u>** Third Circuit Model Criminal Jury Instruction 6.18.371E

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

### Conspiracy – Success Immaterial

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find Ross Roggio guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed torture or illegal export. Conspiracy is a criminal offense separate from the offenses that were the objective of the conspiracy; conspiracy is complete without the commission of those offenses.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.371G

28

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

### <u>Conspiracy – Duration</u>

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

<u>**AUTHORITY:**</u> Third Circuit Model Criminal Jury Instruction 6.18.371I

29

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

### Conspiracy – Acts and Statements of Co-Conspirators

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of Ross Roggio, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against Ross Roggio any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in Ross Roggio's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.371K

30

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

### Torture – Elements of the Offense (18 U.S.C. § 2340A(a))

Title 18, United States Code, Section 2340A, makes it a Federal crime or offense for a national of the United States or anyone now present in the United States, irrespective of nationality, to commit torture while outside of the United States.

Torture means an act committed by a person, acting under the color of law, specifically intended to inflict severe physical pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control. Lawful sanctions include judicially imposed sanctions and other enforcement actions authorized by law, including the death penalty, but do not include sanctions that defeat the object and the purpose of the law prohibiting torture.

Ross Roggio can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant committed an act with the specific intent to inflict severe physical pain or suffering;

Second: That the defendant was acting under the color of law;

31

Third: That the act of torture was against another person who was within the defendant's custody or physical control; and

Fourth: That the act of torture occurred outside the United States.

"Specific intent to inflict severe physical pain or suffering" means to act with the intent to commit the act as well as the intent to achieve the consequences of the act, namely the infliction of the severe physical pain or suffering. An act that results in the unanticipated or unintended severity of pain and suffering is not torture.

"Severe physical pain" means bodily pain that is extreme in intensity and difficult to endure.

"Severe physical suffering" means physical distress that is extreme considering its intensity and duration or persistence and that is difficult to endure.

The term "torture" is usually reserved for extreme, deliberate, and unusually cruel practices rather than lesser forms of cruel, inhuman, or degrading treatment or punishment. The severity of the intended pain and suffering is the distinguishing characteristic of torture under 18 U.S.C.

§ 2340A.

To act "under color of law" means to act beyond the bounds of lawful authority, but in such a manner that the unlawful acts were done while the official was purporting or pretending to act in the performance of official duties. In other words, the unlawful acts must consist of an abuse or misuse of power which is possessed by the official only because that person is an official.

Ross Roggio may be found guilty of the charges contained in the Superseding Indictment, however, even though the defendant was not an official, an employee, or a member of a governmental unit or the military, if you find beyond a reasonable doubt that the essential facts constituting the offense charged have been established, as defined in these instructions, and that Ross Roggio was a willful participant together with the governmental unit, the military, or its agents in the doing of such acts.

**AUTHORITY:** Title 18, United States Code, Section 2340A; Adapted from the charge of the Hon. Cecilia M. Altonaga, *United States v. Roy M. Belfast, Jr.*, S.D.F.L., 1:06-CR-20758 (CMA) (Docket Entry 580).

33

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

### Arms Export Control Act (AECA) – Defense Articles (22 U.S.C. § 2778(b) and (c))

Count 4 of the superseding indictment charges the defendants Ross Roggio and Roggio Consulting Company, LLC with violating the Arms Export Control Act by willfully exporting M4 Bolt Gas Rings and Firing Pin Retainers from the United States to Iraq without first having obtained a license from the United States Department of State.

The Arms Export Control Act and International Traffic in Arms Regulations make it a crime for anyone to willfully export from the United States any defense article that is covered by the United States Munitions List (USML) unless a license has first been obtained from the Directorate of Defense Trade Controls (DDTC) of the United States Department of State.

For the defendant to be found guilty of the crime charged in Count 4, the government must prove beyond a reasonable doubt each of the

34

following four elements:

First, the defendant exported the item from the United States to Iraq;

Second, the item the defendant exported was a defense article controlled for export on the United States Munitions List;

Third, the defendant did not obtain from the DDTC the necessary license before exporting the item; and

Fourth, the defendant acted willfully.

The first element the government must prove is that the defendant exported the product at issue to Iraq. "Export" means the shipment or transmission of items out of the United States.

The second element the government must prove is that the item the defendant exported was a defense article controlled for export by the USML at the time of the export. The term "defense article" means any item that is listed on the USML.

The third element the government must prove is that the defendant did not obtain a license from the DDTC before exporting the item. Unless specifically exempted, persons engaged in the export of defense articles

covered by the USML must be registered with the DDTC and must apply for and receive a valid license or other approval to export a defense article from the United States.

The fourth element the government must prove is that the defendant acted willfully. In a few moments, I will instruct you on the meaning and definition of the term "willfully." As relevant to Count 4, the government is not required to prove that the defendant knew the existence or details of the

Arms Export Control Act or the International Traffic in Arms Regulations.

**AUTHORITY:** Title 22, United States Code, Section 2778(b)(2); Title 15, Code of Federal Regulations, Sections 120.31, 120.50, 121.1 and 127.1; *United States v. Tsai*, 954 F.2d 155, 162 (3d Cir. 1992); Adapted from the charge of the Hon. Roslynn Mauskopf, *United States v. Henry*, E.D.N.Y, 13-CR-91.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

### International Emergency Economic Powers Act (IEEPA) (50 U.S.C. § 1705)

Count 5 of the superseding indictment charges the defendants Ross Roggio and Roggio Consulting Company, LLC with violating the International Emergency Economic Powers Act by knowingly and willfully exporting rifling combo buttons from the United States to Iraq without first having obtained a license from the United States Department of Commerce.

Committing a violation of the International Emergency Economic Power Act involves knowingly and willfully exporting, or causing the export of, from the United States an export-controlled item without having first obtained a license from the Department of Commerce's Bureau of Industry and Security, in violation of the Act and the related Export Administration Regulations.

For the defendant to be found guilty of the crime charged in Count 5, the government must prove beyond a reasonable doubt each of the following four elements:

First, the defendant exported, caused the export of, or aided and abetted the export of, an item from the United States to Iraq;

Second, the item the defendant exported, caused the export of, or aided and abetted the export of, was controlled for export on the Commerce Control List;

Third, the defendant did not obtain from the Department of Commerce the necessary license before exporting the item; and

Fourth, the defendant did so knowingly and willfully.

The first element the government must prove is that the defendant exported or caused the export of the product at issue to Iraq. As I have explained, "export" means the shipment or transmission of items out of the United States.

The second element the government must prove is that the item the defendant is charged with exporting was an "export-controlled item," which means an item for which the Department of Commerce requires that a license be obtained before the item can lawfully be exported from the United States to certain countries. The item at issue must have been an export-controlled item at the time of the alleged export.

38

The third element the government must prove is that the defendant did not obtain a license from the Department of Commerce before exporting the item charged.

The fourth element the government must prove is that the defendant acted knowingly and willfully. In a few moments, I will instruct you on the meaning and definition of the terms "knowingly" and "willfully." As relevant to Count 5, the government is not required to prove that the defendant knew the existence or details of the International Emergency Economic Powers Act or the Export Administration Regulations.

**AUTHORITY:** Title 50, United States Code, Sections 1702 and 1705; Title 15, Code of Federal Regulations, Sections 734.2, 736.2, and 764.2; Adapted from the charge of the Hon. Roslynn Mauskopf, *United States v. Henry*, E.D.N.Y, 13-CR-91.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23

## Arms Export Control Act (AECA) – Defense Services (22 U.S.C. § 2778(b) and (c))

Count 6 of the superseding indictment charges the defendants Ross Roggio and Roggio Consulting Company, LLC with violating the Arms Export Control Act by willfully exporting defense services without a license.

I have already instructed you with respect to the elements of a violation of the Arms Export Control Act regarding defense articles. The elements regarding defense services are similar. For the defendant to be found guilty of the crime charged in Count 6, the government must prove beyond a reasonable doubt each of the following four elements:

First, the defendant exported, furnished, or caused to be exported or furnished, a defense service, to a foreign country or foreign national;

Second, the defendant did not obtain from the DDTC the necessary license or other written approval before exporting, furnishing, or causing to be exported or furnished the defense service; and

Third, the defendant acted willfully.

The International Traffic in Arms Regulations define "defense

40

service" as: "The furnishing of assistance (including training) to foreign persons, whether in the United States or abroad in the design, development, engineering, manufacture, production, assembly, testing, repair, maintenance, modification, operation, demilitarization, destruction, processing, or use of defense articles."

The approval of DDTC must be obtained before defense services may be furnished. To obtain such approval, the U.S. person must submit a proposed agreement to the DDTC. Such agreements are generally characterized as manufacturing license agreements, technical assistance agreements, distribution agreements, or off-shore procurement agreements, and may not enter into force without the prior written approval of the DDTC. Once approved, the defense services described in the agreements may generally be provided without further licensing. This requirement also applies to the training of any foreign military forces, regular and irregular, in the use of defense articles.

The terms "export" and "defense article" have the meanings on which I have already instructed you. In addition, an "export" may include performing a defense service on behalf of, or for the benefit of, a foreign

41

person, whether in the United States or abroad. As I said earlier, in a few moments, I will instruct you on the meaning and definition of the term "willfully." As relevant to Count 6, the government is not required to prove that the defendant knew the existence or details of the Arms Export Control Act or the International Traffic in Arms Regulations.

**AUTHORITY:** Title 22, Code of Federal Regulations, Sections 120.32, 120.50, 124.1, and 127.1.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24

## <u>Smuggling Goods – Elements of the Offense (18 U.S.C. § 554)</u>

Counts 7 and 8 of the superseding indictment charge the defendants Ross Roggio and Roggio Consulting Company, LLC with smuggling goods from the United States, which is a violation of federal law.

It is a federal crime to fraudulently or knowingly export or attempt to export from the United States any merchandise, article, or object contrary to any law or regulation of the United States. Count 7 charges the defendants Ross Roggio and Roggio Consulting Company, LLC with exporting rifling combo buttons, knowing that the export was contrary to the International Emergency Economic Powers Act. Count 8 charges the defendants Ross Roggio and Roggio Consulting Company, LLC with exporting M4 Bolt Gas Rings and Firing Pin Retainers, knowing that the exports were contrary to the Arms Export Control Act and the International Traffic in Arms Regulations.

In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a

reasonable doubt:

First, the defendant knowingly or fraudulently attempted to export or send the merchandise, article, or object specified in the superseding indictment: rifling combo buttons (Count 7); or M4 Bolt Gas Rings and Firing Pin Retainers (Count 8);

Second, the attempted exportation or sending of the merchandise, article or object was contrary to the International Economic Powers Act (Count 7); or the Arms Export Control Act and the International Traffic in Arms Regulations (Count 8).

Third, the defendant knew that the attempted exportation or sending of the merchandise, article, or object was contrary to law or regulation.

I have already instructed you as to the meaning of export. To do something fraudulently means to do so with an intent to deceive. In a few moments, I will instruct you as to the meaning of knowingly.

The government does not need to prove the elements of a violation of the International Economic Powers Act or the Arms Export Control Act for the defendant to be found guilty of smuggling.

44

**<u>AUTHORITY:</u>** Title 18, United States Code, Section 554; *United States v. Rivero*, 889 F.3d 618, 623 (9th Cir. 2018); *United States v. Bernardino*, 444 Fed. Appx. 73, 74 (5th Cir. 2011); Adapted from the charge of the Hon. Patricia A. Seitz, *United States v. Sotis, et al.*, S.D. Fla., 19-20693-CR-SEITZ.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 25

### Wire Fraud – Elements of the Offense (18 U.S.C. § 1343)

Count 10 of the superseding indictment charges the defendants Ross Roggio and Roggio Consulting Company, LLC with wire fraud, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Ross Roggio knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That Ross Roggio acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, Ross Roggio transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate or

46

foreign commerce.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.1343

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26

### Wire Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined

The first element that the government must prove beyond a reasonable doubt is that Ross Roggio knowingly devised or willfully participated in a scheme to defraud the victims of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the superseding indictment alleges that the scheme to

48

defraud was carried out by making false or fraudulent statements, representations, claims, or documents. The representations which the government charges were made as part of the scheme to defraud are set forth in the superseding indictment, which I have already read to you. The government is not required to prove every misrepresentation charged in the superseding indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained

may constitute false or fraudulent statements.   The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone.   If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter.   A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a

reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that Ross Roggio himself originated the scheme to defraud. Furthermore, it is not necessary that the government prove that Ross Roggio actually realized any gain from the scheme or that any intended victim actually suffered any loss. In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that Ross Roggio profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the overall scheme to defraud charged in the superseding indictment did exist and that Ross Roggio knowingly devised or

participated in the overall scheme charged in the superseding indictment, you should then consider the second element.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.1341-1

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27

### Wire Fraud – "Intent to Defraud" Defined

The second element that the government must prove beyond a reasonable doubt is that Ross Roggio acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Ross Roggio acted with an intent to defraud, you may consider, among other things, whether Ross Roggio acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.1341-4

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 28

### Wire Fraud – "Transmits by means of wire, radio, or television communication in interstate or foreign commerce" – Defined

For wire fraud, the third element that the government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, Ross Roggio transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate or foreign commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate or foreign commerce" means to send from one state to another or from one country to another by means of telephone or telegraph lines or by means of radio or television. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one country to another, such as by fax or financial wire.

The government is not required to prove that Ross Roggio actually

used a wire communication in interstate or foreign commerce or that Ross Roggio even intended that anything be transmitted in interstate or foreign commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud or the scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate or foreign commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.   The government must also prove either that Ross Roggio used wire, radio, or television communication in interstate or foreign commerce, or that Ross Roggio knew the use of the wire, radio, or television communication in interstate or foreign commerce would follow in the ordinary course of business or events, or that Ross Roggio should reasonably have anticipated that wire, radio, or television communication in interstate or foreign commerce would be used.

It is not necessary that the information transmitted by means of

wire, radio, or television communication in interstate or foreign commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate or foreign commerce furthered, or advanced, or carried out, in some way, the scheme.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.1343-1

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 29

### Money Laundering – Elements of the Offense (18 U.S.C. § 1956(a)(2)(A))

Counts 12 through 15, 17 through 19, 21 through 24, 27 through 34, and 36 through 39 of the superseding indictment charge the defendants Ross Roggio and Roggio Consulting Company, LLC with promotional money laundering, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First: That on or about the dates alleged in the indictment, Ross Roggio or Roggio Consulting Company, LLC transported money to a place in the United States from or through a place outside the United States; and

Second: That Ross Roggio or Roggio Consulting Company, LLC intended to promote the carrying on of a specified unlawful activity, that is: violations of Title 18, United States Code, Section 554, the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and (c), or Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and

127.1.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 6.18.1956A; Ninth Circuit Model Criminal Jury Instruction 8.148.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 30

### Accomplice Liability: Aiding and Abetting, 18 U.S.C. § 2(a)

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Ross Roggio aided and abetted coconspirators in committing torture, violating the International Emergency Economic Powers Act, smuggling, and money laundering, as charged in the superseding indictment. In order to find Ross Roggio guilty of these offenses because he aided and abetted coconspirators in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First: That Ross Roggio's coconspirators committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions; Ross Roggio's

coconspirators need not have been charged with or found guilty of the offenses, however, as long as you find that the government proved beyond a reasonable doubt that Ross Roggio committed the offenses;

Second: That Ross Roggio knew that the offenses charged were going to be committed or were being committed by Ross Roggio's coconspirators;

Third: That Ross Roggio knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging his coconspirators in committing the specific offenses charged and with the intent that his coconspirators commit those specific offenses; and

Fourth: That Ross Roggio performed an act in furtherance of the offenses charged. In deciding whether Ross Roggio had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including Ross Roggio's words and actions and the other facts and circumstances. However, evidence that Ross Roggio merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offenses is not

60

enough for you to find Ross Roggio guilty as an aider and abetter. If the evidence shows that Ross Roggio knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Ross Roggio's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find Ross Roggio guilty of the offenses as an aider and abettor. The government must prove beyond a reasonable doubt that Ross Roggio in some way participated in the offense committed by his coconspirators as something Ross Roggio wished to bring about and to make succeed.

To show that Ross Roggio performed an act in furtherance of the offenses charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by Ross Roggio which at least encouraged his coconspirators to commit the offense. That is, you must find that Ross Roggio's act did, in some way, aid, assist, facilitate, or encourage his coconspirators to commit the offenses. Ross Roggio's co-conspirator's acts need not further aid, assist, facilitate, or encourage, every part or phase or element of the offenses charged; it is enough if

Ross Roggio's acts further aid, assist, facilitate, or encourage only one or some part or phase or element of the offenses.

Also, Ross Roggio's acts need not themselves be against the law.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 7.02

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 31

### <u>Knowingly – Defined</u>

The offenses of violating the International Emergency Economics Powers Act (Count 5), smuggling (Counts 7 and 8), and wire fraud (Count 10) charged in the superseding indictment require that the government prove that Ross Roggio acted "knowingly" with respect to certain elements of the offenses.   This means that the government must prove beyond a reasonable doubt that Ross Roggio was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether Ross Roggio acted "knowingly," you may consider evidence about what Ross Roggio said, what Ross Roggio did and failed to do, how Ross Roggio acted, and all the other facts and circumstances shown by the evidence that may prove what was in Ross Roggio's mind at that time.

**<u>AUTHORITY:</u>** <u>Third Circuit Model Criminal Jury Instruction 5.02</u>

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32

### <u>Willfully – Defined</u>

The offenses of violating the Arms Export Control Act (Counts 4 and 6), violating the International Emergency Economic Powers Act (Count 5), and wire fraud (Count 10) charged in the superseding indictment require that the government prove that Ross Roggio acted "willfully." This means that the government must prove beyond a reasonable doubt that Ross Roggio knew his conduct was unlawful and intended to do something that the law forbids.   That is, to find that Ross Roggio acted "willfully," you must find that the evidence proved beyond a reasonable doubt that Ross Roggio acted with a purpose to disobey or disregard the law.   "Willfully" does not, however, require proof that Ross Roggio had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

"Willfully" does not require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 5.05

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 33

### Proof of Required State of Mind

Often the state of mind, knowledge, with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.   However, Ross Roggio's state of mind can be proved indirectly from the surrounding circumstances.   Thus, to determine Ross Roggio's state of mind (what Ross Roggio knew) at a particular time, you may consider evidence about what Ross Roggio said, what Ross Roggio did and failed to do, how Ross Roggio acted, and all the other facts and circumstances shown by the evidence that may prove what was in Ross Roggio's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Ross Roggio's state of mind.

You may also consider the natural and probable results or consequences of any acts Ross Roggio knowingly did, and whether it is reasonable to conclude that Ross Roggio intended those results or consequences.   You may find, but you are not required to find, that Ross Roggio knew and intended the natural and probable consequences or

66

results of acts he knowingly did.   This means that if you find that an ordinary person in Ross Roggio's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Ross Roggio did know and did intend that those consequences would result from his actions.   This is entirely up to you to decide as the finders of the facts in this case.


**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 5.01

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 34

### Motive Explained

Motive is not an element of the offenses with which Ross Roggio is charged.   Proof of bad motive is not required to convict.   Further, proof of bad motive alone does not establish that Ross Roggio is guilty and proof of good motive alone does not establish that Ross Roggio is not guilty. Evidence of Ross Roggio's motive may, however, help you find Ross Roggio's intent.

Intent and motive are different concepts.   Motive is what prompts a person to act.   Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.   However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

**AUTHORITY:** Third Circuit Model Criminal Jury Instruction 5.04

68

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on April 25, 2021, he served a copy of the attached:

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

via ECF on Gino Bartolai, Esq., counsel for defendants.

s/ Todd K. Hinkley
TODD K. HINKLEY
Assistant U.S. Attorney
