**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **NO. 3:CR-18-97** |
| | : | |
| **v.** | : | **(Judge Mariani)** |
| | : | |
| **ROSS ROGGIO** | : | **(Electronically filed)** |
| **Defendant** | : | |


## ROGGIO'S REQUESTED JURY INSTRUCTIONS

AND NOW comes the Defendant, Ross Roggio, by his attorney,

Gino Bartolai, Esquire, and respectfully requests the Court to include the attached

instructions in its charge to the jury and requests leave to offer such other and

additional instructions as may become appropriate during the course of the trial.


Respectfully submitted,


Date: April 26, 2023                    s/Gino Bartolai_____

**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

**ROGGIO PROPOSED JURY INSTRUCTION NO. 1**

**VENUE**

The Superseding Indictment alleges that some act in furtherance of the offenses charged occurred here in the Middle District of Pennsylvania.  There is no requirement that all aspects of the offenses charged take place here in the Middle District of Pennsylvania.  But for you to return a guilty verdict, the government must convince you that some act in furtherance of the crime charged took place here in the Middle District of Pennsylvania.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

**3.09   Venue - Third Circuit Model (Criminal) Instruction**

**CONCUR_____OBJECT_____X_____**

**ROGGIO PROPOSED JURY INSTRUCTION NO. 2**

**CREDIBILITY OF WITNESS - ACCOMPLICES,
IMMUNIZED WITNESSES, COOPERATING WITNESSES**

You have heard evidence that Elina Kadaja is an alleged accomplice, someone who says that she participated in the crime charged; or has received a promise from the government that she will not be prosecuted; or has received a promise from the government that her testimony will not be used against her in a criminal case; or received a benefit from the government in exchange for testifying.

Her testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has received a benefit from the government in exchange for her testimony, but you should consider the testimony of Elina Kadaja with great care and caution. In evaluating Elina Kadaja's testimony, you should consider this factor along with others I have called to your attention. Whether or not her testimony may have been influenced by the government's promise or her alleged involvement in the crime is for you to determine. You may give her testimony such weight as you think it deserves.

**4.19  Credibility of Witnesses - Witness who has pleaded guilty to same
or related office, accomplices, immunized witness, cooperating
Witnesses - Third Circuit Model (Criminal) Instruction**

**CONCUR_____OBJECT_____X_____**

## ROGGIO PROPOSED JURY INSTRUCTION NO. 3

## IMPEACHMENT OF WITNESS - PRIOR INCONSISTENT STATEMENT FOR CREDIBILITY ONLY

You have heard the testimony of certain witnesses.  You have also heard that before this trial they made statements that may be different from their testimony in this trial.  It is up to you to determine whether these statements were made and whether they were different from the witnesses testimony in this trial.  These earlier statements were brought to your attention only to help you decide whether to believe the witnesses testimony here at trial.  You cannot use it as proof of what the witnesses said in the earlier statements.  You can only use it as one way of evaluating the witnesses testimony in this trial.

**4.22   Impeachment of Witness - Prior Inconsistent Statement for Credibility only - Third Circuit Model (Criminal) Instruction**

**CONCUR_____OBJECT_____X_____**

**ROGGIO PROPOSED JURY INSTRUCTION NO. 4**

**IMPEACHMENT OF WITNESS - PRIOR BAD ACTS**
**(F.R.E. 608(B))**

You heard evidence that (Ron Bly, Elina Kadaja, others), witnesses, committed a prior bad act. You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe (Ron Bly, Elina Kadaja, others) and how much weight to give his/her/their testimony.

**4.22   Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b)) - Third Circuit Model (Criminal) Instruction**

**CONCUR_____OBJECT\_\_\_\_X_____**

## ROGGIO PROPOSED JURY INSTRUCTION NO. 5

## PRIOR STATEMENT OF DEFENDANT

The government introduced evidence that the defendant Roggio made a statement to law enforcement agents. You must decide whether Roggio did in fact make the statement. If you find that Roggio did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning Roggio himself and the circumstances under which the statement was made.

**4.32   Prior Statement of Defendant - Single Defendant on Trial - Third Circuit Model (Criminal) Instruction**

**CONCUR_____OBJECT____X_____**

## ROGGIO'S PROPOSED JURY INSTRUCTION NO. 6

## CONSPIRACY TO COMMIT  TORTURE

Count One of the Superseding Indictment charges that from on or about October 14, 2015, and continuing through on or about November 21, 2015, while outside the United States, and in the Kurdistan region of Iraq, the Defendant Ross Roggio knowingly and voluntarily conspired together with others to commit torture, in that the Defendant and others conspired to commit acts, under color of law, with the specific intent to inflict severe physical pain and suffering upon other persons, within the conspirators custody and physical control.

It is a federal crime for two or more persons to agree or conspire to commit the offense of torture, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find Ross Roggio guilty of conspiracy to commit torture, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

First: That two or more persons agreed to commit torture as charged in Count 2 of the Superseding Indictment.  I will explain the elements of torture to you shortly;

Second: That Roggio was a party to or member of that agreement;

Third: That Roggio joined the agreement or conspiracy knowing of its

objectives to commit torture and intending to join together with at least one other

alleged conspirator to achieve those objectives; that is that Roggio and at least one

other alleged conspirator shared a unity of purpose and the intent to achieve a

common goal or objective, to commit torture; and

Fourth: That at some time during the existence of the agreement or

conspiracy, at least one of its members performed an overt act in order to further

the objectives of the agreement.

I will explain each of these elements in more detail.


**6.18.371A Conspiracy to Commit an Offense Against the United States Third Circuit Model (Criminal) Instruction *as modified* from the charge of Hon. Celilia M. Altonaga, <u>United States v. Belfast</u>., S.D.F.L., 1:06-CR-20758 (Doc. 580).**


**CONCUR_____OBJECT____X_____**

**ROGGIO'S PROPOSED JURY INSTRUCTION NO. 7**

**MONEY LAUNDERING - ELEMENTS OF THE OFFENSE
(18 U.S.C. § 1956(a)(1))**

Counts 12-15, 17-19, 21-24, 27-34, 36-39 of the Superseding Indictment

charges Ross Roggio with money laundering which is a federal crime.

In Order to find Roggio guilty of this offense, you must find that the

government proved each of the following four elements beyond a reasonable

doubt:

First: That on or about the dates alleged in the indictment, Roggio

conducted a financial transaction, which affected interstate commerce or foreign

commerce;

Second: That Roggio conducted the financial transaction with the proceeds

of a specified unlawful activity, that is violations of Title 18, United States Code,

Section 554, and the Arms Export Control Act, Title 22, United States Code,

Sections 2778(b) and ( c), and Title 22, Code of Federal Regulations, Sections

121.1, 123.1, and 127.1

Third: That Roggio knew the transaction involved the proceeds of some

form of unlawful activity; and

Fourth; that Roggio intended to promote the carrying on of the specified

unlawful activity, that is violations of Title 18, United States Code, Section 554,

and the Arms Export Control Act, Title 22, United States Code, Sections 2778(b)

and ( c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and

127.1.

### 6.18.1956A Money Laundering - Elements of the Offense (18 U.S.C. § 1956).  Third Circuit Model Jury (Criminal) Instructions

**CONCUR_____OBJECT____X_____**

**ROGGIO'S PROPOSED JURY INSTRUCTION NO. 8**

**SMUGGLING GOODS - ELEMENTS OF THE OFFENSE**
**18 U.S.C.  § 554**

The defendant is charged in Counts 7 and 8 of the Superseding Indictment

with smuggling merchandise from the United States in violation of Section 554 of

Title 18 of the United States Code.  For the defendant to be found guilty of that

charge, the government must prove each of the following elements beyond a

reasonable doubt:

First, the defendant did fraudulently and knowingly export from the United

States merchandise; and

Second, the exportation was contrary to the International Economic Powers

Act, (Count 7), or the Arms Export Control Act and International Traffic in Arms

Regulations (Count 8); and

Third, the defendant knew the exportation was contrary to law or regulation.

"Merchandise" means objects, items, goods, and wares of every description.

**21.2 Smuggling or Attempting to Smuggle Goods from the United States**
          **(18 U.S.C. § 554) - Ninth Circuit Manual of Model**
          **Criminal Jury Instructions.**

**CONCUR_____OBJECT____X_____**

**ROGGIO'S PROPOSED JURY INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESS - COOPERATING WITNESS**

You have heard that several of the government's witnesses participated in the crimes charged.

Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has not been charged with a criminal offense in exchange for his/her testimony, but you should consider the testimony of these individuals with great care and caution.  In evaluating their testimony, you should consider this factor along with the others I have called to your attention.  Whether or not their testimony may have been influenced by the Government's decision not to charge them with a criminal offense is for you to determine.  You may give their testimony such weight as you think it deserves.

**4.19 Credibility of Witness - Cooperating Witness; Third Circuit Model (Criminal) Jury Instruction**.

**CONCUR**＿＿＿＿＿＿＿＿**OBJECT**＿＿＿**X**＿＿＿＿

**ROGGIO'S PROPOSED JURY INSTRUCTION NO.  10**

**CREDIBILITY OF WITNESS - TESTIMONY OF ADDICT OR
SUBSTANCE ABUSER**

Evidence was introduced during the trial that a government witness was addicted to drugs/alcohol when the events took place.  There is nothing improper about calling such a witness to testify about events within his or her personal knowledge.

On the other hand, such witnesses testimony must be considered with care and caution.  The testimony of a witness who is addicted to drugs or has been abusing alcohol may be less believable because the effect the drugs and alcohol may have on his/her ability to perceive, remember, or relate the events in question.

After considering his/her testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

**4.21 Credibility of Witness - Testimony of Addict or Substance Abuser;
Third Circuit Model (Criminal) Jury Instruction**.

**CONCUR**_____**OBJECT**_____X_____

**ROGGIO'S PROPOSED JURY INSTRUCTION NO.   11**

**FALSE IN ONE, FALSE IN ALL**


If you believe that a witness knowingly testified falsely concerning any

important matter, you may distrust the witness' testimony concerning other

matters.  You may reject all of the testimony or you may accept such parts of the

testimony that you believe are true and give it such weight as you think it

deserves.

> **4.26 False in One, False in All (Falsus in Uno, Falsus in Omnibus);**
> **Third Circuit Model (Criminal) Jury Instruction**.


**CONCUR_____OBJECT_____X_____**

## ROGGIO'S PROPOSED JURY INSTRUCTION NO.  12

## DEFENDANT'S PRIOR BAD ACTS OR CRIMES (F.R.E 404(b))

You have heard testimony that the defendant  _____.

This evidence of other acts was admitted only for a limited purpose.  You may consider this evidence only for the purpose of deciding whether the defendant _____.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purposes offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I describe to you,

The defendant, Roggio, is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for the offenses contained

in the Indictment, not for these other acts.  Do not return a guilty verdict unless the

government proves the crimes charged in the Indictment beyond a reasonable

doubt.

**4.29 Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)), Third Circuit Model (Criminal) Jury Instructions**.

**CONCUR_____OBJECT_____X_____**

## ROGGIO'S PROPOSED JURY INSTRUCTION NO.  13

## IMPEACHMENT OF DEFENDANT - PRIOR BAD ACTS (F.R.E. 608(b))


You heard evidence that the Defendant, Roggio, on a previous occasion

_____. You may consider that evidence only to help you

decide whether to believe Roggio's testimony and how much weight to give it.

That evidence does not mean that Roggio committed the crimes charged here, and

you must not use that evidence as any proof of the crimes charged in this case.

**4.35 Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b)), Third Circuit Model (Criminal) Jury Instructions**.


**CONCUR_____OBJECT_____X_____**

**ROGGIO PROPOSED JURY INSTRUCTION NO. 14**

**DURESS**

Roggio has raised as a defense that he committed the offenses charged in Counts One and Two of the Superseding Indictment because he was acting under duress.  If you find that the government proved beyond a reasonable doubt that Roggio committed the offenses charged, then you must consider whether Roggio committed the offenses under duress.  If you find that the government proved Roggio committed the offenses charged and you also find that Roggio proved that he was acting under duress, then you must find Roggio not guilty of the charges.

To find that Roggio is not guilty of the offenses charged in Counts One and Two because of duress, you must find that Roggio proved by a preponderance of the evidence each of the following four elements:

First, that Roggio was under an immediate, unlawful threat of death or serious bodily injury to himself or to others;

Second, that Roggio had a well-grounded belief that the threat would be carried out if he did not commit the offenses

Third, that Roggio's criminal action was directly caused by the need to

avoid the threatened harm and that Roggio had no reasonable, lawful opportunity to avoid the threatened harm without committing the offenses; that is that Roggio had no reasonable lawful opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and

Fourth, that Roggio had not recklessly placed himself in a situation in which he would be forced to engage in criminal conduct.

Roggio has the burden of proving that the defense of duress by a preponderance of the evidence.  Preponderance of the evidence is a lower standard than proof beyond a reasonable doubt.  To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. If you put the credible evidence that is favorable on opposite sides of a scale, the scale would have to tip somewhat on Roggio's side in order for you to find that Roggio is not guilty because of duress.  However, if the scale tips in favor of the government, or if the credible evidence appears to be equally balanced, or if you cannot say on which side the credible evidence is heavier, then you must decide that Roggio has not proved the defense of duress by a preponderance of the evidence.  In making this determination, you should consider all of the evidence presented during the trial, regardless of who offered it.  You should evaluate the evidence and its credibility according to the instructions I gave you earlier.

You should also remember that the fact that Roggio raised this defense does

not relieve the government of the burden or proving all the elements of the offense

charged beyond a reasonable doubt.

### 8.03 Duress - Third Circuit Model (Criminal) Instruction

**CONCUR_____OBJECT_____X_____**

**ROGGIO PROPOSED JURY INSTRUCTION NO. 15**

**GOOD FAITH DEFENSE**

The offenses of violations of Arms Export Control Act, International emergency powers act**,** and smuggling charged in the Superseding Indictment requires proof that Roggio acted willfully.  If you find that Roggio acted in "Good Faith", that would be a complete defense to the those charges, because good faith on the part of Roggio would be inconsistent with his acting willfully.

A person acts in "good faith" when he has an honest held belief, opinion, or understanding that his work on the arms project were not unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect.  Thus, in this case if Roggio made an honest mistake or had an honest misunderstanding about government approval of the arms project then he did not act willfully.

Roggio does not have the burden of proving "good faith".  Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that Roggio acted willfully.  As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element.  In deciding whether the government proved that Roggio acted willfully, or instead, whether Roggio acted in good faith, you should consider all of the evidence presented in the case that may bear on Roggio's state of mind.  If

you find from the evidence that Roggio acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that Roggio acted willfully, you must find Roggio not guilty of the offense of violations of Arms Export Control Act, International emergency powers act, and smuggling.

**5.07   Good Faith Defense - Third Circuit Model (Criminal) Instruction**

**CONCUR_____OBJECT_____X_____**

**ROGGIO'S  PROPOSED JURY INSTRUCTION NO. 15**

**ENTRAPMENT BY ESTOPPEL**

Roggio has raised a defense asserting that he relied on erroneous advice from a government official that certain conduct was legal.  This defense is know as entrapment by estoppel.

To prevail on his entrapment by estoppel defense, the defendant must prove the following elements by preponderance of the evidence.  Defendant must show that each of the following is more likely true than not true:

One, the erroneous advice in question was provided by an official of the United States;

Two, the government official affirmatively told the defendant that the illegal conduct was legal or permissible; and

Three, the defendant reasonably relied on the erroneous advice.

In determining whether the defendant's reliance was reasonable, you may consider factors such as: (1) whether the duties and responsibilities of the official of the United States include giving advice on the subject area in question; (2) whether the official of the United States regularly gives advice. And (3) whether the defendant reasonably believed he had provided all of the facts necessary for

the official of the United States to give advice.

If the defendant proves that each of the elements listed above is more likely true than not true, then you must find the defendant not guilty.

**9.01A  - Entrapment by Estoppel  - Eighth Circuit Model (Criminal) Jury Instruction**

**CONCUR_____OBJECT_____X_____**

**ROGGIO PROPOSED JURY INSTRUCTION NO. 16**

**RELIANCE ON PUBLIC AUTHORITY**

The Defendant, Roggio contends that he acted in reliance on public authority.  A defendant who commits an offense in reliance on public authority does not act knowingly and willingly and should be found not guilty.

To be found not guilty based on reliance on public authority, the defendant must prove that each of the following three things are more likely true than not true:

1.  An official of the United States government requested the defendant to engage in the conduct charged against the defendant in Counts 3 through 8; and

2.  This official had the actual authority to grant authorization for the defendant to engage in this conduct; and

3.  In engaging in this conduct, the defendant reasonably relied on the officials authorization.  In deciding this, you should consider all of the relevant circumstances, including the identity of the government official, what that official said to the defendant, and how closely the defendant followed any instructions the official gave.

**6.06  - Reliance on Public Authority - Pattern Criminal Federal Jury Instructions Seventh Circuit (Criminal)**

**CONCUR_____OBJECT\_\_\_\_X_____**

## <u>CERTIFICATE OF SERVICE</u>

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Roggio's Requested Jury Instructions,** to the following

> Todd K. Hinkley, Esquire
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid at Scranton, Pennsylvania, address to the following:

> Ross Roggio

Date: April 26, 2023                    s/Gino Bartolai
                                        **Gino Bartolai, Esquire**