# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |
| Defendant | : | |

## ROGGIO'S PROPOSED VOIR DIRE

AND NOW comes the Defendant, Ross Roggio, by his attorney, Gino Bartolai, Esquire, and respectfully requests the Court to ask the following questions during voir dire of prospective jurors in this case.

Respectfully submitted,

Date: April 26, 2023

s/Gino Bartolai
**Gino Bartolai, Esquire**
**Attorney ID# PA 56642**

238 William Street
Pittston, Pennsylvania 18640
(570) 654-3572
E-mail: Bartolai@ptd.net
Attorney for Ross Roggio

## **VOIR DIRE**

1. The Defendant, Ross Roggio, has been charged with several crimes including Torture, Smuggling Firearms Tools and Parts to Iraq, Wire Fraud, and Money Laundering.

2. In our system of justice, a citizen is presumed innocent unless and until the government has proven his guilt by competent evidence and beyond a reasonable doubt.  In a criminal trial, the burden of producing evidence and proving guilt is always on the government, it never shifts to the Defendant.  In a criminal trial the Defendant has no burden to testify or offer any evidence and you the jury may not consider his failure to testify or offer evidence in any way.

3. Having said this, is there anyone here who believes that because the United States of America has brought these charges against Ross Roggio that he must be guilty?

4. Knowing now that the case involves an allegation of torture and the manufacturing of firearms, is there anyone here who, because of the nature of the case, or charges, would not be able to apply the presumption of innocence to Ross Roggio, and hold the government to its burden of proof beyond a reasonable doubt?

5. Knowing now that the burden of producing evidence and proving guilt is always on the government and that it never shifts to the Defendant, is there anyone here who feels that they would not be able to apply that standard in this case?

6. Knowing now that the Defendant, Ross Roggio, has no burden to testify or offer any evidence and you as a juror, and as a jury, may not consider his failure to testify or offer evidence in any way, is there anyone here who feels that they would not be able to apply that standard in this case?

7. In any criminal case, it is for the jury to decide the facts and to resolve issues of credibility.  Having said this, I will tell you that this case may involve the testimony of law enforcement officers who may offer testimony based upon their personal knowledge, and in some circumstances, may state their opinions on certain matters.  Is there anyone here who feels that because a witness is a law enforcement officer that they should be given more credibility than a lay witness? In that same vein, is there anyone here who would believe the testimony of a law enforcement officer simply because of the fact that he is a law enforcement officer?  Similarly, is there anyone here who would afford the opinion of a law enforcement officer more weight than that of a lay witness, or who would tend to credit the opinion of the law enforcement officer as proof of a fact merely because the opinion was from a law enforcement officer?

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Roggio's Proposed Voir Dire** to the following:

    Todd K. Hinkley, Esquire
    Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

    Ross Roggio

Date: April 26, 2023                          s/Gino Bartolai
                                                   **Gino Bartolai, Esquire**