IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-18-0097 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| ROSS ROGGIO | : | (Electronically filed) |
| Defendant | : | |

## ROGGIO'S TRIAL BRIEF

### Procedural History

On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

On March 23, 2018, Roggio appeared before Magistrate Judge Karoline Mehalchick for an initial appearance and arraignment and entered a plea of not

guilty to the charges.

On February 15, 2022, Roggio was charged in a Superseding Indictment with two additional charges; Conspiracy to Commit Torture in violation of Title 18, U.S.C. Sections 2340 and 2340A ( c), and Torture in violation of Title 18, U.S.C. Sections 2340, 2340(A)(a) and 2.

On February 17, 2022, Roggio was arraigned before Magistrate Judge Joseph F. Saporito on the Superseding Indictment and entered a plea of not guilty.

Trial in this matter is scheduled for May 8, 2023.

## Statement of Facts

On February 26, 2017, Roggio's electronic devices were seized at JFK International Airport.  Thereafter forensic examinations were performed on the electronic devices and evidence in the form of emails, video, and photographs were retrieved and are expected to be offered as evidence at Roggio's trial.

On or about December 5, 2015, a surreptitious audio recording was created by a government witness which will be offered as evidence at Roggio's trial.

## Argument

1. **The case agents overview testimony should limited**.

Roggio anticipates that the Government will attempt to use one, or several, of its case agents to provide overview testimony.

The use of overview testimony has long been recognized as problematic. United States v. Moore, 651 F.3d 30 (D.C. Cir. 2011)  For instance, some of the testimony relied on during the initial overview may never materialize at trial, impermissible vouching can be a problem with overview testimony, and if overview testimony relates to testimonial statements of witnesses who fail to testify the confrontation clause can be violated.  United States v. Lacerda, 958 F.3d 196 (3rd Cir. 2020).  For these reasons the Third Circuit joined other circuits in holding that overview testimony that opines on ultimate issues of guilt, makes assertions of fact outside of the case agents personal knowledge, or delves into aspects of the investigation in which he did not participate is inadmissible.  Id. at 208.

Roggio submits that the case agents should not be able to state a lay opinion which interprets the conversations set forth in the seized emails or surreptitious recordings.  Generally, within the bounds of Lacerda, with the proper foundation,

a case agent my offer lay opinion testimony about matters within his personal knowledge.  Id.  See, United States v. Jackson, 849 F.3d 540 (3rd Cir. 2017)   But where, as in this case, the interpretation of clear conversations is not helpful to the jury such lay opinions are inadmissible.  Id. at 553-554   A case agent's testimony may not simply dress up argument as evidence, "testimony may be so characterized when a witness infers the defendant's roles not from any direct knowledge but from the same circumstantial evidence that was before the jury." Id.

    However, should the Court permit law enforcement to state an opinion on any matter Roggio requests the Court to give a cautionary instruction pursuant to 2.09  Opinion Evidence (expert witness); Model Criminal Jury Instructions - Third Circuit.

## Conclusion

Based upon the foregoing, the Defendant, Ross Roggio, respectfully submits that this Honorable Court should find according to the arguments submitted herein in the forthcoming jury trial.

                                        Respectfully submitted,

Date: April 26, 2023                  s/Gino Bartolai, Esquire
                                        **Gino Bartolai, Esquire**
                                          **Attorney ID# PA 56642**

                                          238 William Street
                                          Pittston, Pennsylvania 18640
                                          (570) 654-3572
                                          E-mail: Bartolai@ptd.net
                                          Attorney for Ross Roggio

# CERTIFICATE OF SERVICE

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Roggio's Trail Brief** to the following;

       Todd K. Hinkley, Esquire
       Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

       Ross Roggio

Date: April 26, 2023                                            s/ Gino Bartolai, Esquire
                                                                                              **Gino Bartolai, Esquire**