THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : 3:18-cr-0097 |
| v. | : (Judge Mariani) |
| | : |
| ROSS ROGGIO and | : |
| ROGGIO CONSULTING COMPANY, | : |
| LLC, | : |
| | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Here the Court considers the Government's pending motions in limine: 1) Government's Motion in Limine to Preclude the Defendant from Asserting a Duress Defense (Doc. 228); 2) Government's Motion in Limine to Preclude the Defendant from Introducing His Own Self-serving Hearsay Statements (Doc. 230); 3) Government's in Limine Motion to Preclude the Defendant from Asserting a Public-Authority Defense, Pursuant to Federal Rule of Criminal Procedure 12.3 (Doc. 232); 4) Government's in Limine Motion to Introduce the Testimony of Roggio's Ex-spouse (Doc. 234); 5) Government's in Limine Motion to Preclude Evidence or Argument About Export Control Reform; and 6) Government's in Limine Motion to Admit Lay Witness Opinion Testimony Pursuant to Federal Rule of Evidence 701.

Trial in this matter is set to commence on May 8, 2023, on the thirty-nine counts identified in the Superseding Indictment (Doc. 122) filed on February 15, 2022: Count One –

Conspiracy to Commit Torture; Count Two – Torture; Count Three – Conspiracy to Commit an Offense Against the United States; Count Four – Arms Export Control Act; Count Five – International Emergency Economic Powers Act; Count Six – Export Control Act; Counts Seven and Eight – Smuggling Goods from the United States; Counts Nine through Eleven – Wire Fraud; and Counts Twelve through Thirty-Nine – Money Laundering.

## II. Standard of Review

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is

best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. Analysis

### A. Duress Defense

With its first motion in limine, the Government seeks to preclude Defendant from asserting a duress defense. (Doc. 228.) The Government contends that disposition of this issue is appropriate because Defendant has failed to proffer evidence to support the elements of the defense. (*Id.*) In his opposition brief, Defendant states that "he has now proffered sufficient evidence, at this stage of the proceedings, to allow the duress defense to move forward."[1] (Doc. 252 at 4.) The Government did not file a reply brief and the time for doing so has passed.

[1] The brief in which Defendant objects to the Government's in Limine Motion to Preclude Defendant from Asserting a Duress Defense (Doc. 228) is titled "Roggio's Brief in Opposition to Government's in Limine Motion to Preclude Public Authority Defense" (Doc. 252). However, the docket entry identifies the

Duress is an affirmative defense. *United States v. Alston*, 526 F.3d 91, 95 (3d Cir. 2008)). The defendant bears the burden of proving the defense of duress by a preponderance of the evidence. *Dixon v. United States*, 548 U.S. 1, 17 (2006). In the criminal law context, duress contains four elements: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, (3) no reasonable opportunity to escape the threatened harm, and (4) that the defendant did not recklessly place himself in a situation in which he would be forced to engage in criminal conduct. *United States v. Miller*, 59 F.3d 417, 422 (3d Cir. 1995) (citing *United States v. Santos*, 932 F.2d 244, 249 (3d Cir. 1991); *United States v. Paolello*, 951 F.2d 537, 541 3d Cir. 1991)).

In his opposition brief, Defendant states that

> [i]n on or about October - November, 2015, one of Roggio's employees, an Estonian, was abducted by associates of the Zarya or Faruk organization who threatened to kill the employee on fear that he had disclosed, or would disclose, the existence and location of the arms project. Roggio was present when the employee was subjected to physical abuse, and for fear that the employee, or himself and the other Estonian employees, would be killed or seriously injured, Roggio himself participated in the employees [sic] interrogation. Roggio denies torturing or participating in the alleged torture of the employee. Roggio's presence and his actions taken were done under duress. As a result of Roggio's intervention the employee was released and allowed to leave the country and return to Estonia.

(Doc. 252 at 1-2.)

---

document to be Defendant's brief in opposition to the Government's in Limine Motion to Preclude Defendant from Asserting a Duress Defense (Doc. 228).

The Court concludes that the Government has not shown that Defendant is prohibited as a matter of law from presenting the duress defense at trial. Importantly, this finding does not mean that Defendant will be permitted to present the defense. Rather, Defendant will be permitted to proffer and/or present evidence in support of the required elements of the duress defense. However, "it is essential that the testimony given or proffered meet a minimum standard as to each element of the defense" to show that he is entitled to an instruction on the defense. *United States v. Bailey*, 444 U.S. 394, 415 (1980). As noted in the Third Circuit Court of Appeals Model Criminal Jury Instruction 8.01 regarding "Theory of Defense," "[i]n no case may a defense instruction be given to the jury unless the defense is properly raised and the law and evidence support allowing the jury to consider it."

For the foregoing reasons, the Court will deny the Government's Motion in Limine to Preclude the Defendant from Asserting a Duress Defense (Doc. 228) without prejudice to being raised by specific objection at trial. On objection by the Government, the Court will receive evidence outside the presence of the jury to resolve the merits of the objection under applicable law.

**B. Hearsay Statements**

With its second motion in limine, the Government seeks to preclude Defendant "from introducing his own self-serving hearsay statements." (Doc. 230 at 1.) The Government states that it may introduce statements and admissions Defendant made pre-arrest and

post-arrest as evidence of charged crimes. (*Id.* ¶ 1.) Asserting that "[i]t is improper for a defendant to introduce his own out-of-court statements in any manner," the Government asks the Court to prohibit Defendant from introducing three statements it anticipates he may attempt to introduce on cross-examination or otherwise. (*Id.* ¶¶ 2-3.) The Government specifically identifies the following statements that Defendant may seek to introduce: 1) statement(s) Defendant made during a telephone call when his then-wife handed the phone to FBI Special Agent Thomas O'Donnell; 2) statement(s) Defendant made when interviewed during a secondary inspection upon entering the United States; and 3) statement(s) made during the execution of a search warrant at his residence. (Doc. 230 ¶ 2.)

First, the Court notes that the Government's assertion in its motion and supporting brief that "[i]t is improper for a defendant to introduce his own out-of-court statement in any manner" (Doc. 230 ¶ 3; Doc. 231 at 15) is an incorrect statement of the law in that a defendant's out-of-court statement may be admissible in certain circumstances. For example, a defendant's out-of-court statement may be admissible as an exclusion from hearsay under Federal Rule of Evidence 801(d)(1) or pursuant to a hearsay exception under Federal Rule of Evidence 803.

The Government presents a narrower assertion in its supporting brief, stating that Defendant "should not be permitted to introduce his own inadmissible hearsay statements in his case-in-chief, or 'back-door' these statements by eliciting them from the government's witnesses on cross-examination." (Doc. 231 at 16 (citing *United States v. Mitchell*, 502 F.3d

931, 964-65 (9th Cir. 2007)).) The Government also recognizes that, pursuant to Federal Rule of Evidence 106, Defendant may seek admission of portions of statements that the Government has not introduced. (*Id.* at 19.) Finally, the Government notes that "unless defendant can establish some hearsay exception for any of his own statements that he wishes to introduce, they are inadmissible, regardless of Rule 106." (*Id.* at 20 (citing *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996)).)

As the Government recognizes, there are numerous scenarios in which Defendant may seek to introduce prior statements. Rather than speculate pretrial the context in which Defendant may seek to admit prior statements, the Court concludes that the admissibility of the statements at issue is best determined at the time of trial when the basis for admission can be ascertained. Therefore, the Court will deny the Government's motion without prejudice to being raised by specific objection at trial.

**C. Public Authority Defense**

With its third motion in limine, the Government seeks to preclude Defendant from raising a public authority defense because he did not provide the written notice required by Federal Rule of Criminal Procedure 12.3 and, even if he met the procedural requirements, he would be unable to satisfy the substantive requirements of the public authority defense. (Doc. 232 ¶¶ 4, 5.) After the motion and supporting brief (Docs. 232, 233) were filed on April 10, 2023, Defendant filed the "Notice of Public Authority Defense Federal Rule of Criminal Procedure 12.3." (Doc. 247 (sealed).) Defendant also filed a brief in opposition to

the Government's motion in which he requests that the Court not preclude his presentation of the public authority defense or limit testimony on evidence that bears on his state of mind or other potential defense. (Doc. 256.)

A public authority defense has a procedural component and a substantive component. *United States v. Pitt*, 193 F.3d 751, 757 (3d Cir. 1999) *abrogated on other grounds by Honeycutt v. United States*, 581 U.S. 443 (2017). The procedural component requires compliance with Federal Rule of Criminal Procedure 12.3, *id.*, which provides in pertinent part as follows:

> **(a) Notice of the Defense and Disclosure of Witnesses.**
>
> **(1) Notice in General.** If a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets. The notice filed with the clerk must be under seal if the notice identifies a federal intelligence agency as the source of public authority.
>
> **(2) Contents of Notice.** The notice must contain the following information:
>
> **(A)** the law enforcement agency or federal intelligence agency involved;
>
> **(B)** the agency member on whose behalf the defendant claims to have acted; and
>
> **(C)** the time during which the defendant claims to have acted with public authority.
>
> **(3) Response to the Notice.** An attorney for the government must serve a written response on the defendant or the defendant's attorney within 14 days after receiving the defendant's notice, but no later than 21 days

before trial. The response must admit or deny that the defendant exercised the public authority identified in the defendant's notice.

**(4) Disclosing Witnesses.**

**(A) Government's Request.** An attorney for the government may request in writing that the defendant disclose the name, address, and telephone number of each witness the defendant intends to rely on to establish a public-authority defense. An attorney for the government may serve the request when the government serves its response to the defendant's notice under Rule 12.3(a)(3), or later, but must serve the request no later than 21 days before trial.

**(B) Defendant's Response.** Within 14 days after receiving the government's request, the defendant must serve on an attorney for the government a written statement of the name, address, and telephone number of each witness.

**(C) Government's Reply.** Within 14 days after receiving the defendant's statement, an attorney for the government must serve on the defendant or the defendant's attorney a written statement of the name of each witness--and the address and telephone number of each witness other than a victim--that the government intends to rely on to oppose the defendant's public-authority defense.

**(D) Victim's Address and Telephone Number.** If the government intends to rely on a victim's testimony to oppose the defendant's public-authority defense and the defendant establishes a need for the victim's address and telephone number, the court may:

**(i)** order the government to provide the information in writing to the defendant or the defendant's attorney; or

**(ii)** fashion a reasonable procedure that allows for preparing the defense and also protects the victim's interests.

**(5) Additional Time.** The court may, for good cause, allow a party additional time to comply with this rule.

. . . .

> **(c) Failure to Comply.** If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the public-authority defense. This rule does not limit the defendant's right to testify.

Fed. R. Crim. P. 12.3.

Substantively, the Third Circuit Court of Appeals has limited the use of the defense of public authority "to those situations where the government agent in fact had the authority to empower the defendant to perform the acts in question." *Pitt*, 193 F.3d at 758 (citing *United States v. Baptista-Rodriguez*, 17 F.3d 1354 (11th Cir. 1994)). *Pitt* noted that "[a]s a corollary, *Baptista-Rodriguez* holds that where the government agent had no such power, the defendant may not rest on the 'public authority' defense." *Id.*

In his opposition brief, Defendant asserts that he has now complied with the procedural component although he concedes that his notice is late. (Doc. 256 at 4 ("As the government points out, notices are tethered to the deadline for the filing of pretrial motions and that deadline passed on March 29, 2019.").) Defendant also points to the Court's ability to extend the deadline for good cause pursuant to Federal Rule of Criminal Procedure 12.3.(a)(5) and provides reasons for the Court to find good cause here, including that current counsel was first appointed to represent Defendant after the pretrial motion deadline had passed and was not reappointed until December 22, 2022. (Doc. 256 at 4-5.) Defendant further states that the lack of continuity has affected counsel's efforts to probe assertions regarding the defense, including the involvement of former Consul Ken Gross,

and concludes that "Roggio's public authority claim has not yet been perfected and Roggio's Notice of the defense in that regard was given through an abundance of caution." (*Id.* at 5.)

Alternatively, Defendant contends that, regardless of the applicability of the public authority defense, he should not be precluded from soliciting Ken Gross's testimony concerning approval of Defendant's work on the arms project because such evidence is relevant to his specific intent and could form the basis of an entrapment by estoppel defense. (Doc. 256 at 6.)

In its reply brief, the Government does not respond to Defendant's alternative argument and discounts his procedural argument. (Doc. 262.) Specifically, the Government maintains that Defendant could have raised the defense at any point prior to 21 days before trial and his notice is insufficient to be able to prepare a rebuttal to any potential testimony from Ken Gross. (*Id.* at 3.) The Government also argues that the Court need not reach the substantive component of the defense but it denies Defendant exercised the public authority he alleges. (*Id.* at 3-4.)

Given the extenuating circumstances regarding compliance with the procedural component of the public authority defense and the ongoing investigation of the substantive component of the defense, the Court concludes that the motion is appropriately denied without prejudice to being raised at trial. As with the assertion of a duress defense, *see supra* p. 5, on objection by the Government, the Court will receive evidence outside the presence of the jury to resolve the merits of the objection under applicable law. The Court

notes that, at the very outset, to be entitled to proceed with a public authority defense, Defendant must produce evidence that the person identified as having had the authority to empower Defendant to perform the acts in question did in fact have the authority to do so. *See Pitt*, 193 F.3d at 758. Without such a showing, the public authority defense will not be unavailable.

**D. Testimony of Defendant's Ex-spouse**

The Court addressed the Government's fourth motion in limine--Government's In Limine Motion to Introduce the Testimony of Roggio's Ex-spouse (Doc. 234)--in conjunction with Defendant's motion seeking to exclude her testimony (Doc. 223). (*See* Doc. 278 at 6-13.) For the reasons set forth in the Court's previously filed Memorandum Opinion (*id.*), the Court determined that the Government's motion was properly denied without prejudice to being raised by specific objection at trial and was so denied by the accompanying Order (Doc. 279).

**E. Export Control Reform**

The Government's fifth motion in limine seeks to preclude evidence or argument about export control reform. (Doc. 236.) Specifically the Government asserts that four years after Defendant's allegedly illegal exports, the M4 Bolt Gas Rings MIL and M4 Firing Pin Retainers he was accused of illegally exporting were removed from the United States Munitions List and added to the Commerce Control List, an action that did not have the effect of removing controls on these items with the need for authorization to export the items

to Iraq in place before and after the change. (Doc. 237 at 15-16.) Defendant responds that he will not argue that he should not be found guilty because of export control reform but, he should not be precluded from introducing evidence of changes to the export control regulations "because the export control offenses each have an element of willfulness or knowing and willingness, the existence of the lack of clarity in the regulations is relevant to the mens rea of the offense." (Doc. 253 at 3 (citing *United States v. Ware*, 858 F. App'x 499, 510 (3d Cir. 2021); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368 n. 8 (11th Cir. 1994)).)

In its supporting brief, the Government sets out the Department of Commerce's articulated reason for the change in classification. (Doc. 237 at 16 (citing 85 Fed. Reg. 4136.) Most notably, the Government reiterates the State Department's explanation the purposes of the changes:

> the purposes of the changes included "to resolve jurisdictional confusion between the ITAR and EAR among the regulated community through revision to 'bright line' positive lists" and "to provide clarity to the regulated community thereby making it easier for exporters to comply with the regulations and enable them to compete more successfully in the global marketplace."

(Doc. 237 at 17 (quoting 85 Fed. Reg. 3819).)

Given the stated reasons for the changes and Defendant's unrefuted assertion[2] that they are relevant to the required state of mind for the charged weapons offenses, the Court

---

[2] The Government did not file a reply brief and the time for doing so has passed.

concludes that the Government's motion is appropriately denied without prejudice to specific objection being raised at trial.

**F. Lay Witness Opinion Testimony**

With its sixth motion in limine, the Government seeks a ruling that three lay witnesses may offer opinions: two witnesses from banks where Defendant did business and one witness who was involved with a company that sold weapons components to Defendant. (Doc. 238.) The Court's Order of January 3, 2023, informed the parties that "[n]o party, without leach of Court for good cause shown, shall file more than five (5) motions in limine." (Doc. 208 ¶ 4(a).) Because the Government did not seek leave of Court to file its sixth motion, the Court will deny the motion without prejudice and will not make a pretrial determination on the admissibility of the proposed lay witness opinion testimony.

## IV. CONCLUSION

For the set forth above, Government's in Limine Motion to Preclude the Defendant from Asserting a Duress Defense (Doc. 228); 2) Government's in Limine Motion to Preclude the Defendant from Introducing His Own Self-serving Hearsay Statements (Doc. 230); 3) Government's in Limine Motion to Preclude the Defendant from Asserting a Public-Authority Defense, Pursuant to Federal Rule of Criminal Procedure 12.3 (Doc. 232); 4) Government's in Limine Motion to Preclude Evidence or Argument About Export Control Reform; and 5) Government's in Limine Motion to Admit Lay Witness Opinion Testimony Pursuant to

Federal Rule of Evidence 701 will be denied without prejudice.[3] A separate Order will be entered.

Robert D. Mariani
United States District Judge

[3] The Government's in Limine Motion to Introduce the Testimony of Roggio's Ex-spouse (Doc 234) was denied without prejudice pursuant a previous Court Order (Doc. 279).