**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **3:CR-18-0097** |
| | **:** | |
| **v.** | **:** | **(Judge Mariani)** |
| | **:** | |
| **ROSS ROGGIO** | **:** | **(Electronically filed)** |

**ROGGIO'S BRIEF IN SUPPORT OF**
**MOTION IN LIMINE SEEKING ADMISSION**
**OF EVIDENCE - TESTIMONY OF AMANDA MECOMBER**

**Procedural History**

On March 20, 2018, Roggio was charged in an Indictment with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371; violations of the Arms Export Control Act, Title 22, United States Code, Sections 2778(b) and ( c); and the International Emergency Powers Act, Title 50, United States Code, Sections 1702 and 1705( c); smuggling goods from the United States, in violation of Title 18 United States Code Sections 554 and 2; wire fraud, in violation of Title 18, United States Code Section 1342; and money laundering, in violation of Title 18 United States Code, Sections 1956(a)(2)(A) and 2.

On March 23, 2018, Roggio appeared before Magistrate Judge Karoline Mehalchick for an initial appearance and arraignment and entered a plea of not guilty to the charges.

On February 15, 2022, Roggio was charged in a Superseding Indictment with two additional charges; Conspiracy to Commit Torture in violation of Title 18, U.S.C. Sections 2340 and 2340A ( c), and Torture in violation of Title 18, U.S.C. Sections 2340, 2340(A)(a) and 2.

On February 17, 2022, Roggio was arraigned before Magistrate Judge Joseph F. Saporito on the Superseding Indictment and entered a plea of not guilty.

On April 10, 2023, the Government filed a Motion in Limine, with supporting brief, seeking to preclude the defense from asserting a duress defense. (Docs. 228 - 229).  On May 3, 2023, the Court denied the Government's motion without prejudice.  (Doc. 280).

Trial in this matter is presently scheduled for May 8, 2023.

On May 3, 2023, Roggio appeared before the Court for a Pre-Trial Conference at which time he was granted leave to file an additional motion in limine seeking a pre-determination of the admissibility of the testimony of Amanda Mecomber.

On May 4, 2023, Roggio filed a Motion in Limine Seeking Admission of Evidence - Testimony of Amanda Mecomber, (along with Exhibit A filed under

seal).  This brief is submitted in support of that motion.

## Statement of Facts

On April 26, 2023, the Government produced a three page document dated April 24, 2023, authored by FBI Special Agent O'Donnell, which purports to document the timeline of events associated with actions taken by US Consulate General Officers to include the Assistant Legal Attache (ALAT) Baghdad at Erbil, Iraq during the captivity of Ross William Roggio.  (The document has been marked as Exhibit A and has been filed under seal in support of Roggio's motion).

According to the FBI document, on December 17, 2016, the U.S. Consulate General in Erbil was notified by the ex-wife of Roggio, Amanda Mecomber, that Roggio was being held against his will in Sulamaniyah Iraq by Lahore Talibani. Mecomber again contacted the U.S. Consulate in Erbil on February 14, 2017, and advised that Roggio was still being held against his will by Lahore Talibani and that he had until February 18, 2017, to return $4,000,000 to Lahore or he would be killed.

According to the FBI document, on February 18, 2017, the FBI received photographs and videos that Mecomber had received from Roggio wherein Roggio stated that he was being held by Lahore Talibani, that he had been working on an

unnamed project for Lahore and that auditors had accused Roggio of defrauding

Lahore of four  million dollars and that the claims were false.

  According to the FBI document, on February 20, 2017, FBI Charlotte

forwarded images from Mecomber's phone wherein a "Kadir" was demanding

money for Roggio's release.

## Question Presented

1. **Whether the Court should admit the testimony of Amanda
   Mecomber?**

## Argument

1. <u>**The Court should admit the testimony of Amanda Mecomber.**</u>

  "The purpose of a motion *in limine* is to allow the trial court to rule in

advance of trial on the admissibility and relevance of certain forecasted evidence."

<u>United States v. Tartaglione</u>, 228 F.Supp.3d 402. 406 (E.D. Pa. 2017) Evidence

should only be excluded, pursuant to a motion *in limine*, "when the evidence is

clearly inadmissible on all potential grounds.  *Id.*  Evidentiary rulings on motions

*in limine* are reviewed for an abuse of discretion.  <u>Abrams v. Lightolier, Inc</u>., 50

F.3d 1204, 1213, (3rd Cir. 1995); <u>Bernardsville Bd. of Educ. v. J.H</u>., 42 F.3d 149,

161 (3d Cir. 1994).  "The Court is vested with broad inherent authority to manage

its cases, which carries with it the discretion and authority to rule on motions *in*

*limine* prior to trial".  <u>Ridolfi v. State Farm Mutual Auto. Ins. Co</u>., 2017 WL

3198006, 2 (M.D. Pa. July 27, 2017).  Further, "courts may exercise this discretion

in order to ensure that juries are not exposed to unfairly prejudicial, confusing or

irrelevant evidence." *Id*.

    "A trial court considering a motion *in limine* may reserve judgment until

trial in order to place the motion in the appropriate factual context." <u>Tartaglione</u>,

228 F. Supp.3d at 406.  "Further, a trial court's ruling on a motion *in limine* is

subject to change when the case unfolds, particularly if actual testimony differs

from what was contained in the movant's proffer." *Id*.  (quoting <u>Luce v. United</u>

<u>States</u>, 469 U.S. 38, 41, 105 S.Ct. 460 (1984).

    The Third Count of the Superseding Indictment charges a conspiracy to

willfully export defense articles and services "***beginning on or before January***

***2013, and continuing through on or about February 2017."***  (Doc. 122, pg. 18).

    Roggio intends to pursue a duress defense to several of the charges

contained in the Superseding Indictment including the conspiracy charge that

forms the basis of count three.  The Duress Defense is an affirmative defense

which must be proved by the Defendant by a preponderance of the evidence.

United States v. Grover, 831 Fed. Appx. 604 (3rd Cir. 2020), United States v.

Alston, 526 F.3d 91, 95 (3rd Cir. 2008).  Roggio submits that the testimony of

Amanda Mecomber, ***along with other evidence presented in the case***, will be

relevant to Roggio's claim of Duress.

Accordingly, the Defendant, Ross Roggio, respectfully requests that this

Honorable Court should allow the testimony of Amanda Mecomber at Roggio's

trial.

## Conclusion

Based upon the foregoing arguments, the Defendant, Ross Roggio,

respectfully submits that this Honorable Court should admit the testimony of

Amanda Mecomber.

Respectfully submitted,

Date: May 4, 2023                    s/Gino Bartolai, Esquire
                                     **Gino Bartolai, Esquire**
                                     **Attorney ID# PA 56642**

                                     238 William Street
                                     Pittston, Pennsylvania 18640
                                     (570) 654-3572
                                     E-mail: Bartolai@ptd.net
                                     Attorney for Ross Roggio

## <u>CERTIFICATE OF SERVICE</u>

I, Gino Bartolai, Esquire, do hereby certify that I electronically served, via e-mail, a copy of the foregoing **Motion in Limine,** to the following

Todd K. Hinkley, Esquire
Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

Ross Roggio

Date: May 4, 2023                     s/Gino Bartolai
**Gino Bartolai, Esquire**