UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No.  3:18-CR-0097 |
| v. | : | |
| | : | (Judge Mariani) |
| ROSS ROGGIO,  and | : | |
| ROGGIO CONSULTING Co, LLC | : | |
| Defendants. | : | (electronically filed) |

## PROTECTIVE ORDER

Before the Court is the parties' Joint Motion for Entry of a Stipulated Protective Order restricting the disclosure and dissemination of the documents and electronic records produced by the United States to the defendant as part of the government's discovery obligations in this case. These documents, electronic records, and other information, shall be subject to the following Order:

1. The government may designate certain discovery materials that relate to national security interests as sensitive ("Sensitive Discovery Materials").  The Sensitive Discovery Materials shall be identified as such when disclosed to the defendant.

2. The government shall disclose Sensitive Discovery Materials to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure and relevant case law.

3. The disclosure of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

4. Access to Sensitive Discovery Materials shall be restricted to persons authorized by this Order, namely, the defendant, the defendant's attorney of record in this case, and any employees of the attorney of record who are performing work on behalf of the defendant.

5. The following restrictions are placed on the defendant, defendant's attorney, and the above-designated individuals, unless and until further ordered by the Court. The defendant, defendant's attorney, and the above-designated individuals shall not:

    a. make copies of Sensitive Discovery Materials for, or allow copies of any kind to be made by, any other person;

    b.    take photos of the Sensitive Discovery Materials, manually copy information contained thereon, or otherwise reproduce any information contained in the documents;

    c.    allow any other person to read Sensitive Discovery Materials; and

    d.    use the Sensitive Discovery Materials, or information contained therein, for any purpose other than preparing to defend against the criminal charges in this matter.

6. In addition, the defendant is prohibited from reviewing any Sensitive Discovery Materials outside of his counsel's presence.

7. Prior to the disclosure of any Sensitive Discovery Materials to a person not identified in Paragraph 4 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

8. Defendant's attorney shall inform any person to whom disclosure may be made pursuant to this Order of the existence and

terms of this Order. The defense counsel shall maintain a list of persons to whom materials are disclosed.

9. Nothing in this Order shall restrict use by the defendant's counsel of Sensitive Discovery Materials, or information contained therein during the defendant's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that:

    a. Defense counsel will notify the government prior to trial or the filing of any pleadings of any Sensitive Discovery Materials that it wishes to introduce at trial or include in such pleading so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary.

    b. Any documents, papers, or pleadings filed with the Court that: (a) quote directly from Sensitive Discovery Materials; (b) summarize or refer to the contents of Sensitive Discovery Materials; or (c) attach copies of Sensitive Discovery Materials, shall be filed under seal, unless the parties agree to the public filing of such information, or such information

has already been publicly disclosed, or the Court rules that it may be filed on the public docket.

10. Any classified information will be governed by the applicable laws and rules applying to the disclosure and handling of classified information, the Classified Information Procedures Act, 18 U.S.C. App. 3, and any Order of this Court.

11. Upon conclusion of the above-captioned case, all discovery materials, including, but not limited to Sensitive Discovery Materials, and all copies and derivative materials therefore, shall either be destroyed or returned to the United States, to the extent that this order is not inconsistent with defense counsel's ethical obligations. If counsel chooses to destroy the materials, counsel shall provide written confirmation that the materials have been destroyed.

12. If any party believes an exception should be made to this Protective Order, the parties will confer and then seek guidance from the Court as necessary. The parties will advise the Court by letter of any agreed-upon exceptions made to the Protective Order.

13. Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

IT IS SO ORDERED.

_____
The Honorable Robert D. Mariani
United States District Judge

Date: _____
Scranton, Pennsylvania