UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

                             :     No.   3:18-CR-0097

       v.                     :

                             :     (Judge Mariani)

ROSS ROGGIO                 :

         Defendant.         :     (electronically filed)

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO ADMIT TESTIMONY OF AMANDA MECOMBER

The government opposes Defendant Ross Roggio's motion *in limine* to admit the testimony of Amanda Mecomber. (Docs. 283-284.) The motion should be denied because the proffered testimony would be hearsay and is irrelevant.

Roggio's motion stems from an FBI document, which the government recently produced in discovery, that reports that Mecomber, Roggio's first ex-wife, contacted the U.S. Consulate General in Erbil in December 2016 to report that Roggio was being held against his will in Sulaymaniyah. (Doc. 283 at 2-3.) Both Erbil and Sulaymaniyah are in the Kurdistan region of Iraq. Roggio states that Mecomber could authenticate photographs and videos that Roggio allegedly sent to her in February 2017, which Mecomber then forwarded to the FBI. (*Id.* at 3.)

Roggio argues that Mecomber's testimony would be relevant to Roggio's affirmative defense that he was under duress. (Doc. 284 at 5-6.)

First, the proffered testimony is an attempt through the back door to introduce Roggio's own statements without testifying. Videos in which Roggio spoke are clearly hearsay. *See* Doc. 231 at 16-17. As to photographs, which are arguably not statements, there is no way that a witness in Michigan could authenticate photographs taken by the defendant when he was in Iraq. Accordingly, Roggio should not be permitted to introduce his own inadmissible hearsay statements in his case-in-chief, or "back door" these statements by eliciting them from his ex-wife by introducing photographs or video he produced, or eliciting testimony concerning his alleged detention in Iraq. Mecomber has no independent knowledge of the facts and circumstances of the allegations and would offer testimony based entirely on Roggio's communications to her about the incident.

Second, Mecomber's testimony would be irrelevant. Roggio previously stated that he intended to assert the defense of duress to the torture charges (Doc. 252 at 2) and to assert the public authority defense

to the weapons export charges (Doc. 256 at 2). The torture charges are contained in Counts 1-2 of the Superseding Indictment; the weapons export and related charges are contained in Counts 3-39. (Doc. 122.) Roggio now asserts that he also plans to assert the duress defense to Count 3, which charges Roggio with conspiring to construct and operate a weapons factory in Iraq and to export weapons parts to Iraq without the required approval of the U.S. State Department. (Doc. 284 at 5.)

The circumstances of Roggio's exit from Iraq from December 2016 to February 2017 are clearly irrelevant to whether he tortured an employee and conspired to commit torture in October and November of 2015.

That Roggio was supposedly under duress when he tried to leave Iraq is also irrelevant to whether he conspired to illegally set up a weapons factory and illegally export weapons parts before he left Iraq. Roggio points out that the time period of the conspiracy charged in Count 3 is January 2013 through February 2017. (Doc. 122 at 18; Doc. 284 at 5.) The fact that the end date of the conspiracy is when Roggio left Iraq does not mean that anything and everything that allegedly happened

during that 4-year time period is relevant. The arms export violations primarily occurred in the spring of 2016. (*See* Doc. 122 at Count 3 at ¶ 42(c) and (d) and Counts 4, 5, 7, and 8.) Even if Roggio was under duress when he was attempting to leave the Kurdistan region of Iraq in December 2016, that does not establish that he was under duress when he chose to illegally export weapons parts in the spring of 2016, or trained foreign persons in the manufacture of weapons in the same time frame. Duress is not retroactive.

For these reasons, the government respectfully requests that Roggio's motion be denied.

Dated: May 5, 2023                     Respectfully submitted,

                                        GERARD M. KARAM
                                        UNITED STATES ATTORNEY

                                        */s/ Todd K. Hinkley*
                                        Todd K. Hinkley
                                        Assistant U.S. Attorney
                                        Atty ID No. PA 68881
                                        235 N. Washington Ave.
                                        Scranton, PA 18503

                                        KENNETH A. POLITE, JR.
                                        Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export
Control Section

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 5, 2023, he served a copy of the above document via ECF on Gino Bartolai, Esq., counsel for defendants.

s/ Todd K. Hinkley
TODD K. HINKLEY
Assistant U.S. Attorney
