UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:18-CR-0097 |
| v. | : | |
| | : | (Mariani, J.) |
| ROSS ROGGIO,<br>Defendant | : | |

**GOVERNMENT'S REVISED REQUESTED JURY INSTRUCTION**

The United States respectfully requests that the following instructions be included by the Court in its charge to the jury, in addition to the Court's standard instructions, and requests leave to offer additional instructions as may become appropriate during the course of the trial.

Dated: May 18, 2023

Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant U.S. Attorney
Atty ID No. PA 68881
235 N. Washington Ave.
Scranton, PA 18503

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division
U.S. Department of Justice
Counterintelligence and Export Control Section

# GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTION NO. 20

## Torture – Elements of the Offense (18 U.S.C. § 2340A(a))

Title 18, United States Code, Section 2340A, makes it a Federal crime or offense for a national of the United States or anyone now present in the United States, irrespective of nationality, to commit torture while outside of the United States.

Torture means an act committed by a person, acting under the color of law, specifically intended to inflict severe physical pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control. Lawful sanctions include judicially imposed sanctions and other enforcement actions authorized by law, including the death penalty, but do not include sanctions that defeat the object and the purpose of the law prohibiting torture.

Ross Roggio can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant committed an act with the specific intent

to inflict severe physical pain or suffering;

Second: That the defendant was acting under the color of law;

Third: That the act of torture was against another person who was within the defendant's custody or physical control; and

Fourth: That the act of torture occurred outside the United States.

"Specific intent to inflict severe physical pain or suffering" means to act with the intent to commit the act as well as the intent to achieve the consequences of the act, namely the infliction of the severe physical pain or suffering. An act that results in the unanticipated or unintended severity of pain and suffering is not torture.

"Severe physical pain" means bodily pain that is extreme in intensity and difficult to endure.

"Severe physical suffering" means physical distress that is extreme considering its intensity and duration or persistence and that is difficult to endure.

The term "torture" is usually reserved for extreme, deliberate, and unusually cruel practices rather than lesser forms of cruel, inhuman, or degrading treatment or punishment. The severity of the intended pain

and suffering is the distinguishing characteristic of torture under 18 U.S.C. § 2340A.

To act "under color of law" means to act beyond the bounds of lawful authority, but in such a manner that the unlawful acts were done while the official was purporting or pretending to act in the performance of official duties. In other words, the unlawful acts must consist of an abuse or misuse of power which is possessed by the official only because that person is an official.

Ross Roggio may be found guilty of the charges contained in the Superseding Indictment, however, even though the defendant was not an official, an employee, or a member of a governmental unit or the military, if you find beyond a reasonable doubt that the essential facts constituting the offense charged have been established, as defined in these instructions, and that Ross Roggio was a willful participant together with the governmental unit, the military, or its agents in the doing of such acts.

"Outside the United States" means outside of a state in the United States, the District of Columbia, and the commonwealths, territories, and

possessions of the United States. A U.S. military base located overseas is not a territory or possession of the United States.

**AUTHORITY:** Title 18, United States Code, Section 2340A; Adapted from the charge of the Hon. Cecilia M. Altonaga, *United States v. Roy M. Belfast, Jr.*, S.D.F.L., 1:06-CR-20758 (CMA) (Docket Entry 580); regarding a U.S. military base not being “a territory or possession of the United States,” *see United States. Pettaway v. Miami Air Int'l, Inc.*, 2022 WL 4076577, *4 (M.D. Fla. Aug. 31, 2022), *citing Friedrich v. Friedrich*, 983 F.2d 1396, 1401 (6th Cir. 1993) (“As a threshold matter, a United States military base is not sovereign territory of the United States”).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 18, 2023, he served a copy of the attached:

**GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTION**

via ECF on Gino Bartolai, Esq., counsel for defendants.

s/ Todd K. Hinkley
TODD K. HINKLEY
Assistant U.S. Attorney