UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No.   3:18-CR-0097 |
| v. | : | |
| | : | (Judge Mariani) |
| ROSS ROGGIO,  and | : | |
| ROGGIO CONSULTING Co, LLC | : | |
| Defendants. | : | (electronically filed) |

## GOVERNMENT'S SECOND REVISED REQUESTED JURY INSTRUCTIONS

The United States respectfully requests that the following instructions be included by the Court in its charge to the jury, in addition to the Court's standard instructions, and requests leave to offer additional instructions as may become appropriate during the course of the trial.

Dated: May 18, 2023

Respectfully submitted,

GERARD M. KARAM
UNITED STATES ATTORNEY

*/s/ Todd K. Hinkley*
Todd K. Hinkley
Assistant U.S. Attorney

1

Atty ID No. PA 68881
235 N. Washington Ave.
Scranton, PA 18503

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/Patrick Jasperse*
Patrick Jasperse
Trial Attorney
Criminal Division
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

MATTHEW G. OLSEN.
Assistant Attorney General

*/s/Scott A. Claffee*
Scott A. Claffee
Trial Attorney

2

## GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTION NO.

### 21

### Arms Export Control Act (AECA) – Defense Articles (22 U.S.C. § 2778(b) and (c))

Count 4 of the superseding indictment charges the defendants Ross Roggio and Roggio Consulting Company, LLC with violating the Arms Export Control Act by willfully exporting M4 Bolt Gas Rings and Firing Pin Retainers from the United States to Iraq without first having obtained a license from the United States Department of State.

The Arms Export Control Act and International Traffic in Arms Regulations make it a crime for anyone to willfully export, attempt to export, conspire to export, retransfer, furnish, or cause to be exported from the United States any defense article that is covered by the United States Munitions List (USML) unless a license has first been obtained from the Directorate of Defense Trade Controls (DDTC) of the United States Department of State.

For the defendant to be found guilty of the crime charged in Count 4, the government must prove beyond a reasonable doubt each of the

following four elements:

First, the defendant exported, attempted to export, conspired to export, retransferred, furnished, or caused to be exported the item from the United States to Iraq;

Second, the item the defendant exported, conspired to export, retransferred, furnished, or caused to be exported was a defense article controlled for export on the United States Munitions List;

Third, the defendant did not obtain from the DDTC the necessary license before exporting, conspiring to export, retransferring, furnishing, or causing to be exported the item; and

Fourth, the defendant acted willfully.

The first element the government must prove is that the defendant exported, attempted to export, conspired to export, retransferred, furnished, or caused to be exported the product at issue to Iraq. "Export" means the shipment or transmission of items out of the United States.

The second element the government must prove is that the item the defendant exported, attempted to export, conspired to export, retransferred, furnished, or caused to be exported was a defense article

controlled for export by the USML at the time of the export. The term "defense article" means any item that is listed on the USML.

The third element the government must prove is that the defendant did not obtain a license from the DDTC before exporting, conspiring to export, retransferring, furnishing, or causing to be exported the item. Unless specifically exempted, persons engaged in the export of defense articles covered by the USML must be registered with the DDTC and must apply for and receive a valid license or other approval to export a defense article from the United States.

The fourth element the government must prove is that the defendant acted willfully. In a few moments, I will instruct you on the meaning and definition of the term "willfully." As relevant to Count 4, the government is not required to prove that the defendant knew the existence or details of the Arms Export Control Act or the International Traffic in Arms Regulations.

**AUTHORITY:** Title 22, United States Code, Section 2778(b)(2); Title 15, Code of Federal Regulations, Sections 120.31, 120.50, 121.1 and 127.1; *United States v. Tsai*, 954 F.2d 155, 162 (3d Cir. 1992); Adapted from the

charge of the Hon. Roslynn Mauskopf, *United States v. Henry*, E.D.N.Y, 13-CR-91.

GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTION NO. 24

## Smuggling Goods – Elements of the Offense (18 U.S.C. § 554)

Counts 7 and 8 of the superseding indictment charge the defendants Ross Roggio and Roggio Consulting Company, LLC with smuggling goods from the United States, which is a violation of federal law.

It is a federal crime to fraudulently or knowingly export, send, or attempt to export or send from the United States any merchandise, article, or object contrary to any law or regulation of the United States. Count 7 charges the defendants Ross Roggio and Roggio Consulting Company, LLC with exporting rifling combo buttons, knowing that the export was contrary to the International Emergency Economic Powers Act. Count 8 charges the defendants Ross Roggio and Roggio Consulting Company, LLC with exporting M4 Bolt Gas Rings and Firing Pin Retainers, knowing that the exports were contrary to the Arms Export Control Act and the International Traffic in Arms Regulations.

In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a

reasonable doubt:

First, the defendant knowingly or fraudulently exported or sent, or attempted to export or send the merchandise, article, or object specified in the superseding indictment: rifling combo buttons (Count 7); or M4 Bolt Gas Rings and Firing Pin Retainers (Count 8);

Second, the exportation or sending, or attempted exportation or sending of the merchandise, article or object was contrary to the International Economic Powers Act (Count 7); or the Arms Export Control Act and the International Traffic in Arms Regulations (Count 8).

Third, the defendant knew that the exportation or sending, or attempted exportation or sending of the merchandise, article, or object was contrary to law or regulation.

I have already instructed you as to the meaning of export. To do something fraudulently means to do so with an intent to deceive. In a few moments, I will instruct you as to the meaning of knowingly.

The government does not need to prove the elements of a violation of the International Economic Powers Act or the Arms Export Control Act for the defendant to be found guilty of smuggling.

**<u>AUTHORITY:</u>** Title 18, United States Code, Section 554; *United States v. Rivero*, 889 F.3d 618, 623 (9th Cir. 2018); *United States v. Bernardino*, 444 Fed. Appx. 73, 74 (5th Cir. 2011); Adapted from the charge of the Hon. Patricia A. Seitz, *United States v. Sotis, et al.*, S.D. Fla., 19-20693-CR-SEITZ.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on May 18, 2023, he served a copy of the attached **GOVERNMENT'S SECOND REVISED REQUESTED JURY INSTRUCTIONS** by electronic means to:

Gino Bartolai
bartolai@ptd.net

*/s/ Scott A. Claffee*
Scott A. Claffee
Trial Attorney
National Security Division